# DECISION AND ORDER

To commence the statutory period of appeals as of right CPLR (5515 [a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, ROCKLAND COUNTY

Present:  Hon. Andrew P. O'Rourke
          Supreme Court Justice

------------------------------------------------------------X

ANNE BRYANT,

                Plaintiff,

-against-

BROADCAST MUSIC, INC., (a/k/a "BMI") CLIFFORD A. "FORD" KINDER, KINDER & CO., LTD., VADIVOX, LTD., JULES M. "JOE" BACAL, GRIFFIN BACAL, INC., STARWILD MUSIC BMI, WILDSTAR MUSIC ASCAP, SUNBOW PRODUCTIONS, INC., and JOHN AND JANE DOES 1-10,

                Defendants.

INDEX NO.: 5192/2000
ACTION #1

------------------------------------------------------------X

ANNE BRYANT,

                Plaintiff,

-against-

SUNBOW PRODUCTIONS, INC.,

                Defendant.

INDEX NO.: 2821/2002
ACTION #2

------------------------------------------------------------X

1

The following documents numbered 1 to    were read on these motions:

| Document | Pages |
|---|---|
| Defendant Sunbow's motion to dismiss with exhibits | 1-10 |
| Plaintiff's cross motion for judgment | 11-14 |
| Defendant Sunbow's affirmation by Phares with exhibits | 15-18 |
| Defendant BMI's motion to dismiss | 19-25 |
| Plaintiff's affirmation by Monaghan in opposition | 26-31 |
| Plaintiff's sur-reply to motion | 32-44 |
| Plaintiff's affirmation by Koric in opposition and support | 45-57 |
| Defendant's affirmation by Alison Smith in opposition | 58-63 |
| Defendant's affirmation of Knapp in opposition to sur-reply | 64-67 |
| Plaintiff's notice of motion to allow more testimony with exhibits | 68-88 |
| Plaintiff's briefs and memoranda | |
| Defendant's briefs and memoranda | |
| Trial testimony: July 6, 7, 8, 9 and 21, 2004 and December1, 4, 5, 6 and 11, 2006 | |

This long and complicated case concerns the attempts by Plaintiff to reconcile her belief that she has not been sufficiently recompensed for her obvious talent, artistry and musical abilities. Defendant Sunbow's position is that they have always paid her that which she bargained for as a "work-for-hire" musician. Defendant BMI denies that they have caused registrations or re-registration of Plaintiff's musical works.

The history of these involved actions span a multiplicity of motions, appeals, testimony and exhibits. All of this has been set forth in the many Court decisions and in the trial record and

2

will not be reiterated here except as necessary.

The Plaintiff's amended complaint against Sunbow Productions Inc. (Sunbow) states two causes of action: the first is for unjust enrichment and the second is for constructive trust. Plaintiff claims that Broadcast Music Inc. (BMI) forwarded her share of royalties to improper parties including Sunbow as well as the other Defendants in action number 1.

During the last phase of this non-jury trial (December 6- 11, 2006) the court had limited Plaintiff to proof that there were oral as well as written contracts between the parties. In the very beginning of these cases Plaintiff claimed that there were no written contracts between Plaintiff and Defendant Sunbow. When Sunbow produced signed copies of such contracts and the testimony of Sunbow's then lawyer, was that Sunbow only did business on the basis of signed contracts, the Court found that there were signed contracts.

The Plaintiff claimed that certain of her signatures were forgeries. A framed issue hearing was held thereon. Defendant Sunbow produced an expert witness and Plaintiff produced no witnesses on this issue. The Court decided that the signatures were genuine and that the Plaintiff could proceed to introduce such evidence, as she had, that there were oral agreements as well as written ones between the parties.

While on the stand under cross-examination (Dec. 5, 2006) Plaintiff admitted that there were no oral agreements, except as to discussion of terms and conditions all of which became part of the later written agreements.

At this point, Sunbow moved to dismiss the case based on the admissions of Plaintiff although the Plaintiff had not formally rested. Thus arises this motion to dismiss. Plaintiff moves for an order conforming the pleadings to the proof and for an action for an accounting

3

based on contract law, which was not included in the aforementioned amended complaint..

Sunbow claims that Plaintiff's claim for unjust enrichment and constructive trust are no longer in the case since the Court ruled on December 4, 2006 that Plaintiff's position vis-a-vis oral agreements, a necessary element, were no longer in the case. Sunbow states that Plaintiff is not entitled to a contractual accounting. This cause of action having been abandoned by Plaintiff as she pursued causes of action for an equitable accounting. Defendant Sunbow states that Plaintiff has failed to establish the necessary elements for an equitable accounting since the basis was contractual and there was inter alia no mutual and confidential nature existing between BMI, Sunbow and Plaintiff. Moreover, Plaintiff admitted on the stand that Sunbow had never received performance royalties for Plaintiff's work (trial transcript p. 32, July 9, 2004). Sunbow objects to Plaintiff's motion under CPLR 3025 (c) to amend the pleadings to the proof, claiming that the issue in this case had been limited by Court decisions and testimony to the last remaining issue of oral agreements, which Plaintiff agreed under oath were not there. Moreover, Sunbow states that Plaintiff already has a contractual legal remedy under the Sunbow Contracts (trial ex. M, Section 6 (b) ) which provided Plaintiff with the right to inspect Sunbow's books and records dealing with Plaintiff and her predecessor entity of Kinder & Bryant. This paragraph includes a provision limiting Plaintiff to protest in writing and within one year from date of Sunbow's report.

BMI also moves to dismiss Plaintiff case, stating that Plaintiff's remedy with respect to BMI was to commence an arbitration proceeding which Plaintiff has failed to do. Plaintiff has received royalty statements from BMI and during the discovery phase of this case has again received copies thereof.

4

Plaintiff's agreement with BMI sets up a conflict resolution procedure (trial ex. 1 Paragraph 18) allowing for arbitration. The Plaintiff has never exercised her right and has rather sought relief in this Court. Lastly, BMI states that Plaintiff has produced no evidence of "fraudulent re-registrations" of any of Plaintiff's works.

Plaintiff states in opposition that she is entitled to a judgment directing Sunbow to account to Plaintiff "for its admitted responsibility to pay her publishing royalties…" (Korik affirmation, 12/8/06, p. 2) although Plaintiff has settled her claims against both Defendants' Kinder and Bacal, Plaintiff claims that they had a fiduciary relationship with Sunbow and thus Plaintiff is entitled to an equitable accounting.

Sunbow's reply affirmation of December 8, 2006 attached 18 exhibits that advance its position that this Court has already ruled that "there were written and valid signed contracts between Plaintiff and Defendant Sunbow" (Decision of June 12, 2006). This Court's letter of August 10, 2006 stating "If Plaintiff intends to now say there were oral contracts, it is up to her to prove this especially in the face of the integration or merger clauses." Copies of the trial transcript for December 4, 2006 are attached to show that Plaintiff recanted that there were any oral agreements that were not finally merged into the written agreements. Sunbow through its attorneys forwarded a list of all moneys paid by Sunbow to Plaintiff (trial ex. 48).

Attached also to the Sunbow affirmation in Support inter alia is a letter from Attorney William Dobishinsky, claiming to represent his clients (Kinder and Bryant) seeking changes in the "JEM" and "My Little Pony" agreement. This letter is written to attorney Robert Harris, the then lawyer for Sunbow. An answer letter from Harris to Dobishinsky is also attached (trial exs. H and I). The purpose of this correspondence is that Sunbow would not give Plaintiff additional

5

money for audio recordings, videocassettes or masters produced by Plaintiff embodied in commercial distribution.

In reply BMI states that the Plaintiff's own expert (Berman) conceded that Plaintiff does not own or control the use of the musical compositions at issue in these cases. BMI was willing to arbitrate these issues but Plaintiff refused not withstanding the Order of this Court dated February 27, 2001. BMI contends that Plaintiff specifically instructed the Defendant Bacal not to Cooperate with BMI to re-order the Plaintiff's catalogues. BMI states it has not breached any duty toward Plaintiff, and points to BMI's agreement to pay Plaintiff royalties (trial ex. 1 at para. 7) to show that BMI has furnished statements to Plaintiff as to said royalties, which have not been challenged. Plaintiff states that the very fact of this suit is sufficient challenges.

Plaintiff filed a "sur-reply" which while not proper in the CPLR was accepted and read in this matter. The thrust of this sur-reply was that BMI had waived its right to an arbitration by appearing and participating in the trial of this matter. The court rejects this since it strongly suggested that BMI participate. Moreover Plaintiff states that her e-mail to Kinder not to cooperate with BMI to secure re-registration of Plaintiff's works was an attempt to redress her past wrongs and not to give anything further in the settlement. However she was defeating her own position in the settlement and allowing Kinder to continue receiving her purported royalties.

In the beginning of this case Plaintiff argued that her case was based upon unjust enrichment and a constructive trust based on unjust enrichment (trial transcript June 6, 2004, p. 10). Since that time Plaintiff has failed to prove any confidential or fiduciary relationship between either Sunbow or BMI.

This case has occupied so much time and motions because Plaintiff had advanced several

6

different theories relative to the Defendant's alleged liabilities.  In order to maintain the unjust enrichment theory, Plaintiff postulated that there were a series of oral contracts, which Defendants breached to Plaintiff's detriment.  When written contracts eventually appeared, Plaintiff claimed they were forgeries.  A subsequent framed issue hearing decided that these contracts held valid signatures and that this was the policy of Sunbow in working with artist-for-hire.  That limited the scope of Plaintiff's case to a single area, the possibility that there were, outside of the written agreements, some oral agreements.  The Plaintiff's testimony on the stand (above cited) admitted that there were no free standing oral agreements and that all oral negotiations were merged into written agreements.  At that time Sunbow moved under CPLR 4401 for a "directed verdict" based on Plaintiff's addition.  BMI joined in this motion.  The Court concluded this case, over Plaintiff's objections.  All parties were to submit papers on this motion.  Plaintiff thereafter moved for judgment against Defendants based on certain admission again under CPLR 4401.

Sunbow filed an opposition affirmation to Plaintiff's sur-reply, which consisted of various decision and orders of this Court, transcript testimony and some decisions deemed appropriate.

While this court was considering the aforesaid motion under CPLR 4401 and 3025, Plaintiff gained reluctant permission to file a motion to allow a continuation of testimony..  The central issue is the Plaintiff's claims that since the Court allowed additional testimony to be taken (i.e. depositions of Ford Kinder, Jules Bacal and Carole Weitzman) that the trial should continue to allow this additional evidence.  However, although the Court allowed this motion to help secure Plaintiff's record, this matter has been over taken by events, the above decision and so this

7

motion is dismissed.

Based on the exhibits, the many affirmations and affidavits and exhibits attached thereto and the testimony heretofore had, herein the Court finds as follows :

The Plaintiff is not entitled to any equitable accounting having failed to prove a prima facie case against either Defendant.

However Plaintiff is entitled to whatever rights still exist under her agreements with defendants.

This case is dismissed with costs and disbursements.

This constitutes the order of the Court.

_____
Hon. Andrew P. O'Rourke
Justice of the Supreme Court

Dated: March 9, 2007
Carmel, NY

Monaghan Monaghan Lamb and Marchisio LLP
Attorney for Plaintiff
28 West Grand Avenue
Montvale, NJ 07645

Patterson Belknap Weber and Tyler, Esq.
Attorney for Sunbow
1133 Avenue of the Americas
NY, NY 10036

Judith Saffer, Esq.
Attorney for Broadcast Music
320 West 57th Street
NY, NY 10019

8