UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Anne Bryant,

                Plaintiff,

  -against-

AB DROITS AUDIOVISUELS, AB PRODUCTIONS, APOLLO'S CHARIOT MUSIC, BANANA ALERT MUSIC, BEST ENTERTAINMENT LTD, BLOKKER BV, BRIDGE RIGHTS B.V., CARTOON NETWORK, CENCIENTA VIDEO, CHAD ENTERTAINMENT LLC., COLUMBIA TRISTAR HOME VIDEO INC., DREAMWORKS LLC a/k/a DREAMWORKS PICTURES, FILM FACTORY, FLEX MEDIA ENTERTAINMENT, HASBRO INC., HASBRO INTERNATIONAL, INC., INITIAL S.A., LOONLAND UK LTD., MADMAN ENTERTAINMENT INC., MAVERICK ENTERTAINMENT LIMITED, MEDIA SALES GROUP AND LICENSING B.V., MEGA ENTERTAINMENT, METRODOME GROUP PLC, PARAMOUNT PICTURES CORP., PEXLAND INTERNATIONAL (PICTURES) LTD, PROXIMA FLIMS, RHINO ENTERTAINMENT CO., RHINO HOME VIDEO CORE, ROUGE CITRON PRODUCTIONS S.A.R.L., SILVER MEDIA GROUPS S.A., SONY/ATV SONGS LLC [BMI], SONY/ATV TUNES LLC [ASCAP], SONY BMG MUSIC ENTERTAINMENT INC., SONY LEGACY, SONY PICTURES HOME ENTERTAINMENT INC., SONY WONDER, SUNBOW ENTERTAINMENT LLC., SUNBOW PRODUCTIONS INC., STARWILD MUSIC INC., TALENT PARTNERS INC., TRANS ENTERTEL TELECOMMUNICATIONS LTD, TV LOONLAND AG, TV LOONLAND HOME ENTERTAINMENT LTD, UNICORN TV DISTRIBUTORS LTD., UNION FILMS GROUP, VIDART LIMITADA, VOLCANO RECORDS, WARNER MUSIC GROUP, WARNER STRATEGIC MARKETING, WILDSTAR MUSIC, INC., JOHN AND JANE DOES 1-20, ABC CORPORATIONS 1-20,

                Defendants.

07-CV-6395
(SHS)(MHD)

**Report of Parties' Planning Meeting Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure**

---

        The parties to this action submit the following report:

1.     Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on October 30, 2007 at the

offices of Patterson Belknap Webb & Tyler LLP at 1133 Avenue of the Americas, New York, New York 10036, and was attended by Patrick J. Monaghan, Jr. for the plaintiff, Anne Bryant, and Gloria C. Phares and John C. Knapp for the defendants Sunbow Productions, Inc., Sony BMG Music Entertainment, Loonland UK Ltd., TV Loonland Home Entertainment Ltd., and Metrodome Group P.L.C. (collectively the "Defendants").

2.  **APPEARANCES**

| PLAINTIFF | COUNSEL |
|---|---|
| | Patrick J. Monaghan, Jr., Esq., of Monaghan, Monaghan, Lamb & Marchisio LLP |
| DEFENDANT | COUNSEL |
| Loonland UK, LTD | Gloria C. Phares, Esq. and John C. Knapp, Esq. of Patterson Belknap Webb & Tyler LLP |
| TV Loonland, LTD | Gloria C. Phares, Esq. and John C. Knapp, Esq. of Patterson Belknap Webb & Tyler LLP |
| Metrodome Group, PLC | Gloria C. Phares, Esq. and John C. Knapp, Esq. of Patterson Belknap Webb & Tyler LLP |

Plaintiff's Position:

Ms. Phares has indicated she will accept service for Sony BMG Music Entertainment and Sunbow Productions, Inc. by her letter to the Court dated October 15, 2007.

Defendants' Position:

On September 25, 2007 Defendants' counsel offered to accept service for Sony BMG Music Entertainment and Sunbow Productions, Inc. and on October 2, 2007 Plaintiff rejected that offer. By her October 15, 2007 letter to the Court, counsel for Sony BMG Music Entertainment and Sunbow Productions, Inc. noticed her appearance for those defendants.

| | |
|---|---|
| Sony BMG Music Entertainment | Gloria G. Phares, Esq. and John C. Knapp, Esq. of Patterson Belknap Webb & Tyler LLP |
| Sunbow Productions, Inc. | Gloria G. Phares, Esq. and John C. Knapp, Esq. of Patterson Belknap Webb & Tyler LLP |

3. **SERVICE ON OTHER PARTIES AND REQUEST FOR EXTENSION OF TIME TO ACCOMPLISH SERVICE**

Plaintiff's Position:

The Complaint was filed on July 13, 2007. Plaintiff's time to complete service expires on November 10, 2007, which is when the 120 day period under Rule 4 will expire. Pursuant to F.R.C.P. Rule 4d and in order to minimize expense and inconvenience, Plaintiff issued Summonses, Complaints, and Waivers to the foreign defendants and a number of domestic defendants. Thus far most of the Waivers and mailings have been returned unclaimed which now requires Plaintiffs to accomplish service by other means including use of the Hague Convention as to foreign defendants. Plaintiff takes the position that a number of Defendants consented to service by mail in the agreements between the relevant parties and that Plaintiff, as a third-party beneficiary of the principal contract, is entitled to utilize the same method of service. Plaintiff therefore is requesting an additional ninety days to serve the foreign Defendants and an additional 45 days within which to serve the remaining domestic Defendants.

From correspondence received from Ms. Phares, which was copied to certain other attorneys, it appears that at least Defendant Hasbro, Inc. is aware of the litigation. It is Plaintiff's position that Hasbro has been served by mail and by its contractual consent. However, we do not wish to engage in unnecessary motion practice over that issue if Hasbro counsel identified by Ms. Phares in her correspondence to the Court will simply accept service.

Plaintiff will send Mr. Ortner, Esq., who appears to be the lead attorney at the Proskauer Rose Firm, a Summons and Complaint and an Acknowledgement of Service.

Defendants' Position:

Plaintiff should be required to file proofs of service on all defendants no later than November 12, 2007, so that all parties know who is a party. Plaintiff has proffered no cause for her failure to effect service within the statutory 120 days that warrants an extension of that time.

4. JURISDICTIONAL ISSUES, PRE-DISCOVERY DISCLOSURES, RES JUDICATA AND COLLATERAL ESTOPPEL

Plaintiff's Position:

It is expected that a number of Defendants will raise objections to jurisdiction, both in personam and subject matter. Plaintiff's position as to anticipated res judicata and collateral estoppel motions to be made by the defendants [see Defendants' position below] who have appeared is that such motion is meritless on its face as the Supreme Court-Rockland County's Decision dealt only with a pleadings issue; dealt with an oral agreement, dealt only one of the defendants named in this case and was not on the merits and should have no effect on the prosecution of the case as to any of the parties who have in fact appeared or will appear and especially as to discovery from the moving defendants pertaining to jurisdiction and the propriety of entering defaults against parties claimed to have been served by virtue of consents to service in the underlying agreements..

Plaintiff's position as to pre-discovery disclosures is that Rule 26 and other discovery should proceed and discovery concluded by April 30, 2008.

Defendants' Position:

The Defendants object to any initial disclosures under Rule 26(a) at this time. The Defendants believe that this action is barred in its entirety against all defendants by the March 2007 final judgment on the merits entered against plaintiff after trial in the action plaintiff brought in 2002 in Rockland County Supreme Court ("State Court Action").

A motion to dismiss on grounds of res judicata and collateral estoppel ("Res Judicata Motion") should be heard before any disclosures, discovery or other motions.

Plaintiff's theory of this Court's personal jurisdiction, the propriety of her method of service, her time to bring this action, and ultimately the defendants' liability all rest on the terms of agreements between plaintiff's company and Sunbow Productions, Inc. ("Sunbow") that were the subject of the State Court Action and licenses among the other defendants (of which plaintiff claims to be an unnamed third-party beneficiary) that are derivative of the Sunbow agreements.

If the Court declines to entertain an immediate Res Judicata Motion and instead adopts plaintiff's proposed schedule, the Defendants and other defendants will move to dismiss on various grounds, including statute of limitations, personal jurisdiction, contractual bars to relief, and standing. If plaintiff makes early motions for default judgments as she has claimed she will, they will likely be opposed on identical grounds. These motions and oppositions will require a determination of the terms of the agreements at issue in the State Court Action as well as the many licensing agreements with third party licensees to which plaintiff was not a party.

In contrast to this inefficient manner of conducting the litigation, a Res Judicata Motion could be made and decided on the basis of the complaint and the Court's judicial notice of the pleadings, orders and decisions in plaintiff's State Court Action. If granted, it would make unnecessary all the above costly and time-consuming work of litigating the issues that plaintiff

would like to pursue first. Under this plan, the Defendants would request that the time for all defendants' to move to dismiss on all other grounds and for plaintiff to move for default judgments be adjourned until a reasonable time after the Res Judicata Motion is decided.

If the Court decides to set a discovery plan before permitting a Res Judicata Motion, Defendants urge the Court to bifurcate the case between liability and damages, permit discovery on liability only, and not permit discovery on damages until after Defendants are permitted to move for summary judgment on liability.

5. **DISCOVERY PLAN**

Plaintiff's Position:

Plaintiff will propose normal Rule 26(a) discovery and depositions, interrogatories, and document production to be issued and noticed not later than December 15, 2007 and accomplished not later than April 30, 2008.

Defendants' Position:

For the reasons stated in paragraph 4 above, the Defendants oppose any discovery before a Res Judicata Motion is made.

6. **OTHER ITEMS**

DEFAULTS, SERVICE ISSUES, AND MOTION BRIEFING

Plaintiff's Position:

Plaintiff will move to enter defaults not later than Thursday, November 15, 2007.

Plaintiff asks that the Court take note of the service issues listed in Section 3 herein.

Defendants' Position:

Plaintiff should be required to file proofs of service on all defendants no later than November 12, 2007, so that all parties know who is a party. Plaintiff has proffered no cause for her failure to effect service within the statutory 120 days that warrants an extension of that time.

The Defendants propose that they serve their motion to dismiss on grounds of Res Judicata and Collateral Estoppel within 40 days of the date on which plaintiff is required to file her proofs of service, that plaintiff serve any opposition to that motion within the following 30 days, and that the Defendants serve any reply within the following 10 days. With plaintiff filing her proofs of service by November 12, 2007, the motion would be due by December 21, 2007, any opposition by January 21, 2008 and any reply by February 4, 2008.

Defendants request that the time for all defendants to move to dismiss on all other grounds and for plaintiff to move for default judgments be adjourned until a reasonable time after the Res Judicata Motion is decided.

The Defendants request a conference with the Court before the entry of the scheduling order. All other dates and restrictions should be set after the outcome of the Res Judicata Motion.

Date: November 1, 2007

MONAGHAN, MONAGHAN, LAMB & MARCHISIO LLP

_____
Patrick J. Monaghan

28 West Grand Avenue
Montvale, New Jersey 07645
(201) 802-9060

Attorney for Plaintiff Anne Bryant

PATTERSON BELKNAP WEBB & TYLER LLP

_____
Gloria C. Phares
John C. Knapp

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Attorneys for Defendants Sony BMG Music Entertainment, Sunbow Productions, Inc., Loonland UK Ltd., TV Loonland Home Entertainment Ltd., and Metrodome Group P.L.C.