# EXHIBIT 89

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------X
ANNE BRYANT,

                                              Index No. 5192/00

                          Plaintiff,    **AFFIRMATION IN**
                                        **OPPOSITION TO SUNBOW'S**
                                        **MOTIONS FOR A DIRECTED**
   -against-                            **VERDICT  AND TO**
                                        **DISMISS THE**
                                        **AMENDEDCOMPLAINT AND**
BROADCAST MUSIC, INC.                   **IN SUPPORT OF**
(a/k/a "BMI"), FORD KINDER,             **PLAINTIFF'S MOTION FOR**
KINDER & CO., LTD., VADIVOX,            **JUDGMENT [CPLR 4401]**
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                          Defendants.
------------------------------------X
ANNE BRYANT,

                                              Index No. 2821/02

                Plaintiff,

        -against-

SUNBOW PRODUCTIONS, INC.,


Defendant.
------------------------------------X

     MICHAEL KORIK, ESQ., an attorney and member of the Bar

of New York affirms, under penalty of perjury in accordance

with the CPLR, the following:


          1.    I am an associate of  MONAGHAN, MONAGHAN,

LAMB & MARCHISIO LLP, attorneys for Plaintiff ANNE BRYANT

("Plaintiff") and submit this Affirmation and accompanying

                                                              1

Memorandum in opposition to Defendant Sunbow Productions, Inc.'s ("SUNBOW") latest meritless mid-trial motions for a directed verdict and to dismiss the Plaintiff's Amended Complaint

2. This Affirmation is also submitted in support of Plaintiff's Motion for Judgment [CPLR 4401] based on formal judicial admissions made by Sunbow in the course of the proceedings as read into the Record on December 6, 2006. Those admissions buttressed by the testimony of Plaintiff and her expert David Berman lead to only one conclusion: at this juncture Plaintiff is entitled to judgment directing that the defendant Sunbow account to her for its admitted responsibility to pay her publishing royalties for third party licenses including licenses of CD's; DVD's and VHS products. She is also entitled to make her case for damages for changes in her BMI catalog and after the accounting, the damages including interest and fees, for whatever the accounting reveals.

## ADMISSIONS

Sunbow has admitted its responsibility to account for and pay Plaintiff. As read into the Record on December 6, 2006:

25    Sunbow made the following statement, on Page 19. On appeal this was referenced

104

2

1     A802. Sunbow said, and I'm reading from Paragraph 4:

2     "Under the standard Sunbow work-for-hire agreements,

3     Plaintiff still has publishing rights. Plaintiff

4     appears to be confused about the publishing royalties

5     available to her under the Sunbow agreements. She

6     cites Sunbow as stating she has no rights to

7     mechanical or synchronization royalties."

8         Plaintiff's brief at 31-33, Bryant affidavit,

9     Blue paragraphs 15, 17, and 19. "Sunbow does not say

10     this. While this misunderstanding does not impact the

11     Court's analysis of the sufficiency of Plaintiff's

12     evidence for purposes of summary judgment, we think it

13     would be helpful to point out that Sunbow is not

14     interpreting Plaintiff's rights under the Sunbow

15     contracts as narrowly as she claims they are. Under

16     the Sunbow agreements, and the Kohn, K-O-H-N, Form

17     3.8, Phares Exhibit G to J", parens, "Sunbow is

18     obliged to pay Plaintiff a royalty of 50% of the net

19     profits from licenses to third parties of mechanical

20     or synchronization rights, assuming they are not

21     barred by the Statute of Limitations", parens, "see

22     Section 2C, Intro., CEG, Phares Exhibit H-k, Paragraph

23     6a-1."

24         And here's the rub. "But Sunbow does not

25     agree that the licenses made for the distribution of

                            105

1     the TV shows and videocassettes and DVDs is an

2         exercise of either one of those rights" [Transcript of proceedings 12-06-06] at 104-105] - see Exhibit "D".


        SUNBOW   has   also   previously   conceded   and   this

Court   noted,   that   "...[SUNBOW]   agrees   that   it   is   obliged   to

pay   Plaintiff   a   royalty   of   50%   of   the   net   profits   from

                                                            3

licenses to third parties of mechanical or synchronization rights..." (*See* SUNBOW Reply Memorandum and Decision and Order dated May 26, 2004 at page 22 referring to it.) These are binding and dispositive.

### WHERE ARE WE NOW?

3.    This Court has held that the written June 1, 1985 JEM Agreement (SUNBOW Trial Exhibit "M") governs all contractual relationships between the Plaintiff and SUNBOW.

4.    This Agreement [Deft's M in evidence], which Plaintiff did not have until 2004, more than a year after being demanded in the case, provides for an accounting and payment of royalties to Plaintiff [See paragraphs 6 a e.g.]. Plaintiff was undoubtedly without this Agreement because of wrongful actions by the defendants including Jules M. "Joe" Bacal, who undoubtedly withheld the JEM Agreement from Plaintiff. Both former Defendants Kinder and Bacal have settled the case with Plaintiff, however, those settlements only speak to the future as to BMI performance royalties leaving Plaintiff damaged for past wrongs [as for example the $238,000 due as of 2003].

4

## PLAINTIFF IS ENTITLED TO AN ACCOUNTING ON EITHER A CONTRACT OR EQUITABLE BASIS

5.      Having   lost   on   the   statute   of   frauds   and
statute   of   limitations   issues   [and   withholding   the   Jem
Agreement   until   mid-trial]   Sunbow,   while   begging   the   Court
for   years   to   apply   the   written   Jem   Agreement   to   all
relationships   with   Plaintiff   [the   "pot   calling   the   kettle
black"],   shifts   its   theory   of   defense   never   urged   in   its
Answer   and   now   raises   spurious   pleading   defenses   and   claims
surprise   and   demands   that   the   Plaintiff   first   chase   Sunbow
for   an   accounting   under   the   Agreement   and   only   then   sue.
Nonsense-in   the   first   place   as   Plaintiff's   expert   David
Berman   testified   and   the   Agreement   provides,   it   is   Sunbow's
responsibility   to   issue   an   accounting   –   without   which   no
audit   has   meaning.   This   is   a   condition   precedent   to   a
condition   precedent   [i.e.   the   accounting   must   first   be
issued   to   trigger   any   contractual   obligation   to   complain
about   it].

6.      Sunbow   had   the   Jem   Agreement   for   years   in
both   an   unsigned   and   signed   iteration   and   is   charged   with
its   terms.      Sunbow   never   issued   any   accountings   to
Plaintiff   and   even   its   latest   2006   lame   effort   was   not   an
accounting   to   Plaintiff   but   rather   Sony   ATV's   statement   not

to Plaintiff but to Loonland, AG Sunbow's parent — i.e. itself.

## PLAINTIFF CAN STILL ESTABLISH A FIDUCIARY RELATION WITH SUNBOW THROUGH BACAL

7.    Plaintiff's    contractual    right    to    an accounting is no longer an issue but even if Plaintiff were not so entitled, she still has a right to the very accounting she pled in her Amended Complaint.  The Court read the claims which discussed a demand for an accounting to the parties in open Court and reference is made to the Amended Complaint First Cause of Action at paragraphs 3-5 and Second Cause of Action [2-7].  As the accompanying Memorandum reflects, it is the *facts* which are pled which put the defendant on notice and the theory of relief may indeed change in the course of a case.

### BACAL WAS SUNBOW TO PLAINTIFF

8.    Sunbow was not some giant record company or mega corporation.  It acted through its agent and owner former defendant Bacal who personally profited and through the corporation was able to change BMI registrations in his favor and Sunbow's favor through cue sheets.[1]

9.    This Court held in its last decision before trial dated May 24, 2004 that if Plaintiff is able to

---

[1] Bacal's settlement with plaintiff does not in any way hamper plaintiff in imputing his actions to Sunbow.

6

establish that Joseph Bacal's ("BACAL") relationship with SUNBOW is such that he had exercised complete domination and control of SUNBOW that it may be said that the corporation was in reality a shell or dummy corporation for BACAL's own purposes, the Court can allow Plaintiff to pierce the corporate veil to equate BACAL's relationship with Plaintiff to SUNBOW's relationship with Plaintiff and to recover any financial benefit that has been wrongfully conferred upon SUNBOW. (*See* Decision and Order at page 17 dated May 24, 2004  annexed hereto as Exhibit "A.")

10.    This Court has also held that this same analysis is applicable to Starwild Music BMI ("STARWILD") and Wildstar Music ASCAP ("WILDSTAR") both defendants in this action. (*Id.*)

11.    While Plaintiff insists that the contract claims and right to an accounting have already been established, if necessary Plaintiff would still be able to prove through her own testimony and that of witnesses Bacal and Weitzman, that a fiduciary relation was indeed evident as Bacal and Sunbow controlled and owned the copyrights for the mutual benefit of both Sunbow and Plaintiff and as Weitzman, SUNBOW'S missing witness testified, themes such as the Transformer's theme were just handed over to SUNBOW by Bacal.  Weitzman's trial testimony by deposition binding

7

on Sunbow was that Weitzman knew that "a lot of the series themes were toy properties and they were commercial themes first which were **handed** over to me as a theme" (Weitzman, Dep 5/19/2003 Page 47 previously submitted to the Court). The theme that was used in a commercial was frequently used in an extended version for the T.V. show. Those themes "then became part of the cue sheet for the show" (Weitzman, Page 47). This is a violation of the clearance procedure at both BMI and ASCAP, which does not permit the use of cue sheets for the clearance of pre-existing music: music not written specifically for the television program.

   12.  SUNBOW's Weitzman testified that Bacal and Griffin, both called as witnesses controlled the cue sheets.

   13.  Weitzman said under oath that Griffin and Bacal were responsible for the percentage allocations (Weitzman, Pages 41 and 42); that she knew "a lot of the series' themes were toy properties and they were commercial themes first" (Weitzman, Page 47). She further says that she "had nothing to do with the cue sheets for the commercials, that's a separate area," (Weitzman, Page 48) "had nothing to do with the accuracy of these cue sheets" (Weitzman, Page 49) and the people who assigned the

8

percentages were "Tom or Joe," the owners of Griffin Bacal
Inc. and SUNBOW (See Weitzman, Page 49).

14.    In the aforementioned Decision and Order,
the Court concluded that a triable issue of fact remained
with respect to the nature of Plaintiff's relationship with
BACAL and specifically whether he owed a fiduciary duty
her. The same remains true as to SUNBOW.

### BERMAN TESTIMONY

15.    David Berman, former President of Capitol
Records/ Industries, and an unimpeached witness at the
trial of this action, testified that the Publisher controls
and exploits the compositions for the mutual benefit of the
Writer and the Publisher:

```
14   Q.      Same question:  What's music publishing to the

     15              uninitiated?

     16   A.       Music publishing involves the exploitation of

     17              copyrights into musical compositions.

     18   Q.       And for whose benefit is that done, that
                   exploitation

     19              you just mentioned?

     20   A.       Well, for the benefit of the publisher, the owner
                   of

     21              the copyright, and the writer of the composition,
                   or

     22        writers. [Berman Tr Trans. 12-06-06].
```

14   Q.     Okay.  So, the job of the administrator is to exploit

     15            the copyright and then collect the monies and pay
                   and

     16            also account for those monies; is that not right?

     17   A.     That's correct.[2]

15.  The  overwhelming  evidence  in  this  case  is
that SUNBOW did not do exactly what its own Jem Agreement
required:  account to and pay Plaintiff.   Therefore,  on the
basis  of  the  foregoing,  Plaintiff's  Motion  for  Partial
Summary Judgment should be granted

## THE SUNBOW MOTION TO DISMISS MUST BE DENIED

16.  As  further  explained  in  the  accompanying
Memorandum of Law, SUNBOW's motion is meritless and must be
denied for the following reasons:

     A.     SUNBOW   has   failed   to   demonstrate   why
            Plaintiff is not entitled to an accounting;
            and

     B.     The Amended Complaint need not be conformed
            to  the  evidence  as  claimed  by  the

---

[2] .As Berman testified, The Jem Agreement contains no waiver clause indicating that even if Plaintiff had
received a valid accounting but never complained about it, this would not operate to waive her right to
complain about other periods or accountings [See Jem Agreement ¶ 13 (b)].

Plaintiff's as it already requests an accounting; and

C.   The SUNBOW Agreement relied upon by this Court states a condition precedent upon SUNBOW to deliver statements upon Plaintiff twice per year BEFORE Plaintiff can object to those statements in writing; and

D.   SUNBOW violated the terms of the agreement by failing to provide royalty statements to Plaintiff, as required by the agreement in §6(a) of the subject JEM Agreement; and

E.   BACAL, as co-chairman of SUNBOW and his actions therein, as principal and/or agent of SUNBOW, established a relationship between SUNBOW and Plaintiff that would give rise to an accounting.

F.   SUNBOW cannot use the JEM Agreement as both a shield and a sword in support of its position.

11

17.   For the foregoing reasons, SUNBOW's motions must be denied and Plaintiff's motion granted.

New York, New York
December 8, 2006

MICHAEL KORIK

S:\MATTERS\3689\Motions\Motion For SJ-OppToDismiss\PJMAffirmation.doc

# EXHIBIT A

SENT BY: PBWT;                                    212 338 2371;      JUN-2 04 16:01;        PAGE 2
' 06/03/04  THU 14:45 FAX 212   4 2707              UNITED LAWYERS

# DECISION AND ORDER

To commence the statutory
period of appeals as of right
(CPLR S513[a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

**FILED BH**  9 —

MAY 2 8 2004

ROCKLAND COUNTY
CLERK'S OFFICE

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, ROCKLAND COUNTY

Present:    HON. ANDREW P. O'ROURKE
            Supreme Court Justice

-----------------------------------------------X
ANNE BRYANT,
                                    Plaintiff,        Motion Date: 5/7/04

        -against-.                                    Index No. 5192/00

BROADCAST MUSIC INC., (a/k/a "BMI"),
CLIFFORD A. "FORD" KINDER, KINDER &
CO., LTD., VADIVOX, LTD., JULES M.
"JOE" BACAL, GRIFFIN BACAL, INC.,
STARWILD MUSIC BMI, WILDSTAR MUSIC
ASCAP, SUNBOW PRODUCTIONS, INC. AND
JOHN AND JANE DOES 1 - 10,
                                    Defendants.
-----------------------------------------------X
ANNE BRYANT,
                                                      Index No. 2821/02
                                    Plaintiff,

        -against-

SUNBOW PRODUCTIONS, INC.,

                                    Defendant.
-----------------------------------------------X

        The following papers numbered 1 to 34 were read on this
motion by defendant Jules M. Bacal for an Order of dismissal pursuant
to CPLR 3211, subdivision (a), paragraphs 5 and 7, or for an Order
granting summary judgment, and on this motion by defendant Sunbow
Productions, Inc. for an Order of dismissal pursuant to CPLR 3211,

-1-

subdivision (a),   ,aragraph 5, and for summary ju_gment.

### Papers Numbered

Notice of Motion - Affidavit (Tannenbaum) - Exhs. (A-G) -
   Affidavit (Bacal) - Exhs. (1-5) - Affidavit (Griffen) -
   Exhs. (1-2) ............................................ 1 - 7
Notice of Motion - Affidavits (Blue, Rigby, Harris,
   Weitzman) - Affirmation (Phares) - Exhs. (A-Y, 1-48) ... 9 - 15
   Exhs. (1-2) - Affirmation (Kitson) - Exhs. (A-K) ....... 6 - 11
Answering Affidavit (Bryant) - Exhs. (A-C) - Affidavit
   (Bryant) - Exhs. (1-3) - Affidavit (Bryant) - Exhs. (1-3)
   - (Bryant) - Exhs. (1-2) - Affidavit (Bryant) - Affidavit
   (Bryant) .............................................. 12 - 26
Affirmation (Monaghan) - Exhs. (A-G) .................... 13 - 17
Answering/Replying Affirmation (Tannenbaum) - Exhs. (A-B). 19 - 20
Answering/Replying Affidavit (Rigby) - Exhs. (A-F) -
   Affirmation (Phares) - Exhs. A-J) ..................... 22 - 25
Replying Affirmation (Bacal) - Exhs. (A-D) ............. 28 - 29
Objection - Exh. - Affidavit (Blue) .................... 31 - 33
Memoranda of Law ....................................... 8,16,27
                                                         30,34

     Upon the foregoing papers, it is Ordered that these
motions are disposed of as follows:

     The relevant background facts of these actions previously
have been set forth in numerous prior Court Decisions and Orders
and will thus not be restated herein except to the extent
necessary. At the pre-trial conference conducted on March 2, 2004,
this Court had granted defendants an additional final opportunity
to move for dismissal, the Court's intention being to clarify the
issues remaining for trial; defendants Bacal and Sunbow each have
made their respective motions.[1]

---

    [1]Contrary to plaintiff's contention, the Court did not limit
defendants' dismissal motion solely to the issue of the Statute

-2-

SENT BY: PBWT;                        212 336 2371;      JUN-4-04 16:01;          PAGE 4
   06/03/04  THU 14:45 FAX 212   ↓ 2707       UNITED LAWYERS

Follow...g extensive prior motion practice, plaintiff's

First Amended Complaint specifically pleads two causes of action

against defendant Bacal for unjust enrichment and constructive

trust, and a single cause of action against defendant Sunbow for

unjust enrichment, for which plaintiff seeks compensatory damages

and an accounting.[2]   With respect to these two defendants,

plaintiff essentially asserts that she had an oral working

relationship with defendant Bacal, part-owner of both defendants

Griffin Bacal, Inc., an advertising agency, and Sunbow Productions,

Inc., a television production company, with respect to her created

musical arrangements, compositions and jingles whereby she

allegedly had reserved her writer's royalties in her works, but had

transferred her musical creations to defendants GBI and Sunbow for

them to exploit on her behalf.  Plaintiff contends that in recent

years she has lost substantial royalties with respect to her works,

allegedly as the result of wrongful re-registrations of her work by

the named defendants, including defendant BMI, the performing rights

---

of Frauds.

[2]However, the Court notes that while unorthodox, plaintiff,
in her First Amended Complaint under Index Number 5192/00, states
in paragraph one thereof that she "repeats and realleges every
allegation contained in the Verified Complaint as though fully
set forth at length hereat." This Court necessarily finds that
plaintiff has not abandoned her claims against defendant Bacal of
wrongful re-registrations of her works.  This theory of wrongful
re-registration is also asserted in plaintiff's Amended Complaint
against defendant Sunbow under Index Number 2821/02.

-3-

BOOK    99 PAGE 1896

SENT BY: PBWT;                                    212 336 2971;        JUN-' 04 16:02;        PAGE 6
     06/03/04  THU 14:46 FAX 212  .4 2707           UNITED LAWYERS

artists without the requisite written agreement.    While Bacal
claims that all of the executed work-for-hire contracts were
damaged in the January, 1990 Manhattan water main break that had
flooded the basement where their business records were stored,
Griffin states that he is "certain" that Sunbow had insisted that
plaintiff's company execute work-for-hire agreements for all the
musical compositions it had delivered to Sunbow for use in the
Hasbro T.V. shows, and specifically the JEM Agreement. This meant,
according to defendant, that plaintiff, as composer, would have
received a flat creative fee for her work, the writer's share of
income from the public performance rights in the music (allocated
in accordance with contributions to the work) and certain
additional payments from the publication of sheet music,
arrangements and orchestrations.  Bacal and Griffin claim that,
with respect to plaintiff, Hasbro, pursuant to its contract with
Sunbow, alone owns all other usage rights of plaintiff's works and
the underlying copyrights to her compositions. Bacal specifically
denies having had any fee negotiations with plaintiff or her
company. According to Bacal and Griffin, the payment terms in the
work-for-hire agreements that Sunbow had used in the 1980's were
comparable to the payment terms in typical work-for-hire
agreements.

    Defendant Bacal submits that, in addition to the

-5-

BOOK    99 PAGE 1898

foregoing establishing that plaintiff does not have a viable cause of action, he is also entitled to dismissal of the complaint because, firstly, plaintiff cannot state a viable cause of action for constructive trust since he claims there is no fiduciary relationship between him and plaintiff, secondly, that plaintiff's claims are time-barred, thirdly, that he has not been enriched by receiving any mechanical royalties or license fees purportedly paid to Sunbow after SONY purchased Sunbow in 1998, and lastly that the alleged oral working relationship between plaintiff and Sunbow is void under the Statute of Frauds.

In support of his above arguments, Bacal avers that he has not, either directly or through Sunbow, ever received any mechanical royalties or license fees for the works in issue.[*] Moreover, Bacal notes that plaintiff's allegations involving mechanical royalties or license fees relating to video and DVD sales is for the period of October 1999 through September 2002, whereas SONY had purchased Sunbow in 1998, more than one year earlier. Since Bacal has not received any monies from Sunbow from the re-use or re-work of plaintiff's compositions in issue, he maintains that there has not been any unjust enrichment and no basis for imposition of a constructive trust.

---

[*] Bacal's income from BMI for public performance royalties during the period of 1995 through 2003 was $11,532.11, according to his Miscellaneous Income tax Returns for 1995 forward.

-6-

99 PAGE 1899

BOOK

Moreover, defendant Bacal contends that plaintiff's
claims predicated upon an oral working arrangement are barred by
the Statute of Frauds and since, as a matter of law, there is no
fiduciary relationship between Bacal and plaintiff based merely·
upon their musical collaborations, particularly where Bacal claims
to only have spoken briefly with plaintiff on limited prior
occasions, that Bacal is not estopped from arguing that plaintiff's
claims are also time-barred under the applicable six year statute
of limitations.  Bacal maintains that based upon the commencement
of this action on August 24, 2000, any claims against Bacal that
arose prior to August 24, 1994, clearly are barred, and yet
plaintiff complains herein about alleged re-registrations of her
compositions in the 1980's when the cue sheets for her compositions
were originally submitted to defendant BMI.  Plaintiff, according
to defendant Bacal, had failed to exercise due diligence at that
time to ascertain whether she was receiving the royalties to which
she claims entitlement and her claims herein are time-barred.

Sunbow, in support of its motion, argues that plaintiff
has taken the legally untenable and internally inconsistent
position herein that plaintiff orally had conveyed exclusive rights
to Sunbow for it to decide how the compositions she authored for
the TV Series would be exploited, notwithstanding that the
Copyright Act requires that any such agreement be in writing, and

-7-

that this assert·  ; "working arrangement" enti..es her to a portion
of whatever monies Sunbow earns from the exploitation of
plaintiff's musical compositions, in whatever medium. According to
Sunbow, plaintiff's claim, if true, is barred by the Statute of
Frauds, as set forth in General Obligation Law Section 5-701,
subdivision (a), since such agreement, if made, would have been
made in the 1980's and the obligation thereunder to continue to
make royalty payments to plaintiff would have taken longer than one
year to perform. Indeed, defendant Sunbow submits that it is this
very scenario, where a plaintiff surfaces twenty years after an
alleged oral agreement, when witnesses are no longer available and
memories are vague, claiming that a different deal had been made,
that had prompted enactment of the Statute of Frauds. According to
Sunbow, New York law is very clear that oral agreements involving
royalties or commissions based on exploitation of copyrights are
prohibited.

        Since the Statute of Fraud applies here to bar
plaintiff's claims, Sunbow contends plaintiff may not succeed on a
theory of unjust enrichment. While a quantum meruit cause of
action may provide plaintiff with an avenue of relief, Sunbow notes
that plaintiff has not pleaded such cause of action.

        In any event, Sunbow argues that plaintiff would not
otherwise be entitled to pursue a quantum meruit cause of action

-8-

because she al...dy has been reasonably compensated for her
services consistent with industry standards at the time. According
to Sunbow, plaintiff has not established what the market rate was
for her TV production song writing services in the 1980's and she
cannot demonstrate that she did not receive the "going market rate"
for such services.  Sunbow observes that plaintiff never asserts
nor offers evidence that the alleged working arrangement she had
with Sunbow was for the market value paid and she never identifies
the specified percentage of profits she allegedly was to have
received from all other uses of her compositions.

        In further support of its dismissal motion, defendant
Sunbow has proffered an affidavit from Helene Blue, a music
publisher and administrator for 35 years, wherein she describes the
commissioning of television and movie music and evaluates four
sample Sunbow Agreements from the 1980's, concluding that they were
similar and typical, and not substantively dissimilar to more
recent agreements, and opines that "it would be inconceivable for
a producer to commission or acquire the rights to use music in an
audiovisual work without entering into a written agreement of some
sort that secures the rights to the producer;" she states that
"producers insist on a work-for-hire agreement ... because works
for hire are not subject to the Copyright Act's termination
provisions."

                                        -9-            BOOK    99 PAGE 1902

Defen ht Sunbow further has proffered an affidavit from

Neil Rigby, head of Legal and Business Affairs for TV-Loonland AG,

which had acquired Sunbow from SONY in 2000.    Therein he sets

forth the efforts he and his company have made to locate documents

pertaining to plaintiff, Ford Kinder and /or Kinder & Bryant Ltd.

and Sunbow, Griffin Bacal, Inc. Starwild Music, Inc. and/or

Wildstar Music, Inc., as well as production agreements between

Sunbow and Hasbro. His efforts have uncovered an unsigned copy of

an agreement between Kinder & Bryant, Ltd. and Sunbow relating to

the JEM television series, and three related letters, two dated in

1986 between plaintiff and Sunbow's legal counsels relating to

"revisions to the JEM Contract and the contract for My Little

Pony." The other letter was between counsel, dated February 9,

1987, relating to a proposed amendment of the JEM Contract.

Also, defendant Sunbow has submitted an affidavit from

Robert C. Harris, an attorney who had represented Sunbow for 15

years, up until its sale in 1998, wherein he avers that he had

drafted and negotiated agreements between Sunbow and various

artists whom Sunbow commissioned to create works and that "it was

always Sunbow's practice to commission work ..., including

composers of music, on a 'work-for-hire' basis using written

agreements," because Sunbow desired to own all rights in the

television series and movies it was producing for Hasbro and the

SENT BY: PBWT;                        212 338 2371;      JUN-4-04 18:03;           PAGE 12
   08/03/04 THU 14:47 FAX 212   . 2707        UNITED LAWYERS

Copyright Act specifies that such agreement be in writing.  He
recalls  having  prepared  several  work-for-hire  agreements
commissioning music from Kinder & Bryant, Ltd.  While he no longer
has client files relating to Sunbow, he reviewed the four sample
agreements submitted herein by Sunbow and believes that he had
drafted all of those agreements.  He specifically states that he
has no recall of Sunbow ever working with an artist except pursuant
to a work-for-hire agreement.

        Similarly, defendant Sunbow has submitted an affidavit
from Carole Weitzman, who had been employed by Sunbow from 1980
through 2001, and was Senior Vice President of Production at the
time she had left its employ.  She relates that the Manhattan water
main break in January, 1990, had caused immense flooding to
Sunbow's sub-basement storage facility, destroying many boxes of
Sunbow documents.   To her knowledge, however, "Sunbow required
every artist that it employed for the TV Series to sign agreements
... referred to as 'work-for-hire' agreements."  She states that
"Sunbow's practice was never to authorize paying an artist unless
he or she had signed an agreement with Sunbow."  Ms. Weitzman avers
that plaintiff "must have signed work-for-hire agreements with
Sunbow.  I know that I would not have authorized payments to her
... if she had not signed such an agreement.  This would have been
contrary to Sunbow's policy."

Sunbow submits "that on the record [it] has now assembled, there is no material issue of fact that Plaintiff signed work-for-hire agreements with Sunbow for the Hasbro TV Series, and under the terms of their agreements she is not entitled to the broad recovery she claims"; indeed, it claims that the "overwhelming evidence shows that the unsigned JEM agreement is a copy of the agreement signed by Plaintiff, the JEM agreement is identical to all the other agreements for the Hasbro TV Series relating to what Plaintiff is entitled to receive from later exploitation of the TV Series or her compositions, which does not include the monies from Sunbow's distribution of the TV Series on videotapes and DVD's ...".[5]

Plaintiff vigorously opposes the motions in all respects and argues that in the circumstances presented that this Court should refuse to address any issues raised by defendants other than the issue of the Statute of Frauds, and that as to that defense it should determine that defendants had waived invocation of same by their failures any time earlier to have raised said defense. Plaintiff argues that not only have defendants waited until the eve

---

[5]Previously, this Court had determined that plaintiff's cause of action for constructive trust was not viable as against defendant Sunbow because it did not have a fiduciary relationship with plaintiff. (Dec. & Ord., 12/15/03). Further, the Court had determined that plaintiff's claims against Sunbow relating to conduct occurring before 1994 are barred by the six year Statute of Limitations. (Dec. & Ord.,1/2/04).

-12-

of trial to inv( ) this defense, but that t.e record is replete
with transcript testimony and Interrogatory Responses wherein Bacal
had stated that he was not aware of any written agreements, and
defendants have offered no reasonable explanation for their failure
to have interposed the defense at an earlier time.

In any event, plaintiff contends that the law is well
settled that the Statute of Frauds is not a defense to an action
seeking   imposition   of   a   constructive   trust   and/or   unjust
enrichment.

Were this Court to otherwise find the defense viable,
plaintiff further maintains that her agreement with defendants is
outside the ambit of the Statute of Frauds because, by its terms,
it was capable of being fully performed within one year[6] and was
not subject to the will of a third party.[7]

Furthermore, plaintiff argues that royalty statements
such as those received by plaintiff constitute a writing sufficient
to satisfy the Statute of Frauds and that her full performance of
her obligations which are "unequivocally referable" to the parties'
working relationship also removes this action from the Statute of

---

[6]Said argument is predicated upon evidence that animated TV
series and the commercials upon which many of them were based
were expected to run only for a thirteen-week period of time.

[7]Indeed, plaintiff argues that Sunbow, the production
company, had exercised complete control as to whether to continue
running the series using plaintiff's compositions.

-13-

SENT BY: PBWT;
  06/03/04  THU 14:48 FAX 212    , 2707

212 338 2371;       JUN-4 04 16:04;        PAGE 15
      UNITED LAWYERS                              ⊠016

Frauds.                j

      Alternatively, plaintiff suggests that defendants should be equitably estopped from asserting said defense since plaintiff, to her detriment, had relied upon Bacal's promise on behalf of Sunbow and Griffin Bacal that she would receive all of the writer's royalties on her compositions.

      Finally, plaintiff argues that were this Court to find that plaintiff may only recover in quantum meruit, the reasonable value of her services must include all writer's royalties attributable to her musical compositions, including mechanical royalties and synchronization license fees.

      Firstly, the Court must note that this action has been an intensive study in "all one needs to know about royalties associated with jingle and musical compositions for commercial use." The attorneys are to be commended and thanked for their exemplary lawyering and the skill with which they have made this highly specialized, technical area of law both comprehensible and more user-friendly to a Court with heretofore limited experience in this field.  As the record unfortunately demonstrates, however, even those more learned in the field apparently have differing understandings of the musical registration process and many of the applicable terms of art.

      Secondly, while the Court had offered to entertain this

-14-

SENT BY: PBWT;
06/03/04  THU 14:48 FAX 212 .34 2707        212 336 2871;    JUN   04 16:04;    PAGE 16/24
                                            UNITED LAWYERS                       @016

one final dismi )1 motion by defendants, .d had not been the
Court's intention to re-visit specific issues previously decided on
prior summary judgment motions, including the issues of whether a
fiduciary relationship had existed between Bacal and plaintiff and
the related statute of limitations issue.    This Court's
determinations with respect to those issues are law of the case,
and the Court notes that defendant Bacal has offered nothing more
herein, other than his self-serving affidavit on this issue
regarding the nature of his allegedly limited relationship with
plaintiff - he offers nothing new obtained through subsequent
discovery which otherwise justifies his having a second bite of the
proverbial apple on these issues.    Accordingly, defendant Bacal
cannot and will not be rewarded herein for arguably making a
stronger case this go round on these issues, particularly where
this Court previously had admonished Bacal for his less than candid
earlier discovery responses.[8]

Nor does this Court find that defendant Bacal correctly
contends that the claims for unjust enrichment and constructive
trust must be dismissed against him because plaintiff has asserted
claims involving mechanical royalties or license fees relating to

---

[8]In any event; the Court still concludes that a triable
issue of fact is presented with respect to the nature of
plaintiff's relationship with Bacal and specifically whether he
had owed a fiduciary duty to her.

BOOK   99 PAGE 1908

SENT BY: PBWT;                        212 336 2371;        JUN-^ ^4 16:05;        PAGE 17/24
    06/03/04  THU 14:49 FAX 212    4 2707        UNITED LAWYERS                            ᡌ017

video and DVD · lies for the period of October 1999 through
September 2002, whereas SONY had purchased Sunbow in 1998, more
than one year earlier, and Bacal claims that he has not received
any monies from Sunbow from the re-use or re-work of plaintiff's
compositions in issue.    Firstly regarding this issue, the Court
observes that plaintiff has not limited her First Amended Complaint
to the time period that defendant Bacal identifies; rather, she
seeks "any and all monies received by ... now or in the future
until this matter is finally resolved, from the sale and
distribution of any products, cd's videos, movies, tapes, or any
product whatsoever which utilized music from the compositions set
forth above and regardless of the source of any such monies
received by defendants." Further, defendant Bacal has not denied
indirectly receiving such royalty payments and licensing fees from
Sunbow or through his various companies, or that said companies
have received such benefits.

        Secondly, while plaintiff has not proffered any evidence
directly tracing to Bacal personally mechanical royalties or
license fees monies acquired through plaintiff's works, she has
produced evidence that substantial mechanical royalties and license
fees generated by the use of her compositions have been received by

                                    -16-        BOOK    99 PAGE 1909

defendant Bacal' various companies, named defendants herein.[9]  As
this Court had noted in a prior Decision and Order, erroneously
dated February 25, 2003,[10] "if plaintiff is able to establish that
Bacal's relationship with his company Sunbow had been such that he
had exercised such complete domination and control thereof that it
may be said that the corporation was in reality a shell or dummy
corporation for Bacal's own purposes, then the Court fails to see
why the Court, to achieve justice, should not permit plaintiff in
essence to pierce the corporate veil, find such an identity between
Bacal and Sunbow that Bacal's relationship with plaintiff is the
same as Sunbow's relationship to plaintiff, and thereby permit
plaintiff to recover any financial benefit that has been wrongfully
conferred upon Sunbow. Cf. Morris v. New York State Department of
Taxation, 82 N.Y.2d 135, 141 (1993); Port Chester Electrical
Construction Corp. v. Atlas, 40 N.Y.2d 652, 656-657 (1976);
International Aircraft Trading Co. v. Manufacturers Trust Co., 297
N.Y. 285, 292 (1948). This same analysis applies to defendant
Bacal's other companies, defendants Starwild Music BMI and Wildstar

---

[9]Plaintiff claims that despite her repeated requests,
defendants have failed to provide plaintiff with records of
payments received prior to 1999 pursuant to the licensing and
distribution agreements in place

[10]The return of this referenced motion had been March 7,
2003; therefore, the Decision and Order properly could not have
been dated February 25, 2003.

BOOK    99 PAGE 1910

SENT BY: PBWT;
08/03/04  THU 14:49 FAX 212   4 2707

212 336 2371;          JUN-/ ~4 18:05;          PAGE 19/24
UNITED LAWYERS                                  보018

Music ASCAP.

      Further with respect to this issue, in a prior Decision and Order, dated September 26, 2002, this Court had noted that a video using plaintiff's work had identified Bacal personally as the executive producer with respect to same and that it had been marketed and sold as recently as February 15, 2001 by Amazon.com. This Court necessarily finds that defendant Bacal has not demonstrated entitlement to judgment as a matter of law dismissing this aspect of the complaint.

      The last issue to be addressed as an urged basis for dismissal is the defense of the Statute of Frauds. Having carefully considered the parties' respective arguments on this defense, the Court is greatly troubled by the extreme lateness with which defendants have raised this defense. While it is true that plaintiff had expanded her theories of recovery in this action in November, 2002, as condoned by this Court's granting of her cross-motion to amend her complaint against Sunbow, it must be stated that defendants had notice as early as of that date that plaintiff was claiming entitlement to share in royalties for derivative uses of her jingles and compositions. Indeed, she specifically pleads in her Amended Complaint that defendant "has received payments from the sale and marketing of videos, movies and CD's and other products which use plaintiff's compositions without compensation due her and that defendants is thereby unjustly enriched to the

-18-          BOOK   99 PAGE 1911



detriment of pla tiff."

   Thereafter, during her examination before trial in March, 2003, plaintiff had testified about her arrangement with Bacal and Sunbow, specifically her asserted entitlement to performance royalties, mechanical royalties and other considerations for composers, never mentioning that she had a written agreement with defendant Bacal with respect to her works. Notwithstanding her testimony, defendants had failed to raise the defense of the Statute of Frauds, let alone move to move to dismiss based upon same. Nor had defendants raised the Statute of Frauds defense in their answering papers to plaintiff's cross-motion for partial summary judgment, or in their replying papers to their motions for summary judgment, all returnable December 15, 2003, notwithstanding that plaintiff had definitively stated in her November 25, 2003, affidavit that she had "never executed a written contract with GBI, Sunbow, Wildstar or Starwild concerning the music I composed." Nor had defendant Sunbow argued the Statute of Frauds as a basis for dismissal when, just two weeks after the aforementioned failed summary judgment motion, it attempted to have the complaint dismissed based upon an alleged lack of subject matter jurisdiction. Nor is there any indication that defendants had raised this defense at the pre-trial conference held on January 14, 2004. It was not until more than two months thereafter, at the

-19-

pre-trial confer   be conducted on March 22, 2004, and after years

of litigation and numerous dispositive motion practice, that

defendants finally have raised this issue.

Upon all of the circumstances presenting, the Court finds

defendants' attempt to interpose said defense at this late date

must fail. See CPLR 3211, subd. (e); 23/23 Communications Corp. v.

General Motors Corporation, 257 A.D.2d 367 (1ˢᵗ Dept. 1999), lv. to

app. den. 93 N.Y.2d 805 (1999); Con-Solid Contracting, Inc. v.

Liwak Development Corp., 236 A.D.2d 437 (2ⁿᵈ Dept. 1997); Raoul v.

Olde Village Hall, Inc., 76 A.D.2d 319, 333 (2ⁿᵈ Dept. 1980); cf.

Bronson v. Potsdam Urban Renewal Agency, 74 A.D.2d 967, 967 (3ʳᵈ

Dept. 1980).

In any event, the Court notes that even were it to have

permitted defendants to rely upon the Statute of Frauds and the

Court were to find that said defense operates as a bar to

plaintiff's claims, as defendants recognize, this would not

preclude plaintiff from otherwise recovering from defendants on a

theory of quantum meruit, at least to the extent that plaintiff's

claims are not otherwise barred by the statute of limitations.

Defendants concede that all of the elements of such claim, save the

element of plaintiff's establishing the reasonable value of her

services, have been established.

The Court finds, however, that plaintiff has offered

-20-

some evidence supporting her claim that she is entitled to allegedly wrongfully withheld performance royalties in excess of $238,000.00 and that the value of her services in the 1980's includes fifty percent of the publishing royalties, as evidenced by a copy of a written agreement she had with another company wherein she had retained 50% of the publishing royalties. Additionally, she has quoted both Donald S. Passman, an author of "All You Need to Know About the Music Business," as well as a supposed treatise on the music industry, entitled "This Business of Music: The Definitive Guide to the Music Industry," by Krasilovsky and Shemmel, wherein it is stated that a songwriter's customary share is 50% of the publisher's net collections, which includes mechanical and synchronization income that plaintiff seeks to recover.

While defendant Sunbow aptly notes that there are critical differences between the nature of Bryant's relied upon agreement, which is for a one-time record album, as compared to music for an on-going television series, the matter here in issue, as well as other critical payment differences, which renders this agreement insufficient to establish the market value of plaintiff's song writing services for television in the 1980's, the Court finds that plaintiff has sufficiently raised a triable issue of fact regarding same.

-21-

SENT BY: PBWT;                          212 336 2371;     JUN-' 04 18:06;        PAGE 23/24
    06/03/04  THU 14:50 FAX 212    4 2707        UNITED LAWYERS                        囲 023

Parent : tically, the Court notes that in its replying
memorandum, Sunbow clarifies that it agrees that is obliged to pay
plaintiff a royalty fo 50% of the net profits from licenses to
third parties of mechanical or synchronization rights.    Sunbow
does not agree, however, that the licenses that were made for the
distribution of the television shows in videocassettes and DVDs is
an exercise of such right since, from its view, a mechanical
license refers only to the right to reproduce and distribute non-
dramatic musical works, such as CDs and audiotapes.    Also,
according to Sunbow, the synchronization license requires payment
to plaintiff only where plaintiff's song is synchronized into a
film exhibited in movie theaters.  Accordingly, defendant Sunbow
maintains that the dramatic TV series and the videocassettes and
DVD recordings of the TV series, are not subject to mechanical
royalties and synchronization licenses.

Finally, Sunbow's request pursuant to CPLR 3103,
subdivision (c), that plaintiff be precluded from introducing at
trial any and all documents improperly obtained is reserved for
determination at trial.  It would, of course, behoove plaintiff,
if she has not already done so, to forthwith provide defendants
with full disclosure relating to these documents which allegedly
have been improperly obtained.

There are to be no further motions in this action.  The

SENT BY: PBWT;                          212 336 2371;      JUN   04 16:08;        PAGE 24/24
                                        UNITED LAWYERS                            @024

parties shall ap_ ar, as previously scheduled, for trial at 9:30
a.m. on June 2, 2004.  This date will not presently be adjourned.
Any party's failure to appear may result in the imposition of
costs and/or sanctions.


        Dated: May 26, 2004
               New City, New York


                          ANDREW. P. O'ROURKE
                                J.S.C.


        Duane Morris LLP
        Atty. for Deft. Bacal
        380 Lexington Avenue
        New York, New York 10168

        Patterson, Belknap, Webb & Tyler LLP
        Attys. For Deft. Sunbow
        1133 Avenue of the Americas
        New York, New York 10036-6710

        Monaghan, Monaghan, Lamb & Marchisio
        Attys. for Pltf.
        150 West 55th Street, Suite 1G
        New York, New York 10019



# EXHIBIT B

SUNBOW ENTERTAINMENT, INC.

1540

DATE _Nov 28th 2006_                     11-1-01
                                          210

PAY TO THE
ORDER OF: _Ms Anne Bryant_                    $ *7,417.43*

_Seven Thousand, Four Hundred & Seventeen USD — 43 cents only_ DOLLARS

THE
BANK OF
NEW
YORK
One Wall Street
New York, NY 10286

FOR _Music Royalties_

⑆001540⑆ ⑇021000018⑇ ⑈89004574068⑈

Attorney Trust
Without Prejudice

PAY TO THE ORDER OF
COMMERCE BANK NORTH,
MONTVALE, NJ 07645
021200957
FOR DEPOSIT ONLY
MONAGHAN MONAGHAN LAMB & MARCHISIO
345 0707582

## Music royalties from Sony / ATV for the author Anne Bryant
(semi-annually)

|  | US$ |
|---|---|
| June 30, 2004 | 327.12 |
| Dec. 31, 2004 | 266.91 |
| June 30, 2005 | 205.29 |
| Dec. 31, 2005 | 5,897.19 |
| June 30, 2006 | 720.92 |
| **TOTAL** | **7,417.43** |

# EXHIBIT C

```
SONY MUSIC PUBLISHING - FILM & TV                R O Y A L T Y          PAYEE : (6022)                    PAGE:    1
P.O. BOX 1273                                    S T A T E M E N T      TV-LOONLAND AG
NASHVILLE, TN                                                           MUENCHNER STRAASSE 15
37202                                                                   85774 UNTERFOEHRING
                                                                        GERMANY
TELEPHONE : 615-726-8126                                                                                    1

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JANUARY   TO JUNE    1998

+ MECHANICAL STATEMENT ++
```

| | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| ALONE AGAIN    (FR. TV SER 'JBM')  BRYANT/DORMAN  SHP BELGIUM 25203 | 87705 | 7/97-12/97 100.00 | 1603.63 | 22.973 | 386.78 | 386.78 ** |
| .110400 | | | | | | |
| JEM VOCAL THEME    (FR. TV SER)  BRYANT/BACOL  SHP FRANCE 25289 | | 7/97-12/97 100.00 | 54.34 | 22.973 | 12.43 | 12.43 ** |
| SACEM | | | | | | |
| MARDI GRAS    (FR. TV SER 'JBM')  BRYANT/HANNAN  SHP CANADA 26810 | 450 | 7/97-12/97  92.50 | 7.76 | 22.973 | 1.78 | 1.78 ** |
| CD276I2 | | | | | | |
| YOU GOTTA BE FAST    (FR. TV SER 'JBM')  BRYANT/DORMAN  SHP FRANCE 25289 | | 7/97-13/97 100.00 | 1.73 | 22.973 | 0.39 | 0.39 ** |
| SACEM | | | | | | |
| | | MECHANICAL TOTAL | 1747.26 | | 401.38 | |

SONY MUSIC PUBLISHING - FILM & TV

R O Y A L T Y
S T A T E M E N T

PAYEE : (6022)
BRYANT, ANNE

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 1998

* SYNCH & SUNDRY STATEMENT

PAGE 2

2

| | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| SACEM | | | | | | |
| YOU GOTTA BE FAST (FR. TV SER '(2H') | | | | | | |
| BRYANT/DAMON | | | | | | |
| SMP FRANCE | | | | | | |
| 25289 | 7/97-12/97 | 100.00 | 6.71 | 22.973 | 1.54 | 1.54 |
| | | | | | | |
| SYNCH & SUNDRY TOTAL | | | 6.71 | | 1.54 | 1.54 ** |

SUN 527

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (66054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 1998

PAYEE : (6022)
BRYANT, ANNE

PAGE    3

### R O Y A L T Y   S U M M A R Y

| PERIOD RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | EXCH./SONG TOTAL |
|---|---|---|---|---|
| MECHANICAL TOTAL | 1747.26 | | 401.38 | |
| SYNCH & SUNDRY TOTAL | 6.71 | | 1.54 | |
| STATEMENT TOTAL | 1753.97 | | 402.92 | |

SUN 528

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

**R O Y A L T Y**
**S T A T E M E N T**

PAYEE : (6022)
TV-LOONLAND AG
MUENCHNER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE: 1

TELEPHONE : 615-726-8326

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY      TO DECEMBER  1998

* MECHANICAL STATEMENT **

| | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SNGS./SONG TOTAL |
|---|---|---|---|---|---|---|
| MARDI GRAS   (FR. TV SER 'JEM') | | | | | | |
| BRYANT/BARRON | | | | | | |
| C027613    SMP CANADA | 1/98-06/98 | 92.50 | 7.67 | 22.973 | 1.76 | |
| C027613    200 | | | | | | |
| | 7/97-12/97 100.00 | | 2.09 | 22.500 | 0.47 | 1.76 ** |
| SURPRISE, SURPRISE   (FR. TV SER 'JEM') | | | | | | |
| BRYANT/BARRON | | | | | | |
| 32199    G.E.M.A. | | | | | | |
| 30721 | | | | | | 0.47 ** |

MECHANICAL TOTAL    9.76        2.23

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY          TO DECEMBER 1998

PAYEE: (60022)
BRYANT, ANNE

PAGE  2

R O Y A L T Y
S U M M A R Y

| PERIOD RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|
| MECHANICAL TOTAL | 9.76 | | 2.23 | |
| STATEMENT TOTAL | 9.76 | | 2.23 | |

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

TELEPHONE : 615-726-8326

IN ACCOUNT WITH : (060541) BRYANT, ANNE

FOR PERIOD JANUARY TO JUNE   1999

* MECHANICAL STATEMENT **

**R O Y A L T Y**
**S T A T E M E N T**

PAYEE : (6022)
TV-LOOMBAND AG
HOENICKER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE:   1

| | | PERIOD | ACCD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| ALONE AGAIN (FR. TV SER 'JEN') BRYANT/SIMON SMP BELGIUM | | | | | | | |
| 110400 | 6502 | 7/98-12/98 100.00 | | 81.65 | 22.973 | 18.75 | 18.75 ** |
| DON'T LOOK NOW NAHAN/BRYANT COLUMBIA HOUSE | | | | | | | |
| CDP 27136 | 40529 | 10/98-12/98 100.00 | | 7.32 | 22.500 | 1.64 | |
| B4 27196 | 40528 | 10/98-12/98 100.00 | | 0.10 | 22.500 | 0.02. | 1.66 ** |
| MECHANICAL TOTAL | | | | 89.07 | | 20.41 | |

SONY MUSIC PUBLISHING - FILM & TV

ROYALTY
STATEMENT

PAYEE : (6022)
BRYANT, ANNE

PAGE    2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY   TO JUNE   1999

* SYNCH & SUNDRY STATEMENT

| | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| ALONE AGAIN   (PH. TV SER 'JEM') BRYANT/HARMAN    SMP BELGIUM    37743 | 7/96-12/99 | 100.00 | 523.59 | 22.973 | 122.35 | |
| | | | | | | 122.35 ** |
| SYNCH & SUNDRY TOTAL | | | 523.59 | | 122.35 | |

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD :JANUARY TO JUNE 1999

PAYEE : (6022)
BRYANT, ANNE

PAGE   3

ROYALTY SUMMARY

| PERIOD | ACCD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 85.07 | | 20.41 | |
| SYNCH & SUNDRY TOTAL | | 532.59 | | 122.35 | |
| STATEMENT TOTAL | | 621.66 | | 142.76 | |

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

TELEPHONE : 615-726-8326

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY    TO DECEMBER 1999

* MECHANICAL STATEMENT **

ROYALTY STATEMENT

PAYEE : (6922)
TV-LOONLAND AG
MUNCHENER STRASSE 16
85774 UNTERFOHRING
GERMANY.

PAGE: 1

| | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | BRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| ALONE AGAIN (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/BARNAN | | | | | | | |
| SMP BELGIUM | 46002 | | | | | | |
| 110400 | 110 | 1/99-06/99 | 50.00 | 4.15 | 22.973 | 0.95 | 0.95 ** |
| BROKEN GLASS (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/BARNAN | | | | | | | |
| SMP UNITED KINGDOM | 46144 | | | | | | |
| 4730542 | 3 | 1/99-06/99 | 55.00 | 0.12 | 22.973 | 0.02 | 0.02 ** |
| | | MECHANICAL TOTAL | | 4.27 | | 0.97 | 0.02 ** |



SONY MUSIC PUBLISHING - FILM & TV

ROYALTY SUMMARY

PAYEE : (06022) BRYANT, ANNE

PAGE 2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 1959

| PERIOD RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|
| MECHANICAL TOTAL | 4.27 | | 0.97 | |
| STATEMENT TOTAL | 4.27 | | 0.97 | |

SUN 535

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

TELEPHONE : 615-726-8326

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JANUARY TO JUNE 2000

* MECHANICAL STATEMENT **

**ROYALTY STATEMENT**

PAYEE : (6012)
TV-LOONLAND AG
HUBNCHER STRASSE 16
85774 UNTERFOHRING
GERMANY

PAGE: 1

| | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SNGS./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| AGAINS AGAIN (FR. TV SER 'JEM') BRYANT/HARMAN SMP BELGIUM | | | | | | | |
| 54949 | | 7/99-12/99 | 92.50 | 25.24 | 22.973 | 5.79 | |
| /4228415632/ 54949 | 21 | 7/99-12/99 | 92.50 | 1.60 | 22.973 | 0.36 | |
| /4228415632/ 54949 | 23 | 7/99-12/99 | 92.50 | 1.74 | 22.973 | 0.39 | 6.54 ** |
| BROKEN GLASS (FR. TV SER 'JEM') BRYANT/HARMAN SMP UNITED KINGDOM | | | | | | | |
| 4730642 55307 | 17 | 7/99-12/99 | 92.50 | 0.64 | 22.973 | 0.14 | 0.14 ** |
| CONAN THE ADVENTURER (TV SER - INCIDENTAL MUSIC) ROCKER/CHASE SMP UNITED KINGDOM 55307 | | 7/99-12/99 | 93.50 | 0.05 | 22.973 | 0.01 | 0.01 ** |
| DESTINY (FR. TV SER 'JEM') BRYANT/HARMAN SMP SPAIN 55274 | | 7/99-12/99 | 92.50 | 0.09 | 22.973 | 0.02 | 0.02 ** |
| FAMILY IS (FR. TV SER 'JEM') BRYANT/HARMAN SMP SPAIN 55274 | | 7/99-12/99 | 92.50 | 0.26 | 22.973 | 0.05 | 0.05 ** |
| A FATHER SHOULD BE (FR. TV SER 'JEM') BRYANT/HARMAN SMP SPAIN 55274 | | 7/99-12/99 | 92.50 | 0.23 | 22.973 | 0.05 | 0.05 ** |

SUN 536

SONY MUSIC PUBLISHING - FILM & TV

R O Y A L T Y   S T A T E M E N T

PAYEE : (6022)
BRYANT, ANNE

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2000

* MECHANICAL STATEMENT **     PAGE   2

(CONTINUED)

| | | | PERIOD | RCVD. % | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SALES./SONG TOTAL |
|---|---|---|---|---|---|---|---|---|
| JEM - CUBS | | | | | | | | |
| SMP SPAIN | 55274 | | 7/99-12/99 | 92.50 | 1.48 | 15.309 | 0.22 | 0.22 ** |
| JEM INSTRUMENTAL THEME   (FR TV SER 'JEM') | | | | | | | | |
| BRYANT/BACLU | | | | | | | | |
| SMP SPAIN | 55274 | | 7/99-12/99 | 92.50 | 0.27 | 22.973 | 0.06 | 0.06 ** |
| THIS IS FAREWELL   (FR. TV SER. 'JEM') | | | | | | | | |
| BRYANT/BARMAN | | | | | | | | |
| SMP SPAIN | 55274 | | 7/99-12/99 | 92.50 | 0.07 | 22.973 | 0.01 | 0.01 ** |
| TRANSFORMERS   (TV SER - INCIDENTAL MUSIC) | | | | | | | | |
| BRYANT/KINDER | | | | | | | | |
| SMP JAPAN | | | | | | | | |
| PCCY 00542 | 49313 | 111 | 4/99-09/99 | 92.50 | 2.06 | 22.973 | 0.47 | |
| PCCY 00542 | 49313 | 166 | 4/99-09/99 | 92.50 | 3.07 | 22.973 | 0.70 | |
| PCCY 00542 | 49313 | 84 | 9/98-03/99 | 92.50 | 1.32 | 22.973 | 0.30 | |
| PCCY 00542 | 47702 | 153 | 9/98-03/99 | 92.50 | 2.41 | 22.973 | 0.55 | |
| PCCY 00542 | 56801 | 33 | 10/99-03/00 | 92.50 | 0.59 | 22.973 | 0.13 | |
| PCCY 00542 | 56801 | 84 | 10/99-03/00 | 92.50 | 1.51 | 22.973 | 0.34 | |
| PCCY 00542 | 56800 | 33 | 10/99-03/00 | 92.50 | 0.59 | 22.973 | 0.13 | |
| PCCY 00542 | 56800 | 84 | 10/99-03/00 | 92.50 | 1.51 | 22.973 | 0.34 | 2.96 ** |

MECHANICAL TOTAL     44.73     10.06

SONY MUSIC PUBLISHING - FILM & TV

# R O Y A L T Y   S T A T E M E N T

PAYER : (60221)
BRYANT, ANNE

IN ACCOUNT WITH : (06056) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2000

* SYNCH & SUNDRY STATEMENT *    PAGE    3

| | | PERIOD | RCVD. % | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| **CONAN THE ADVENTURER** (TV SER - INCIDENTAL MUSIC) | | | | | | | |
| RUCKER/CHASE | | | | | | | |
| ADJUSTMENT | BMP FRANCE 57057 | 1/99-06/99 | 100.00 | 13241.67 | 21.973 | 3042.00 | |
| SRCM | 58078 | 7/99-12/99 | 100.00 | 18.40 | 22.973 | 4.22 | |
| | | | | | | | 3046.22 * |
| | SHP UNITED KINGDOM 55307 | 7/99-12/99 | 92.50 | 0.05 | 22.973 | 0.01 | 0.01 * |
| | | | | | | | 3046.23 ** |
| **GI JOE - CUES** | | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | | |
| SRCM | BMP FRANCE 58078 | 7/99-12/99 | 100.00 | 1.78 | 45.946 | 0.01 | 0.01 ** |
| **JEM - CUES** | | | | | | | |
| ASHFORD/WALSH/BRYANT | | | | | | | |
| ADJUSTMENT | BMP FRANCE 57057 | 1/99-06/99 | 100.00 | 13.53 | 15.309 | 2.07 | 2.07 ** |
| **TRANSFORMERS** (TV SER - INCIDENTAL MUSIC) | | | | | | | |
| BRYANT/KINDER | | | | | | | |
| ADJUSTMENT | SHP FRANCE 57057 | 1/99-06/99 | 100.00 | 265.16 | 22.973 | 60.91 | 60.91 ** |

SYNCH & SUNDRY TOTAL    13540.60    3110.02

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY  TO JUNE  2000

PAYEE : (6922)
BRYANT, ANNE

PAGE    4

R O Y A L T Y
S U M M A R Y

| PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SECR./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 44.73 | | 10.06 | |
| SYNCH & SUNDRY TOTAL | | 13540.60 | | 3110.02 | |
| STATEMENT TOTAL | | 13585.33 | | 3120.08 | |

SUN  539

```
SONY MUSIC PUBLISHING - FILM & TV        R O Y A L T Y        PAYEE : (6022)
P.O. BOX 1273                            S T A T E M E N T     TV-LOONLAND AG
NASHVILLE, TN                                                  MUNCHENER STRASSE 16
37202                                                          85774 UNTERFOEHRING
                                                               GERMANY

TELEPHONE : 615-726-8326                                                          PAGE:   1

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY      TO DECEMBER 2000

*  MECHANICAL STATEMENT **
```

| | | PERIOD | % RCVD. | AMOUNT RESERVED | YOUR SHARE | AMOUNT DUE | SRCB./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| ALONE AGAIN  (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/DBRONN | | | | | | | |
| SMP BELGIUM | | | | | | | |
| /4228415632/  62608 | 15 | 1/00-06/00 | 92.50 | 1.04 | 22.973 | 0.21 | |
| /4228415632/  62688 | 24 | 1/00-06/00 | 91.50 | 1.68 | 22.973 | 0.38 | 0.61 ** |
| JEM - CUES | | | | | | | |
| ASHFORD/BALSON/BRYANT | | | | | | | |
| SMP FRANCE | | | | | | | |
| C.PRIVSONO  62696 | | 1/00-06/00 | 92.50 | 0.17 | 15.309 | 0.02 | 0.02 ** |
| SAFE AND SOUND  (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/DBRONN | | | | | | | |
| SMP FRANCE | | | | | | | |
| C.PRIVSONO  62696 | | 1/00-06/00 | 92.50 | 1.56 | 22.973 | 0.35 | 0.35 ** |
| YOU'RE ALWAYS THERE IN MY HEART  (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/HARMAN | | | | | | | |
| SMP GERMANY | | | | | | | |
| 5362292  62443 | 20 | 1/00-06/00 | 92.50 | 0.26 | 22.973 | 0.05 | 0.05 ** |

```
                                    MECHANICAL TOTAL      4.71                 1.03
```

SONY MUSIC PUBLISHING - FILM & TV

**ROYALTY STATEMENT**

PAYEE : (6622)
BRYANT, ANNE

PAGE   2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 2000

* SYNCH & SUNDRY STATEMENT *

| | PERIOD | RCVD. $ | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SECS./SONG TOTAL |
|---|---|---|---|---|---|---|
| GI JOE - CUES | | | | | | |
| DOUGLAS/BRYANT/HALSB | | | | | | |
| SNP FRANCE | | | | | | |
| MECH. PERFORM.   62696 | 1/00-06/00 | 92.50 | 2.30 | 15.309 | 0.35 | 0.35 ** |
| SAFE AND SOUND   (FR. TV SER. 'JEM') | | | | | | |
| BRYANT/JORDAN | | | | | | |
| SNP FRANCE | | | | | | |
| MECH. PERFORM.   62696 | 1/00-06/00 | 92.50 | 3.83 | 22.973 | 0.87 | 0.87 ** |
| SYNCH & SUNDRY TOTAL | | | 6.13 | | 1.22 | |

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (66054) BRYANT, ANNE
FOR PERIOD JULY          TO DECEMBER 2000

R O Y A L T Y
S U M M A R Y

PAYEE : (6022)
BRYANT, ANNE

PAGE    3

| | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|
| PERIOD | | | | | |
| MECHANICAL TOTAL | | 4.71 | | 1.03 | |
| SYNCH & SUNDRY TOTAL | | 6.13 | | 1.22 | |
| STATEMENT TOTAL | | 10.84 | | 2.25 | 3 |

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

**ROYALTY STATEMENT**

PAYEE : (6022)
TV-LOONLAND AG
MUENCHENER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE:  1

TELEPHONE : 615-726-8126

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JANUARY TO JUNE    2001

* MECHANICAL STATEMENT **

| | | | PERIOD | $ RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|---|
| ALOUHA AGAIN (FR. TV SER 'JEM') | | | | | | | | |
| BRYANT/JORMAN | | | | | | | | |
| SMP BELGIUM | 69081 | | | | | | | |
| /4228015632/ | 69081 | 11 | 7/00-12/00 | 92.50 | 0.78 | 15.309 | 0.17 | |
| /4228015632/ | | 14 | 7/00-12/00 | 92.50 | 0.98 | 15.309 | 0.22 | 0.39 ** |
| CONAN THE ADVENTURER (TV SER - INCIDENTAL MUSIC) | | | | | | | | |
| RUCKER/CRASS | | | | | | | | |
| SMP SPAIN | 70248 | | 7/00-12/00 | 92.50 | 2.59 | 22.973 | 0.59 | 0.59 ** |
| GI JOE - CUES | | | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | | | |
| SMP SPAIN | 70248 | | 7/00-12/00 | 92.50 | 52.98 | 15.309 | 8.11 | 8.11 ** |
| JEM - CUES | | | | | | | | |
| ASHFORD/WALSH/BRYANT | | | | | | | | |
| SMP SPAIN | 70248 | | 7/00-12/00 | 92.50 | 34.68 | 15.309 | 5.30 | 5.30 ** |
| TRANSFORMERS GENERATION 2 - CUES - UNIDENTIFIED | | | | | | | | |
| BRYANT | | | | | | | | |
| SMP SPAIN | 70248 | | 7/00-12/00 | 92.50 | 5.78 | 45.946 | 2.65 | 2.65 ** |
| TRANSFORMERS (TV SER - INCIDENTAL MUSIC) | | | | | | | | |
| BRYANT/KINDER | | | | | | | | |
| SMP SPAIN | 70248 | | 7/00-12/00 | 92.50 | 268.63 | 22.973 | 61.71 | 61.71 ** |

78.75

SUN  543

SONY MUSIC PUBLISHING - FILM & TV

**ROYALTY STATEMENT**

PAYEE : (60322)
BRYANT, ANNE

IN ACCOUNT WITH : (060541) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2001

* SYNCH & SUNDRY STATEMENT

2

| | PERIOD | RCVD. % | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCS./SONG TOTAL |
|---|---|---|---|---|---|---|
| GI JOE - CUES<br>. DOUGLAS/BRYANT/WALSH<br>SMP FRANCE<br>MECH. PERFORM. 69976 | 7/00-12/00 | 92.50 | 0.11 | 15.309 | 0.01 | 0.01 ** |
| STRAIGHT FROM THE HEART (FR. TV SER 'ZM')<br>BRYANT/HARMON<br>SMP GERMANY<br>69986 | 7/00-12/00 | 92.50 | 15.84 | 23.973 | 3.53 | 3.53 ** |
| VISIONARIE - CUES<br>CRASH/BRYANT<br>SMP GREECE<br>VISIONARIES (C  69997 | 7/00-12/00 | 92.50 | 452.43 | 23.973 | 103.93 | 103.93 ** |
| SYNCH & SUNDRY TOTAL | | | 468.38 | | 107.57 | |



SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE
2001

PAYEE : (6022)
BRYANT, ANNE

PAGE   3

**R O Y A L T Y  S U M M A R Y**

| PERIOD | %  RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 166.42 | | 78.78 | |
| SYNCH & SUNDRY TOTAL | | 468.38 | | 107.57 | |
| STATEMENT TOTAL | | 834.80 | | 186.32 | |

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

TELEPHONE : 615-726-9326

**R O Y A L T Y S T A T E M E N T**

PAYEE : (6022)
TV-LOONLAND AG
MUENCHENER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE: 1

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY    TO DECEMBER 2001.

* MECHANICAL STATEMENT **

| | | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCS./SONG TOTAL |
|---|---|---|---|---|---|---|---|---|
| **ABRACADABRA (FR. TV SER 'JEM')** BRYANT/DARUM SONY MUSIC PUBLISHING PHILIPPINES | | | | | | | | |
| LCU3K7075 | 80633 | 650 | 1/01-06/01 | 92.50 | 2.54 | 22.973 | 0.58 | |
| NEIDIK59030 | 80631 | 550 | 1/01-06/01 | 92.50 | 1.44 | 22.973 | 0.33 | 0.91 ** |
| **ALONE AGAIN (FR. TV SER 'JEM')** BRYANT/DARUM | | | | | | | | |
| /4328415632/ | SMP BELGIUM 80444 | 2 | 1/01-06/01 | 92.50 | 0.08 | 22.973 | 0.01 | |
| /4328415632/ | 80444 | 14 | 1/01-06/01 | 92.50 | 1.05 | 22.973 | 0.24 | 0.25 ** |
| **CONAN THE ADVENTURER   (TV SER - INCIDENTAL MUSIC)** RUCKER/CUHAS | | | | | | | | |
| SMP SPAIN | 80673 | | 1/01-06/01 | 92.50 | 184.82 | 22.973 | 42.45 | 42.45 ** |
| **GI JOE - CUES   (TV SER - INCIDENTAL MUSIC)** DOUGLAS/BRYANT/WALSH | | | | | | | | |
| SMP SPAIN | 80673 | | 1/01-06/01 | 92.50 | 1.54 | 15.309 | 0.23 | 0.23 ** |
| **TRANSFORMERS (TV SER - INCIDENTAL MUSIC)** BRYANT/KINDER | | | | | | | | |
| SNP SPAIN | 80673 | | 1/01-06/01 | 92.50 | 6.80 | 22.973 | 1.56 | 1.56 ** |
| MECHANICAL TOTAL | | | | | 198.28 | | 45.40 | |

SUN 546

SONY MUSIC PUBLISHING - FILM & TV

R O Y A L T Y
S T A T E M E N T

PAYEE : (6022)
BRYANT, ANNE

* SONDX & SUNDRY STATEMENT

PAGE 2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 2001

| | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| CONAN THE ADVENTURER (TV SER - INCIDENTAL MUSIC) | | | | | | |
| RUCKER/CHASE | | | | | | |
| SMP SPAIN 80673 | 1/03-06/01 | 92.50 | 25.18 | 22.973 | 5.78 | 5.78 ** |
| GI JOE - CUES | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | |
| SMP FRANCE 80911 | 1/01-06/01 | 93.50 | 2.16 | 15.309 | 0.33 | 0.33 ** |
| MECH. PERFORM. | | | | | | |
| SONDX & SUNDRY TOTAL | | | 27.34 | | 6.11 | |

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 2001

ROYALTY SUMMARY

PAYEE : (60221) BRYANT, ANNE

PAGE  3

| PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 198.28 | | 45.40 | |
| STRCH & SUNDRY TOTAL | | 27.34 | | 6.11 | |
| STATEMENT TOTAL | | 225.62 | | 51.51 | |

```
SONY MUSIC PUBLISHING - FILM & TV              R O Y A L T Y          PAYEE : [6021]
P.O. BOX 1273                                  S T A T E M E N T      TV-LOONLAND AG
NASHVILLE, TN                                                         MUENCHENER STRASSE 16
37202                                                                 85774 UNTERFOEHRING
                                                                      GERMANY

TELEPHONE : 615-726-8125                                                                PAGE:  1

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JANUARY   TO JUNE   2002

* MECHANICAL STATEMENT **
```

| | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SCORE TOTAL |
|---|---|---|---|---|---|---|---|
| ALONE AGAIN   (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/KAMAN | | | | | | | |
| SMP BELGIUM | | | | | | | |
| /4228015632/ | 91282 | 7/01-12/01 | 92.50 | 1.16 | 22.973 | 0.26 | |
| /4228015632/ | 91282 | 7/01-12/01 | 92.50 | 1.22 | 22.973 | 0.28 | |
| /4228015632/ | 91282 | 7/01-12/01 | 92.50 | 1.50 | 22.973 | 0.34 | 0.88 ** |
| GI JOE - CUES   (FR. TV SER 'JEM') | | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | | |
| SMP SPAIN | 91511 | 7/01-12/01 | 92.50 | 0.76 | 15.205 | 0.11 | 0.11 ** |
| I'M GONNA CHANGE | | | | | | | |
| BALLARD | | | | | | | |
| SMP CANADA | | | | | | | |
| 786165E892 | 91301 | 7/01-12/01 | 75.00 | 4.23 | 22.973 | 0.97 | |
| 786165E892 | 91301 | 7/01-12/01 | 75.00 | 6.24 | 22.973 | 1.43 | 2.40 ** |
| SURPRISE, SURPRISE   (FR. TV SER 'JEM') | | | | | | | |
| BRYANT/KAMAN | | | | | | | |
| CAPITOL RECORDS | | | | | | | |
| 46760 | 95002 | 1/02-03/02 | 100.00 | 18.59- | 22.500 | 4.18- | |
| 46768 | 95002 | 1/02-03/02 | 100.00 | 28.05- | 22.500 | 6.31- | 10.49-** |
| TRANSFORMERS GENERATION 2 - CUES - UNIDENTIFIED | | | | | | | |
| BRYANT | | | | | | | |
| SMP SPAIN | 91511 | 7/01-12/01 | 92.50 | 1.18 | 45.946 | 0.54 | 0.54 ** |
| TRANSFORMERS INSTRUMENTAL THEME | | | | | | | |
| BRYANT/BACAL | | | | | | | |
| SMP SPAIN | | | | | | | 0.06 |

SONY MUSIC PUBLISHING - FILM & TV

**ROYALTY STATEMENT**

IN ACCOUNT WITH : (66054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2002

PAYEE : (6022)
BRYANT, ANNE

* SYNCH & SUNDRY STATEMENT

PAGE  3

| | PERIOD | RCVD. % | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SUND TOTAL |
|---|---|---|---|---|---|---|
| GI JOE - CUBS | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | |
| SMP FRANCE | | | | | | |
| MECH. PERFORM.     91349 | 7/01-12/01 | 92.50 | 0.08 | 15.309 | 0.01 | 0.01 ** |
| STRAIGHT FROM THE HEART  (FR. TV SER 'TDH') | | | | | | |
| BRYANT/BRYAN | | | | | | |
| SMP GERMANY | | | | | | |
| 01121              55682 | 7/01-12/01 | 100.00 | 10.21 | 22.973 | 2.34 | 2.34 ** |
| TRANSFORMERS  (TV SER - INCIDENTAL MUSIC) | | | | | | |
| BRYANT/KINDER | | | | | | |
| SMP GREECE | | | | | | |
| TRANSFORMERS (     93170 | 7/01-12/01 | 92.50 | 391.53 | 22.973 | 89.94 | 89.94 ** |
| VISIONARIES - CUBS | | | | | | |
| CHASE/BRYANT | | | | | | |
| SMP GREECE | | | | | | |
| VISIONARIES (C    93370 | 7/01-12/01 | 92.50 | 200.69 | 22.973 | 46.10 | 46.10 ** |
| SYNCH & SUNDRY TOTAL | | | 602.51 | | 138.39 | |

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2002

R O Y A L T Y
S U M M A R Y

PAYEE : (6024)
BRYANT, ANNE

PAGE 4

| PERIOD RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|
| MECHANICAL TOTAL | 16.46 | | 4.21 | |
| SYNCH & SUNDRY TOTAL | 602.51 | | 138.39 | |
| STATEMENT TOTAL | 618.97 | | 142.60 | |

```
SONY MUSIC PUBLISHING - FILM & TV                              R O Y A L T Y              PAYEE : (6022)                    PAGE:  1
P.O. BOX 1273                                                  S T A T E M E N T          TV-LOONLAND AG
NASHVILLE, TN                                                                             MUNCHENER STRASSE 16
37202                                                                                     85774 UNTERFOHRING
                                                                                          GERMANY
TELEPHONE : 615-726-8326
```

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY    TO DECEMBER, 2002

* MECHANICAL STATEMENT :*

| | | PERIOD | $ RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| **ALONE AGAIN (TRL TV SER 'JEM')** | | | | | | | |
| BRYANT/BRYANT | | | | | | | |
| SMP BELGIUM | | | | | | | |
| /422841561261/ | A2070 | 4 | 1/02-06/02 | 92.50 | 0.32 | 21.973 | 0.07 |
| /422841561261/ | A2078 | 7 | 1/02-06/02 | 92.50 | 0.54 | 21.973 | 0.12 |
| /422841561261/ | A2078 | 13 | 1/02-06/02 | 91.50 | 1.06 | 21.973 | 0.24 |
| | | | | | | | 0.43 ** |
| **CONAN THE ADVENTURER   (TV SER - INCIDENTAL MUSIC)** | | | | | | | |
| RUCKER/CHASE | | | | | | | |
| SMP SPAIN | | | | | | | |
| | A2319 | | 1/02-06/02 | 92.50 | 4.87 | 22.973 | 1.11 |
| | | | | | | | 1.11 ** |
| **I'M GONNA CHANGE** | | | | | | | |
| HALLARD | | | | | | | |
| SMP CANADA | | | | | | | |
| 786365892 | A2097 | 11 | 1/02-06/02 | 75.00 | 0.36 | 22.973 | 0.08 |
| 786365892 | A2097 | 22 | 1/02-06/02 | 75.00 | 0.72 | 22.973 | 0.16 |
| 786365892 | A2097 | 113 | 1/02-06/02 | 75.00 | 1.74 | 22.973 | 0.85 |
| 786365892 | A2097 | 117 | 1/02-06/02 | 75.00 | 4.03 | 22.973 | 0.92 |
| 786365892 | A2097 | 210 | 1/02-06/02 | 75.00 | 6.94 | 22.973 | 1.59 |
| 786365892 | A2097 | 216 | 1/02-06/02 | 75.00 | 7.43 | 22.973 | 1.70 |
| | | | | | | | 5.30 ** |
| **SHANGRI-LA** | | | | | | | |
| HARMAN/BRYANT | | | | | | | |
| SMP THAILAND | | | | | | | |
| 007777989857724 | A2141 | 6 | 1/02-06/02 | 92.50 | 0.13 | 22.973 | 0.02 |
| 007777989857724 | A2141 | 10 | 1/02-06/02 | 92.50 | 0.08 | 22.973 | 0.01 |
| 007777989857724 | A2141 | 15 | 1/02-06/02 | 92.50 | 0.14 | 22.973 | 0.03 |
| 007777989857740 | A2141 | 24 | 1/02-06/02 | 92.50 | 0.08 | 22.973 | 0.01 |
| 007777989857748 | A2141 | 16 | 1/02-06/02 | 92.50 | 0.07 | 22.973 | 0.01 |
| 007777989857748 | A2141 | 32 | 1/02-06/02 | 92.50 | 0.10 | 22.973 | 0.02 |
| 007777989857748 | A2141 | 44 | 1/02-06/02 | 92.50 | 0.10 | 22.973 | 0.02 |
| 072438051375 | A2141 | 5 | 1/02-06/02 | 92.50 | 0.09 | 22.973 | 0.02 |
| | | | | | | | 0.16 ** |

SUN 552

SONY MUSIC PUBLISHING - FILM & TV

```
                                    R O Y A L T Y
                                    S T A T E M E N T
```

PAYEE : (6022)
BRYANT, ANNE

PAGE    2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY       TO DECEMBER  2002

* MECHANICAL STATEMENT **

| | | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|

(CONTINUED)

TRANSFORMERS   (TV SER - INCIDENTAL MUSIC)

| SHP UNITED KINGDOM | | | | | | | |
|---|---|---|---|---|---|---|---|
| A2360 | 1 | 1/02-06/02 | 92.50 | .0.18 | 22.973 | 0.04 | 0.04 ** |

WE CAN MAKE A DIFFERENCE   (FR. TV SER 'TEM')
BRYANT/BARKAN

| SHP SPAIN | | | | | | | |
|---|---|---|---|---|---|---|---|
| 0000MMBMB192    A2319 | 1000 | 1/02-06/02 | 92.50 | 14.67 | 21.973 | 3.37 | 3.37 ** |

MECHANICAL TOTAL    45.65                    10.39

SONY MUSIC PUBLISHING - FILM & TV   R O Y A L T Y   S T A T E M E N T

PAYEE : (6022)
BRYANT, ANNE

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 2002

* SYNCH & SUNDRY STATEMENT   PAGE   3

| | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| DRUM ROLL & CYMBAL   (FR. TV SER 'IEN') | | | | | | | |
| BRYANT/HARMON | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | |
| A2360 | 40 | 1/02-06/02 | 92.50 | 17.29 | 22.973 | 3.97 | 3.97 ** |
| GI JOE - CUES | | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | | |
| SMP GREECE | | | | | | | |
| G I JOE (CARTO   A2167 | | 1/02-06/02 | 92.50 | 50.34 | 15.30? | 7.70 | 7.70 ** |
| TRANSFORMERS VOCAL THEME II - UNIDENTIFIED | | | | | | | |
| KINDER/BACAL/BRYANT | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | |
| A2360 | 44 | 1/02-06/02 | 92.50 | 5.53 | 3.059 | 0.21 | 0.21 ** |
| TRANSFORMERS GENERATION 2 - CUES - UNIDENTIFIED | | | | | | | |
| BRYANT | | | | | | | |
| SMP GREECE | | | | | | | |
| TRANSFORMERS (   A2167 | | 1/02-06/02 | 92.50 | 18.49 | 45.946 | 8.49 | 8.49 ** |
| TRANSFORMERS   (TV SER - INCIDENTAL MUSIC) | | | | | | | |
| BRYANT/KINDER | | | | | | | |
| SMP GREECE | | | | | | | |
| TRANSFORMERS (   A2167 | | 1/02-06/02 | 92.50 | 293.31 | 22.973 | 67.38 | 67.38 * |
| SMP UNITED KINGDOM | | | | | | | |
| A2360 | 262 | 1/02-06/02 | 92.50 | 53.10 | 23.97? | 12.19 | 12.19 * |
| | | | | | | | 79.57 ** |
| SYNCH & SUNDRY TOTAL | | | | 438.06 | | 99.94 | |



SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (86056) BRYANT, ANNE
FOR PERIOD JULY        TO DECEMBER 2002

ROYALTY
SUMMARY

PAYEE : (6022)
BRYANT, ANNE

PAGE        6

| | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | RECE./SONG TOTAL |
|---|---|---|---|---|
| PERIOD RCVD. | | | | |
| MECHANICAL TOTAL | 45.65 | | 10.39 | |
| SYNCH & SUNDRY TOTAL | 438.06 | | 99.94 | |
| STATEMENT TOTAL | 483.71 | | 110.33 | |

SUN 555

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

**ROYALTY STATEMENT**

PAGE : (6022)
TV-LOONLAND AG
MUENCHENER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE: 1

TELEPHONE : 615-726-8326

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JANUARY TO JUNE 2003

* MECHANICAL STATEMENT **

| | | PERIOD | $ RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SHOL./SONG TOTAL |
|---|---|---|---|---|---|---|---|
| **ALONE AGAIN (FR. TV SER 'JEM')** | | | | | | | |
| BRYANT/BRYANT | | | | | | | |
| /4228415613/ | SMP BELGIUM | | | | | | |
| /4228415613/ | B1969 | 9 | 7/02-12/02 | 92.50 | 0.80 | 22.973 | 0.18 |
| | B1969 | 23 | 7/02-12/02 | 91.50 | 2.02 | 22.973 | 0.46 0.64 ** |
| **CORNY THE ADVENTURER** (TV SER - INCIDENTAL MUSIC) | | | | | | | |
| RUCKER/CRANE | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | |
| | B2247 | | 7/02-12/03 | 92.50 | 0.17 | 22.973 | 0.03 0.03 ** |
| **I'M GONNA CHANGE** | | | | | | | |
| BALLARD | | | | | | | |
| SMP CANADA | | | | | | | |
| 78C3665892 | B1970 | 180 | 7/02-12/02 | 75.00 | 7.08 | 22.973 | 1.62 |
| 78C3665892 | B1970 | 325 | 7/02-12/02 | 75.00 | 12.02 | 22.973 | 2.76 |
| 78C3665892 | B1970 | 368 | 7/02-12/02 | 75.00 | 13.61 | 22.973 | 3.12 |
| 78C3665892 | B1970 | 397 | 7/02-12/02 | 75.00 | 15.61 | 22.973 | 3.58 11.08 ** |
| **JEM VOCAL THEME** (FR. TV SER) | | | | | | | |
| BRYANT/BACLU | | | | | | | |
| MISC. MECHANICAL INCOME | | | | | | | |
| | A9413 | 500 | 9/02-09/02 | 100.00 | 37.70 | 12.500 | 8.48 8.48 ** |
| **TRANSFORMERS VOCAL THEME II - UNIDENTIFIED** | | | | | | | |
| KIRDSH/BACOL/BRYANT | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | |
| | B2247 | 53 | 7/02-12/02 | 92.50 | 10.96 | 3.859 | 0.42 |
| | B2247 | 60 | 7/02-12/02 | 92.50 | 7.61 | 3.859 | 0.29 |
| | B2247 | 107 | 7/02-12/02 | 92.50 | 13.56 | 3.859 | 0.52 1.23 ** |

**TRANSFORMERS** (TV SER - INCIDENTAL MUSIC)

SONY MUSIC PUBLISHING — FILM & TV

R O Y A L T Y
S T A T E M E N T

PAYEE : (6022)
BRYANT, ANNE

IN ACCOUNT WITH : (68054) 'BRYANT, ANNE
FOR PERIOD JANUARY ' TO JUNE 2003

MECHANICAL STATEMENT **    PAGE    2

| | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| (CONTINUED) | | | | | | |
| TRANSFORMERS (TV SER - INCIDENTAL MUSIC) | | | | | | |
| SMP UNITED KINGDOM | | | | | | |
| B2347 | 1  7/02-12/02 | 92.50 | 0.62 | 22.973 | 0.14 | 0.14 ** |
| MECHANICAL TOTAL | | 121.76 | | | 21.60 | 0.14 ** |

PAGE 2.

SONY MUSIC PUBLISHING - FILM & TV

**R O Y A L T Y**
**S T A T E M E N T**

PAYEE : (60221)
BRYANT, ANNE

PAGE    3

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2003

* SYNCH & SUNDRY STATEMENT

| | PERIOD | %<br>RCVD. | AMOUNT<br>RECEIVED | YOUR<br>SHARE | AMOUNT<br>DUE | SRCE./SONG<br>TOTAL |
|---|---|---|---|---|---|---|
| GI JOE - CUES | | | | | | |
| DOUGLAS/BRYANT/WALSH | | | | | | |
| SNP FRANCE  B2010 | 7/02-12/02 | 92.50 | 2.77 | 15.209 | 0.42 | 0.42 ** |
| MECH. PERFORM. B2010 | | | | | | |
| STRAIGHT FROM THE HEART  (FR. TV SER.'JEM') | | | | | | |
| BRYANT/BARNA | | | | | | |
| SNP GERMANY  B3032 | 7/02-12/02 | 92.50 | 51.76 | 22.973 | 11.89 | 11.89 ** |
| TRANSFORMERS VOCAL THEME II - UNIDENTIFIED | | | | | | |
| KINDER/BALOA/BRYANT | | | | | | |
| MISC. INCOME | | | | | | |
| B2671 | 2 | 1/03-03/03 | 100.00 | 0.40 | 3.780 | 0.01 |
| B2671 | 45 | 1/03-03/03 | 100.00 | 4.50 | 3.780 | 0.17 |
| A7668 | 4 | 10/02-12/02 | 100.00 | 0.40 | 3.780 | 0.01 |
| 01294 | | | | | 12.50 | 0.19 ** |

SYNCH & SUNDRY TOTAL          59.83

SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JANUARY TO JUNE 2003

ROYALTY
SUMMARY

PAYEE : (6022)
BRYANT, ANNE

PAGE    4

| PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 131.76 | | 21.60 | |
| SYNCH & SUNDRY TOTAL | | 59.83 | | 12.50 | |
| STATEMENT TOTAL | | 191.59 | | 34.10 | |

SONY MUSIC PUBLISHING - FILM & TV
P.O. BOX 1273
NASHVILLE, TN
37202

**ROYALTY STATEMENT**

PAYEE : (6021)
TV-LOONLAND AG
NUERNBERGER STRASSE 16
85774 UNTERFOEHRING
GERMANY

PAGE: 1

TELEPHONE : 615-726-8336

IN ACCOUNT WITH : (06054) BRYANT, ANNE

FOR PERIOD JULY    TO DECEMBER 2003

* MECHANICAL STATEMENT **

| | | | PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | EXCL./SONG TOTAL |
|---|---|---|---|---|---|---|---|---|
| **I'M GONNA CHANGE** | | | | | | | | |
| BALLARD | | | | | | | | |
| SMP CANADA | | | | | | | | |
| 78G3665692 | C1413 | 78 | 1/03-06/03 | 75.00 | 3.13 | 22.973 | 0.71 | |
| 78G3665892 | C1413 | 99 | 1/03-06/03 | 75.00 | 3.98 | 22.973 | 0.91 | |
| 78G3665992 | C1413 | 216 | 1/03-06/03 | 75.00 | 8.60 | 22.973 | 1.99 | |
| 78G3665892 | C1413 | 239 | 1/03-06/03 | 75.00 | 12.02 | 22.973 | 2.76 | 6.37 ** |
| | | | | | | | | |
| **TRANSFORMERS MAIN THEME** (TV SER) | | | | | | | | |
| BRYANT/KINDER | | | | | | | | |
| TURN UP THE MUSIC, INC. | | | | | | | | |
| TUTM1044 | C0814 | 211 | 1/03-03/03 | 100.00 | 7.95 | 22.500 | 1.70 | |
| TUTM1444 | C0843 | 211 | 1/03-07/03 | 100.00 | 7.95 | 22.500 | 1.70 | 3.55 ** |
| | | | | | | | | |
| **TRANSFORMERS VOCAL THEME II - UNIDENTIFIED** | | | | | | | | |
| KINDER/BACAL/BRYANT | | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | | |
| | C1722 | 7 | 1/03-06/03 | 92.50 | 1.43 | 3.859 | 0.05 | |
| | C1722 | 24 | 1/03-06/03 | 92.50 | 3.12 | 3.859 | 0.12 | |
| | C1722 | 32 | 1/03-06/03 | 92.50 | 4.30 | 3.859 | 0.16 | |
| | C1722 | 40 | 1/03-06/03 | 92.50 | 5.37 | 3.859 | 0.20 | |
| | C1724 | 104 | 1/03-06/03 | 92.50 | 22.78 | 3.859 | 0.87 | 1.40 ** |
| | | | | | | | | |
| **TRANSFORMERS** (TV SER - INCIDENTAL MUSIC) | | | | | | | | |
| BRYANT/KINDER | | | | | | | | |
| MISC. MECHANICAL INCOME | | | | | | | | |
| | B9335 | 1000 | 4/03-04/03 | 100.00 | 37.70 | 22.500 | 8.48 | |
| | B9400 | 1000 | 4/03-04/03 | 100.00 | 37.70 | 22.500 | 8.48 | |
| | | | | | | | | |
| SMP UNITED KINGDOM | | | | | | | | |
| | C1722 | 1 | 1/03-06/03 | 92.50 | 1.23 | 22.973 | 0.28 | |
| | C1722 | 5 | 1/03-06/03 | 92.50 | 0.66 | 22.973 | 0.15 | |
| | C1722 | 9 | 1/03-06/03 | 92.50 | 3.24 | 22.973 | 0.74 | |
| | C1724 | 11 | 1/03-06/03 | 92.50 | 2.44 | 22.973 | 0.56 | |
| | C1722 | 11 | 1/03-06/03 | 92.50 | 3.66 | 22.973 | 0.84 | 16.95 * |

21.59 **

SUN 561

SONY MUSIC PUBLISHING - FILM & TV

**R O Y A L T Y**
**S T A T E M E N T**

PAYEE : (6022)
BRYANT, ANNE

\*\* MECHANICAL STATEMENT \*\*    PAGE    2

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY          TO DECEMBER 2003

| PERIOD | % RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SHRS./SONG TOTAL |
|---|---|---|---|---|---|
| MECHANICAL TOTAL | | 176.41 | | 32.92 | |

SONY MUSIC PUBLISHING - FILM & TV

ROYALTY STATEMENT

PAYEE : (6022)
BRYANT, ANNE

PAGE 3

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY TO DECEMBER 2003

* SYNCH & SUNDRY STATEMENT

| | PERIOD | RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SRCE./SONG TOTAL |
|---|---|---|---|---|---|---|
| JEM VOCAL THEME (FR. TV SER) BRYANT/BACAL MTV NETWORKS VRITLOV2TB803 C6318 | 10/03-10/03 | 100.00 | 2500.00 | 22.500 | 562.50 | 562.50 ** |
| TRANSFORMERS VOCAL THEME II - UNIDENTIFIED KINDER/BACAL/BRYANT SHP UNITED KINGDOM C1721 | 42 1/03-06/03 | 92.50 | 28.25 | 3.859 | 1.09 | 1.09 ** |
| SYNCH & SUNDRY TOTAL | | | 2528.25 | | 563.59 | |



SONY MUSIC PUBLISHING - FILM & TV

IN ACCOUNT WITH : (06054) BRYANT, ANNE
FOR PERIOD JULY    TO DECEMBER 2003

R O Y A L T Y
S U M M A R Y

PAYEE : (6022)
BRYANT, ANNE

PAGE    4

| PERIOD RCVD. | AMOUNT RECEIVED | YOUR SHARE | AMOUNT DUE | SACE./SONG TOTAL |
|---|---|---|---|---|
| MECHANICAL TOTAL | 176.43 | | 12.92 | |
| SYNCH & SUNDRY TOTAL | 2528.25 | | 563.59 | |
| STATEMENT TOTAL | 2704.68 | | 596.51 | |