# EXHIBIT 92

# DECISION AND ORDER

To commence the statutory time period of appeals as of right (CPLR 5513[a]), you are advised to serve a copy of this order, with notice of entry, upon all parties.

```
FILED AND ENTERED
ON _____ 2002
    ROCKLAND
 COUNTY CLERK
```

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, ROCKLAND COUNTY

Present: HON. ANDREW P. O'ROURKE
         Supreme Court Justice

FILED SS

DEC - 3 2002
ROCKLAND COUNTY
CLERK'S OFFICE

------------------------------------------------X
ANNE BRYANT,
                                    Plaintiff,
         -against-                              Index No. 2821/02
                                                Motion Date: 11/22/02
SUNBOW PRODUCTIONS, INC.

                                    Defendant.
------------------------------------------------X

The following papers numbered 1 to 11 were read on this motion by defendant for an Order dismissing this action pursuant to CPLR 3211, subdivision (a), paragraphs 1,5 and 7, etc., and on this cross-motion for an Order pursuant to CPLR 3025, subdivision (b) granting plaintiff the right to serve an amended complaint.

Notice of Motion  - Affirmation (Zalesin) -   Exhs. (A - D) ..... 1 - 3
Notice of Cross-Motion - Affirmation (Monaghan) - Exh. ......... 5 - 7
Amended Complaint - Affidavit (Bryant) - Exhs. (A-G) ........... 8 - 10
Answering Affidavit (Zalesin) .................................. 11
Memoranda of Law ............................................... 4

Upon the foregoing papers it is Ordered that these motions are disposed of as follows:

The pertinent facts have been set forth by this Court in prior Decisions and Orders in a related action commenced under Rockland County Index No. 5192/00 and thus will not be restated herein except to the extent necessary for an understanding of the Court's analysis with respect to the instant motions. The crux of the instant complaint is

93 4749

that defendant Sr̄ ow Productions, Inc. (Sr̄ ow), which plaintiff alleges was at one time owned by Griffin Bacal, Inc.[1], an agency that produced commercials on behalf of its clients and to which plaintiff and her then partner Ford Kinder had submitted their collaborative musical and lyrical advertising jingles, wrongfully had effected re-registrations of plaintiff's musical compositions in ways designed to financially benefit Kinder and Bacal.

Defendant is now moving to dismiss the complaint, which pleads claims for conversion, accounting and prima facie tort and seeks compensatory and punitive damages. Defendant claims that the causes of action pleading conversion and prima facie tort both are subject to a three year Statute of Limitations, thus rendering plaintiff's allegations of wrongful re-registration of her musical compositions by defendant in 1988, 1994, 1996 and 1998 all untimely. With respect to plaintiff's claim for an accounting to which a six year statute of limitations applies, defendant maintains that any claims regarding re-registrations which are alleged to have occurred prior to 1996 are also all time-barred.

Additionally, defendant contends that documentary evidence exists in the form of plaintiff's interrogatory responses which demonstrate that plaintiff, by examination of statements from Broadcast Music Inc. (BMI), had been aware of certain discrepancies in the credit

---

[1] Plaintiff alleges that Griffin Bacall, Inc. was owned and operated by Jules "Joe" Bacall.

-2-

given to her for her compositions since 1992, that reasonable diligence at that time would have uncovered the alleged unauthorized registrations about which plaintiff complains herein and that her ten-year delay in asserting her claims necessarily warrants dismissal of all of the claims as time-barred.

As a final basis for dismissal, defendant submits that plaintiff has failed to state any viable cause of action. Specifically, defendant argues that plaintiff has failed to allege any factual basis of defendant's alleged wrongdoing and that her conversion claim fails because, other than stating that defendant was at one time owned by GBI, there are no allegations supporting any claim that defendant had exercised any control over plaintiff's BMI registrations or royalty income. According to defendant, plaintiff merely alleges in conclusory fashion that Sunbow had "caused" and "effected" or "transferred and altered" plaintiff's composition registrations without anywhere specifying or identifying the means by which Sunbow had been able to cause the alleged registration changes.

The complaint also fails to state a cause of action for an accounting, defendant argues, because not only does the complaint fail to allege as a necessary element the existence of a fiduciary relationship between the parties, but it fails to even allege facts demonstrating that any relationship had existed between them.

Nor does the complaint satisfy the pleading requirements to establish a viable claim for prima facie tort, according to defendant.

Defendant submits that not only does plaintiff assert facts tending to plead a cause of action for fraud, the existence of such a traditional tort rendering a cause of action for prima facie tort improper, but plaintiff cannot plead the necessary element of "disinterested malevolence" because if defendant had effected the registrations as alleged its motive for doing so would have been self-interest and pecuniary profit. Also lacking from plaintiff's prima facie tort claim is any allegation of special damages, which defendant argues is a necessary element of such cause of action which must be pleaded with specificity.

Alternatively, in the event the Court were inclined to deny defendant's dismissal motion, defendant requests that plaintiff be ordered pursuant to CPLR 3024, subdivision (a) to furnish a more definite statement so as to remedy the allegedly vague and ambiguous complaint.

In response to defendant's dismissal motion, plaintiff is cross-moving for an Order granting her permission to serve an amended complaint deleting the previously asserted causes of action and instead pleading causes of action for constructive trust and unjust enrichment based upon this Court's analysis as set forth in its Decision and Order dated September 26, 2002, in the action under Index No. 5192/00, finding that such claims are viable as against defendant Bacal. According to plaintiff, defendant Sunbow and Bacal "have a community, if not identity, of interests and the issues are similar." Bacal had been the

-4-

93 PAGE 4752

chairman and director of Griffin-Bacal, Inc. and had co-owned defendant Sunbow with Tom Griffin. Sunbow in turn had owned Wildstar Music and Starwild Music, both of which evidentially are shown in BMI's catalog to have publishing rights to two of plaintiff's works, JEM and Transformers.[2] Additionally, plaintiff claims that the evidence establishes that Sunbow had been marketing videos using plaintiff's compositions, including the JEM, G.I. Joe and Transformers compositions, and that Bacal's son, Jay Bacal, is listed as the director on the Transformer video. It is plaintiff's contention that "to the extent that Bacal may have been unjustly enriched and had obligations to plaintiff, those issues do not cease because Bacal transferred rights to Sunbow and Sony. Sunbow took any such rights with notice of plaintiff's interests." Plaintiff submits that the proposed amended claims are not only meritorious but that defendant cannot demonstrate any prejudice since the action is in its infancy.

Addressing defendant's statute of limitations argument, plaintiff contends that the first time that she had information concerning the claims at bar was in 2000 when she had received a copy of her catalog from BMI and that the commencement of this suit in 2002 is timely. Moreover, plaintiff argues that there is a continuing wrong against her being committed by defendant and others as they continue to receive payments for her compositions.

---

[2] Sunbow had been sold to SONY in 1998.

-5-

Addressing first plaintiff's cross-motion to serve an amended complaint, same is granted as unopposed and without prejudice to defendant's rights to make whatever motion it deems appropriate with respect thereto. The amended complaint in the form annexed to the cross-moving papers is deemed served as of the date of entry of this Decision and Order. Defendant shall have the statutory time in which to answer.

Defendant's motion to dismiss is denied as moot because the amended complaint omits those improper claims for which plaintiff had sought dismissal.

Finally, the parties shall appear before the undersigned at 9:30 a.m. on January 30, 2003 for a preliminary conference. This date may not be adjourned without the Court's permission. Any party's failure to appear may result in the imposition of costs and/or sanctions.

Dated: December 2, 2001
       New City, New York



ANDREW P. O'ROURKE
J.S.C.

BOOK 9C PAGE 4754

-6-

Patterson, Belknap, Webb & Tyler LLP
Attys. For Deft.
1133 Avenue of the Americas
New York, New York 10036-6710

Monaghan, Monaghan, Lambs & Marchisco
Attys. For Deft.
150 West 55th Street, Ste. IG
New York, New York 10022