# EXHIBIT 100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

--------------------------------------X

ANNE BRYANT,

                                                      Index No. 5192/00

                  Plaintiff,  Hon. Andrew P. O'Rourke

    -against-

                                  **NOTICE OF MOTION TO
VACATE EX PARTE FINAL
JUDGMENT ENTERED** May 8,
2007

BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                       Defendants.

--------------------------------------X

| SERIAL NO. | 401 |
|---|---|
| SERVED | |
| RECEIVED | |
| FILED | |

S5576-017A

ANNE BRYANT,

                                       Index No. 2821/02

                  Plaintiff,      Hon. Andrew P.
                                        O'Rourke

        -against-

SUNBOW PRODUCTIONS, INC.,

Defendant.

--------------------------------------X

        **PLEASE TAKE NOTICE**, that upon the annexed Affirmation

of Patrick J. Monaghan, dated on the 23rd day of May, 2007, and

the exhibits annexed thereto, and upon all prior pleadings and

proceedings heretofore and herein, Plaintiff ANNE BRYANT

("Plaintiff") by her attorneys MONAGHAN, MONAGHAN, LAMB &

MARCHISIO, LLP, will move this Court before the Honorable

Andrew P. O'Rourke, J.S.C. at the Courthouse located at 40 Gleineida Ave., Carmel, New York on, on the 6th day of June, 2007 at 9:30 a.m. or as soon thereafter as Counsel can be heard for an Order:

      a.    Vacating the "Final" Judgment entered <u>ex parte</u> by the Clerk, May 8, 2007 in the Rockland County Clerk's Office pursuant CPLR §5015 and CPLR 5016 (c); and

      b.    Granting Plaintiff such other, further and different relief as the Court may deem just and proper including costs and fees.

PLEASE TAKE FURTHER NOTICE that pursuant to CPLR §2214(b) demand is hereby made that any answering affidavits and all memorandum of law, if any, are to be served upon the undersigned at least (7) days before the time at which this motion is to be heard.

Dated:    New York, New York
       May 23, 2007

                 MONAGHAN, MONAGHAN,
                 LAMB & MARCHISIO LLP

By:      _____
                 Patrick J. Monaghan, Jr.
                 Attorney for Plaintiffs
                 401 East 65th Street, Suite 10C
                 New York, New York 10021
                 (212) 541-6980 Phone
                 (212) 541-6994 Fax

TO:  Gloria C. Phares, Esq.
     PATTERSON BELKNAP WEBB & TYLER LLP
     1133 Avenue of the Americas
     New York, New York 10112

     Judith M. Saffer, Esq.
     Broadcast Music, Inc.
     320 West 57th Street
     New York, New York 10019

S:\MATTERS\3689 Bryant v Sunbow BMI\Motions\Motion To Vacate Final Judgment\NOM.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------X
ANNE BRYANT,

                                            Index No. 5192/00

                           Plaintiff,

   -against-

BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                        Defendants.
----------------------------------------X
ANNE BRYANT,

                                            Index No. 2821/02

                    Plaintiff,

           -against-               **AFFIRMATION IN**
                                       **SUPPORT OF PLAINTIFF'S**
SUNBOW PRODUCTIONS, INC.,            **MOTION TO VACATE EX**
                                        **PARTE FINAL**
                                        **JUDGMENT ENTERED**
                                        **MAY 8, 2007**

Defendant.
----------------------------------------X

      PATRICK J. MONAGHAN, JR., an attorney and member of the Bar of New York affirms, under penalty of perjury in accordance with the CPLR, the following:

1

1.    I am a member of MONAGHAN, MONAGHAN, LAMB &
MARCHISIO  LLP,  attorneys  for  Plaintiff  ANNE  BRYANT
("Plaintiff") and submit this Affirmation and accompanying
Memorandum in Support of Plaintiff's Motion pursuant to
CPLR 5015 (a) (3) to vacate the Final Judgment filed ex
parte with the Rockland County Clerk's Office on May 8,
2007 and annexed hereto as Exhibit "A."

2.    Since the Court's Decision   and Order of
March 9, 2007 was not for monetary relief, and further did
not direct the Clerk to enter Judgment, the Clerk was
without authority to enter it and it must be vacated (CPLR
5016(c)).   Furthermore, this "Final Judgment" is a blatant
and transparent effort to obtain ex parte, significantly
more than the Court granted- i.e. a judgment on the merits
versus a judgment on the sufficiency of the pleadings and
prima facie evidence thereof.

## EX PARTE - NO SERVICE

3.    Each of the above documents including the
Final Judgment and Affirmation of Gloria C. Phares In
Support of Sunbow Productions, Inc.'s Proposed Judgment and
Bill Of Costs was already filed with the Rockland County
Clerk's Office on May 8, 2007, prior to service upon the
Plaintiff. See Exhibits "A" and "B."

2

only circumstances allowing entry by the Clerk. Therefore, the Court should have determined the form of the Judgment **on motion** pursuant to CPLR §5016(c).

8. However, no such motion was ever filed and Sunbow's Counsel intentionally submitted the Final Judgment to the Clerk for signature <u>ex</u> <u>parte</u> apparently hoping we and Plaintiff would give up- this is not going to happen.

THE FINAL JUDGMENT, FILED MAY 8, 2007, IS ERRONEOUS

9. Specifically, the FINAL JUDGMENT makes the incorrect statement that "…the issues have been duly tried…." and that the case was dismissed "…with prejudice…" *See* Exhibit "A" at ¶2. A reading of the Ruling of March 9, 2007 (Exhibit C) indicates that the Court merely found that Plaintiff, prior to the close of her case, had not made out a claim for equitable accounting against either Defendant BMI or Sunbow Productions, LTD. This is a ruling on the sufficiency of the proofs versus the pleadings not the merits. The Court actually made findings as to the underlying agreement, finding that "Plaintiff is entitled to whatever rights still exist under her agreement with Defendants" (Decision March 9, 2007). Defendant's version of the Judgment is incorrect.

4

10.  As such, the FINAL JUDGMENT does not conform to the DECISION AND ORDER of the Court (dated March 9, 2007 and entered March 13, 2007) upon which it is based.

### THE ISSUES HAVE NOT BEEN DULY TRIED

11.  As  Defendant  SUNBOW  and  this  Court  are aware, Plaintiff did not complete its case and not all of the issues have been duly tried.  After many motions and appeals, this  case  went  to  trial  on  July  6,  2004. Thereafter, the case resumed again on October 29, 2004 and again on December 6, 2006.  During Plaintiff's case, Defendant SUNBOW made a motion to dismiss Plaintiff's claims pursuant to C.P.L.R. §4401 and §3211.

12.  As Plaintiff was unable to complete her full case and put forth all evidence necessary to support her claim, the issues in this case have NOT been fully tried as erroneously  stated  in  SUNBOW's  one-sided  ex  parte interpretation of the Decision and Order.

### PLAINTIFF'S CASE WAS NOT DISMISSED WITH PREJUDICE

13.  As discussed in the accompanying Memorandum of Law, under to C.P.L.R. 5013, "[a] judgment dismissing a cause of action before the close of proponent's evidence is not  a  dismissal  on  the  merits  unless  it  specifies otherwise...."

5

14.   However, nowhere in the Decision and Order does it state that the case was dismissed with prejudice or that the dismissal was on the merits.   These words were added solely by SUNBOW.

15.   In order to carry into effect the Decision and Order of Hon. Andrew P. O'Rourke, it is necessary that the Judgment filed be vacated and set aside and so that a new judgment correctly embodying the Court's determination can be prepared and entered on notice.

16.   For the foregoing reasons, Plaintiff's motion must be granted and the FINAL JUDGMENT vacated.

New York, New York
May 23, 2007

PATRICK J. MONAGHAN, JR.

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
————————————————————————X

ANNE BRYANT,

                                  Plaintiff,

      -against-

BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                              Defendants.
————————————————————————X

ANNE BRYANT,

                                  Plaintiff,

      -against-

SUNBOW PRODUCTIONS, INC.,

                                  Defendant.
————————————————————————X

Index No. 5192/00

NOTICE OF ENTRY

Index No. 2821/02

PLEASE TAKE NOTICE that the Decision and Order by the Honorable Andrew P.
O'Rourke, J.S.C., dated March 9, 2007 and annexed hereto, is a true copy and was duly entered
by the Clerk of the Supreme Court of the State of New York, County of Rockland, at the
Courthouse located at 27 New Hempstead Road, New City, New York on March 13, 2007.

Dated: New York, New York
      March 20, 2007

                          MONAGHAN, MONAGHAN,
                          LAMB & MARCHISIO LLP

By: _____
                          Patrick J. Monaghan, Jr.
                          Attorney for Plaintiff
                          150 West 55th Street
                          New York, New York 10019
                          (212) 541-6980

                              —and—

                          28 West Grand Avenue
                          Montvale, New Jersey 07645
                          (201) 802-9060

TO:   Gloria C. Phares, Esq.
       PATTERSON BELKNAP WEBB & TYLER LLP
       1133 Avenue of the Americas
       New York, New York 10112

       Judith M. Saffer, Esq.
       Broadcast Music, Inc.
       320 West 57th Street
       New York, New York 10019

S:\MATTERS\3689 Bryant v Sunbow BMI\Pleading\Notice Of Entry 3507 Order.doc

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------x
                      :

ANNE BRYANT,
                      :

              Plaintiff,        :    Index No. 5192/00

                      :    Hon. Andrew P. O'Rourke

          v.            :

BROADCAST MUSIC, INC., (a/k/a "BMI"),
CLIFFORD A. "FORD" KINDER, KINDER &amp;  :
CO., LTD., VADIVOX, LTD., JULES M. "JOE"
BACAL, GRIFFIN BACAL, INC., STARWILD  :
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC., and JOHN  :
AND JANE DOES 1-10,
              Defendant.    :

                      :

**FILED**

MAY - 8 2007

ROCKLAND COUNTY
CLERK'S OFFICE

---------------------------------------------------------------x

ANNE BRYANT,
                      :    Index No. 2821/02

              Plaintiff,        :

                      :    Hon. Andrew P. O'Rourke

          v.            :

SUNBOW PRODUCTIONS, INC.,
                      :

              Defendant.    :

---------------------------------------------------------------x

### FINAL JUDGMENT

      WHEREAS the issues in this action have duly come on to be heard before

the Honorable Andrew P. O'Rourke, a justice of this Court, without a jury, at the

Rockland County Courthouse, located at 1 South Main Street, New City, NY 10956,

beginning on July 6, 2004; were discontinued several days later; then resumed on

October 29, 2004; and then further resumed on December 6, 2006, at the Putnam County

courthouse, located at 40 Gleneida Avenue, Carmel, NY 10512; and

    WHEREAS the plaintiff, Anne Bryant, appeared by her attorney, Patrick J.

Monaghan, and the defendant Sunbow Productions, Inc. appeared by its attorney

Gloria G. Phares, and defendant Broadcast Music, Inc., appeared by its attorney, Judith

M. Saffer; and

    WHEREAS the issues have been duly tried, and defendants moved the

Court for an order dismissing plaintiff's claims pursuant to Sections 4401 and 3211 of

the New York Civil Practice Laws and Rules; and

    WHEREAS the Court after due deliberation duly made and filed a

decision in writing on the 9th day of March, 2007, in favor of the defendants, and

against the plaintiff, dismissing the case with prejudice and costs and disbursements;

and

    WHEREAS that decision has been noticed to the parties on the 20th day of

March 2007; and

    WHEREAS the costs and disbursements of the defendant Sunbow having

been duly taxed by the Clerk of this Court in the sum of _____*950.ᵒᵒ*_____ Dollars;

    NOW, on motion of Gloria C. Phares, attorney for defendant Sunbow, it is

Ordered, Adjudged and Decreed, that the complaint is dismissed in its entirety with

prejudice, judgment is entered for defendants Sunbow Productions, Inc. and Broadcast

Music, Inc., including the costs and disbursements of Sunbow Production, Inc. in the

*LOCATED AT ROYALTY HOUSE, 72-74 DEAN ST. , LONDON, ENGLAND W1D 3SG,*

2

amount of ___450.00___ and against the plaintiff, Anne Bryant, residing at P.O.

Box 418, Stony Point, New York, 10980.

Judgment signed this ___ day of May, 2007.

PAUL PIPERATO
ROCKLAND COUNTY CLERK

_____

Clerk

MAY - 8 2007

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------x
                                            :
ANNE BRYANT,                                :
                                            :
                        Plaintiff,          :     Index No. 5192/00
                                            :
            v.                              :     Hon. Andrew P. O'Rourke
                                            :
BROADCAST MUSIC, INC., (a/k/a "BMI"),       :
CLIFFORD A. "FORD" KINDER, KINDER &         :
CO., LTD., VADIVOX, LTD., JULES M. "JOE"    :
BACAL, GRIFFIN BACAL, INC., STARWILD        :
MUSIC BMI, WILDSTAR MUSIC ASCAP,            :
SUNBOW PRODUCTIONS, INC., and JOHN          :
AND JANE DOES 1-10,                         :
                        Defendant.          :
                                            :
----------------------------------------------------x
                                            :
ANNE BRYANT,                                :
                                            :
                        Plaintiff,          :     Index No. 2821/02
                                            :
            v.                              :     Hon. Andrew P. O'Rourke
                                            :
SUNBOW PRODUCTIONS, INC.,                   :
                                            :
                        Defendant.          :
                                            :
----------------------------------------------------x

## BILL OF COSTS

**Costs**

| | |
|---|---|
| $200.00 | Proceedings before a note of issue was filed (§ 8021(1)) |
| $200.00 | Proceedings after a note of issue is filed (§ 8021(2)) |
| $300.00 | Proceedings for each trial (§ 8021(3)) |

COSTS AND DISBURSEMENTS
TAXED AT $ _950_ ~

PAUL PIPERATO
ROCKLAND COUNTY CLERK

MAY - 8 2007

**Disbursements**

$ 250.00     Fees for taking and making two transcripts of testimony on an
             examination before trial, not exceeding two hundred and fifty dollars in
             any one action (§8301(a)(9))

**Total Costs and Disbursements**

$950.00

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
————————————————————— x

ANNE BRYANT,
       :

     Plaintiff,    :    Index No. 5192/00

       :

     v.     Hon. Andrew P. O'Rourke

BROADCAST MUSIC, INC., (a/k/a "BMI"),
CLIFFORD A. "FORD" KINDER, KINDER & :
CO., LTD., VADIVOX, LTD., JULES M. "JOE"
BACAL, GRIFFIN BACAL, INC., STARWILD :
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC., and JOHN :
AND JANE DOES 1-10,
      Defendant.   :

       :

————————————————————— x

ANNE BRYANT,     :

       :    Index No. 2821/02

     Plaintiff,    :

       :    Hon. Andrew P. O'Rourke

     v.     :

SUNBOW PRODUCTIONS, INC.,   :

       :

      Defendant.   :

       :

————————————————————— x


### AFFIRMATION OF GLORIA C. PHARES IN SUPPORT OF
### SUNBOW PRODUCTIONS, INC.'S PROPOSED JUDGMENT AND BILL OF COSTS

     GLORIA C. PHARES, an attorney admitted to practice before the courts of

this State, makes the following affirmation under penalty of perjury:

1.    I am a member of the firm Patterson Belknap Webb & Tyler LLP,

attorneys for Defendant Sunbow Productions, Inc. ("Sunbow"), and admitted to

practice in the State of New York. I submit this affirmation in support of Defendant

Sunbow's proposed Judgment and Bill of Costs in this case. I have personal knowledge

of the matters set forth herein.

2.    On March 9, 2007, this Court issued a Decision and Order

dismissing the case "with costs and disbursements." The Decision and Order was

entered on March 20, 2007. A true and correct copy of the Decision and Order is

attached hereto as Exhibit A.

3.    Defendant Sunbow Productions, Inc., hereby submits its Proposed

Judgment upon the Decision and Order of this Court pursuant to CPLR § 5016(c).

4.    In accordance with the Decision and Order of this Court, Defendant

Sunbow seeks to recover costs and disbursements related to the trial of the matter.

5.    The Bill of Costs states costs available pursuant to CPLR § 8201.

6.    The Bill of Costs states disbursements available pursuant to CPLR §

8301(a)(9) paid to procure the transcript of the deposition of the plaintiff, Anne Bryant.

Dated:    New York, N.Y.
          May 8, 2007

                                        _____
                                             Gloria C. Phares

Exhibit C

## DECISION AND ORDER

To commence the statutory
period of appeals as of right
CPLR (5515 [a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, ROCKLAND COUNTY

Present: Hon. Andrew P. O'Rourke
           Supreme Court Justice

  FILED MS

MAR 13 2007  9 -
ROCKLAND COUNTY
CLERK'S OFFICE

-------------------------------------------------X

ANNE BRYANT,

                Plaintiff,

        -against-

BROADCAST MUSIC, INC., (a/k/a "BMI") CLIFFORD
A. "FORD" KINDER, KINDER & CO., LTD.,
VADIVOX, LTD., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD MUSIC BMI,
WILDSTAR MUSIC ASCAP, SUNBOW
PRODUCTIONS, INC., and JOHN AND JANE
DOES 1-10,

                Defendants.

INDEX NO.: 5192/2000
ACTION #1

-------------------------------------------------X

ANNE BRYANT,

                Plaintiff,

        -against-

SUNBOW PRODUCTIONS, INC.,

                Defendant.

INDEX NO.: 2821/2002
ACTION #2

-------------------------------------------------X

1

The following documents numbered 1 to ___ were read on these motions:

| | |
|---|---|
| Defendant Sunbow's motion to dismiss with exhibits | 1-10 |
| Plaintiff's cross motion for judgment | 11-14 |
| Defendant Sunbow's affirmation by Phares with exhibits | 15-18 |
| Defendant BMI's motion to dismiss | 19-25 |
| Plaintiff's affirmation by Monaghan in opposition | 26-31 |
| Plaintiff's sur-reply to motion | 32-44 |
| Plaintiff's affirmation by Koric in opposition and support | 45-57 |
| Defendant's affirmation by Alison Smith in opposition | 58-63 |
| Defendant's affirmation of Knapp in opposition to sur-reply | 64-67 |
| Plaintiff's notice of motion to allow more testimony with exhibits | 68-88 |
| Plaintiff's briefs and memoranda | |
| Defendant's briefs and memoranda | |
| Trial testimony: July 6, 7, 8, 9 and 21, 2004 | |
| and December 1, 4, 5, 6 and 11, 2006 | |

This long and complicated case concerns the attempts by Plaintiff to reconcile her belief that she has not been sufficiently recompensed for her obvious talent, artistry and musical abilities. Defendant Sunbow's position is that they have always paid her that which she bargained for as a "work-for-hire" musician. Defendant BMI denies that they have caused registrations or re-registration of Plaintiff's musical works.

The history of these involved actions span a multiplicity of motions, appeals, testimony and exhibits. All of this has been set forth in the many Court decisions and in the trial record and

2

will not be reiterated here except as necessary.

The Plaintiff's amended complaint against Sunbow Productions Inc. (Sunbow) states two causes of action: the first is for unjust enrichment and the second is for constructive trust. Plaintiff claims that Broadcast Music Inc. (BMI) forwarded her share of royalties to improper parties including Sunbow as well as the other Defendants in action number 1.

During the last phase of this non-jury trial (December 6- 11, 2006) the court had limited Plaintiff to proof that there were oral as well as written contracts between the parties. In the very beginning of these cases Plaintiff claimed that there were no written contracts between Plaintiff and Defendant Sunbow. When Sunbow produced signed copies of such contracts and the testimony of Sunbow's then lawyer, was that Sunbow only did business on the basis of signed contracts, the Court found that there were signed contracts.

The Plaintiff claimed that certain of her signatures were forgeries. A framed issue hearing was held thereon. Defendant Sunbow produced an expert witness and Plaintiff produced no witnesses on this issue. The Court decided that the signatures were genuine and that the Plaintiff could proceed to introduce such evidence, as she had, that there were oral agreements as well as written ones between the parties.

While on the stand under cross-examination (Dec. 5, 2006) Plaintiff admitted that there were no oral agreements, except as to discussion of terms and conditions all of which became part of the later written agreements.

At this point, Sunbow moved to dismiss the case based on the admissions of Plaintiff although the Plaintiff had not formally rested. Thus arises this motion to dismiss. Plaintiff moves for an order conforming the pleadings to the proof and for an action for an accounting

3

based on contract law, which was not included in the aforementioned amended complaint.

Sunbow claims that Plaintiff's claim for unjust enrichment and constructive trust are no longer in the case since the Court ruled on December 4, 2006 that Plaintiff's position vis-a-vis oral agreements, a necessary element, were no longer in the case. Sunbow states that Plaintiff is not entitled to a contractual accounting. This cause of action having been abandoned by Plaintiff as she pursued causes of action for an equitable accounting. Defendant Sunbow states that Plaintiff has failed to establish the necessary elements for an equitable accounting since the basis was contractual and there was inter alia no mutual and confidential nature existing between BMI, Sunbow and Plaintiff. Moreover, Plaintiff admitted on the stand that Sunbow had never received performance royalties for Plaintiff's work (trial transcript p. 32, July 9, 2004). Sunbow objects to Plaintiff's motion under CPLR 3025 (c) to amend the pleadings to the proof, claiming that the issue in this case had been limited by Court decisions and testimony to the last remaining issue of oral agreements, which Plaintiff agreed under oath were not there. Moreover, Sunbow states that Plaintiff already has a contractual legal remedy under the Sunbow Contracts (trial ex. M, Section 6 (b) ) which provided Plaintiff with the right to inspect Sunbow's books and records dealing with Plaintiff and her predecessor entity of Kinder & Bryant. This paragraph includes a provision limiting Plaintiff to protest in writing and within one year from date of Sunbow's report.

BMI also moves to dismiss Plaintiff case, stating that Plaintiff's remedy with respect to BMI was to commence an arbitration proceeding which Plaintiff has failed to do. Plaintiff has received royalty statements from BMI and during the discovery phase of this case has again received copies thereof.

4                    3                4

Plaintiff's agreement with BMI sets up a conflict resolution procedure (trial ex. 1, Paragraph 18) allowing for arbitration. The Plaintiff has never exercised her right and has rather sought relief in this Court. Lastly, BMI states that Plaintiff has produced no evidence of "fraudulent re-registrations" of any of Plaintiff's works.

Plaintiff states in opposition that she is entitled to a judgment directing Sunbow to account to Plaintiff "for its admitted responsibility to pay her publishing royalties..." (Korik affirmation, 12/8/06, p. 2) although Plaintiff has settled her claims against both Defendants' Kinder and Bacal, Plaintiff claims that they had a fiduciary relationship with Sunbow and thus Plaintiff is entitled to an equitable accounting.

Sunbow's reply affirmation of December 8, 2006 attached 18 exhibits that advance its position that this Court has already ruled that "there were written and valid signed contracts between Plaintiff and Defendant Sunbow" (Decision of June 12, 2006). This Court's letter of August 10, 2006 stating "If Plaintiff intends to now say there were oral contracts, it is up to her to prove this especially in the face of the integration or merger clauses." Copies of the trial transcript for December 4, 2006 are attached to show that Plaintiff recanted that there were any oral agreements that were not finally merged into the written agreements. Sunbow through its attorneys forwarded a list of all moneys paid by Sunbow to Plaintiff (trial ex. 48).

Attached also to the Sunbow affirmation in Support inter alia is a letter from Attorney William Dobishinsky, claiming to represent his clients (Kinder and Bryant) seeking changes in the "JEM" and "My Little Pony" agreement. This letter is written to attorney Robert Harris, the then lawyer for Sunbow. An answer letter from Harris to Dobishinsky is also attached (trial exs. H and I). The purpose of this correspondence is that Sunbow would not give Plaintiff additional

money for audio recordings, videocassettes or masters produced by Plaintiff embodied in commercial distribution.

In reply BMI states that the Plaintiff's own expert (Berman) conceded that Plaintiff does not own or control the use of the musical compositions at issue in these cases. BMI was willing to arbitrate these issues but Plaintiff refused not withstanding the Order of this Court dated February 27, 2001. BMI contends that Plaintiff specifically instructed the Defendant Bacal not to Cooperate with BMI to re-order the Plaintiff's catalogues. BMI states it has not breached any duty toward Plaintiff, and points to BMI's agreement to pay Plaintiff royalties (trial ex. 1 at para. 7) to show that BMI has furnished statements to Plaintiff as to said royalties, which have not been challenged. Plaintiff states that the very fact of this suit is sufficient challenges.

Plaintiff filed a "sur-reply" which while not proper in the CPLR was accepted and read in this matter. The thrust of this sur-reply was that BMI had waived its right to an arbitration by appearing and participating in the trial of this matter. The court rejects this since it strongly suggested that BMI participate. Moreover Plaintiff states that her e-mail to Kinder not to cooperate with BMI to secure re-registration of Plaintiff's works was an attempt to redress her past wrongs and not to give anything further in the settlement. However she was defeating her own position in the settlement and allowing Kinder to continue receiving her purported royalties.

In the beginning of this case Plaintiff argued that her case was based upon unjust enrichment and a constructive trust based on unjust enrichment (trial transcript June 6, 2004, p. 10). Since that time Plaintiff has failed to prove any confidential or fiduciary relationship between either Sunbow or BMI.

This case has occupied so much time and motions because Plaintiff had advanced several

6

different theories relative to the Defendant's alleged liabilities. In order to maintain the unjust enrichment theory, Plaintiff postulated that there were a series of oral contracts, which Defendants breached to Plaintiff's detriment. When written contracts eventually appeared, Plaintiff claimed they were forgeries. A subsequent framed issue hearing decided that these contracts hold valid signatures and that this was the policy of Sunbow in working with artist-for-hire. That limited the scope of Plaintiff's case to a single area, the possibility that there were, outside of the written agreements, some oral agreements. The Plaintiff's testimony on the stand (above cited) admitted that there were no free standing oral agreements and that all oral negotiations were merged into written agreements. At that time Sunbow moved under CPLR 4401 for a "directed verdict" based on Plaintiff's addition. BMI joined in this motion. The Court concluded this case, over Plaintiff's objections. All parties were to submit papers on this motion. Plaintiff thereafter moved for judgment against Defendants based on certain admission again under CPLR 4401.

Sunbow filed an opposition affirmation to Plaintiff's sur-reply, which consisted of various decision and orders of this Court, transcript testimony and some decisions deemed appropriate.

While this court was considering the aforesaid motion under CPLR 4401 and 3025, Plaintiff gained reluctant permission to file a motion to allow a continuation of testimony. The central issue is the Plaintiff's claims that since the Court allowed additional testimony to be taken (i.e. depositions of Ford Kinder, Jules Bacal and Carole Weitzman) that the trial should continue to allow this additional evidence. However, although the Court allowed this motion to help secure Plaintiff's record, this matter has been over taken by events, the above decision and so this

motion is dismissed.

Based on the exhibits, the many affirmations and affidavits and exhibits attached thereto
and the testimony heretofore had, herein the Court finds as follows :

The Plaintiff is not entitled to any equitable accounting having failed to prove a prima
facie case against either Defendant.

However Plaintiff is entitled to whatever rights still exist under her agreements with
defendants.

This case is dismissed with costs and disbursements.

This constitutes the order of the Court.

Hon. Andrew P. O'Rourke
Justice of the Supreme Court

Dated: March 9, 2007
        Carmel, NY

Monaghan Monaghan Lamb and Marchisio LLP
Attorney for Plaintiff
28 West Grand Avenue
Montvale, NJ 07645

Patterson Belknap Weber and Tyler, Esq.
Attorney for Sunbow
1133 Avenue of the Americas
NY, NY 10036

Judith Saffer, Esq.
Attorney for Broadcast Music
320 West 57th Street
NY, NY 10019

ENTERED
MAR 1 3 2007    A.M.
                P.M.
County Clerk Rockland

8

BOOK 109 PAGE 0852

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------X
ANNE BRYANT,

                                 Index No. 5192/00

               Plaintiff,  Hon. Andrew P. O'Rourke

   -against-

BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                          Defendants.
----------------------------------------X
ANNE BRYANT,

                          Index No. 2821/02

            Plaintiff,       Hon. Andrew P.
                              O'Rourke

     -against-

SUNBOW PRODUCTIONS, INC.,

                                                                                Defendant.
----------------------------------------X

| | | |
|---|---|---|
| SERIAL NO. | S5076-017A | 402 |
| SERVED | | |
| RECEIVED | | |
| FILED | | |

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE FINAL JUDGMENT

---

MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
*Attorneys for Plaintiff*
401 E. 65th Street, Suite 10C
New York, New York 10021
and
28 West Grand Avenue
Montvale, New Jersey 07645

## PRELIMINARY STATEMENT

The Final Judgment, filed ex parte May 8, 2007, in the Rockland County Clerk's Office is erroneous and does not conform to the Decision and Order of Hon. Andrew P. O'Rourke, dated March 9, 2007 upon which it is based. The Judgment had to be first resolved on motion as required by CPLR 5016 (c) and the Clerk had no authority to enter it in the absence of any direction by the Court. As such, the Final Judgment should be vacated.

## FACTS

The facts upon which this motion is based are incorporated by reference from within the accompanying Affirmation of Patrick J. Monaghan, Counsel for the Plaintiff and will not be reiterated herein.

ARGUMENT

POINT I

PURSUANT TO CPLR §5015(a)(3) THIS COURT
SHOULD VACATE THE ERRONEOUS FINAL JUDGMENT FILED
WITH THE ROCKLAND COUNTY CLERK'S OFFICE ON MAY 8, 2007

CPLR 5015(a)(3) permits a court to open a judgment based on "fraud, misrepresentation, or other misconduct of an adverse party." In *Woodson v. Mendon Leasing Corp.*, the Court ruled that under CPLR 5015(a), a court is empowered to vacate a judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order. 760 N.Y.S.2d 727, 100 N.Y.2d 62, 790 N.E.2d 1156 (2003).

Therefore, in addition to the grounds set forth in CPLR 5015(a), *Woodson* stands for the proposition that a court may vacate a judgment for sufficient reason and in the interests of substantial justice. Given the facts at bar, this Court may vacate the Final Judgment in the interests of substantial justice. Specifically, the Final Judgment does not conform with the original Decision and

3

Order, dated March 9, 2007, annexed to the Affirmation of Patrick J. Monaghan ("Monaghan Affirmation") as Exhibit "C" as discussed in the Monaghan Affirmation at ¶9-14.

## POINT II

### PURSUANT TO C.P.L.R. §5016(c), A MOTION
### SHOULD HAVE BEEN FILED TO DETERMINE THE FINAL JUDGMENT

The explicit language of C.P.L.R. §5016(c) requires that judgment upon the decision of a court to be entered by the clerk as directed therein. When the relief is other than for money or costs only is granted, the court or referee shall, on motion, determine the form of the judgment. C.P.L.R. §5016(c) is discussed in part in Weinstein-Korn-Miller as follows:

> "5016.05 Clerk's Functions Purely Ministerial **** A judgment on a decision of a court or a referee to determine is to be entered by the clerk, unless 'relief other than for money or costs only is granted.' In such a case, the court or referee shall, on motion, determine the form of the judgment. Therefore, the entry of a judgment is usually a purely ministerial act ****."

When the decision is more complex, the Court determines the form of the judgment and the Clerk cannot act until the court or referee issues instructions. See Weinstein, Korn & Miller, 1 New York Civil Practice: CPLR P 5016.10. The clerk's authority is limited by the terms of the decision and, should the clerk depart from the terms of

4

the court's determination, the judgment so entered is subject to revision. *See* Fulmer v. Ashton, 17 A.D.2d 650, 230 N.Y.S.2d 415 (2d Dep't 1962); Maldonado & Co. v. Yglesias, 162 A.D. 1, 147 N.Y.S. 2 (1st Dep't 1914); Dunnigan v. Friedman, 72 N.Y.S.2d 736, 190 Misc. 242 (Mun. Ct. New York City 1947). *See also* Dunn v. Niagara Plastic Molds, Inc., 224 N.Y.S.2d 593, 33 Misc.2d 269 (Sup. Ct. Niagara County 1962).

Thereafter, the form of the judgment is settled pursuant to a motion by one of the parties. Weinberg v. Crilley, 252 A.D.2d 861, 675 N.Y.S.2d 719 (3d Dep't 1998); Millner v. Millner, 301 N.Y.S.2d 250, 60 Misc.2d 122 (Sup. Ct. New York County 1969). In addition, as required by CPLR 2103(e), the moving party must also give notice of the motion to every party who has appeared. Barrier Systems Inc. v. AFC Enterprises, Inc., 279 AD2d 543, 719 NYSd 597 (2nd Dept. 2001) [Clerk without authority to issue Judgment in absence of direction to enter Judgment citing CPLR 5016 (c)]. Leo Weinberg v. Michael F. Crilley, 252 AD2d 861, 675 NYS2d 719 (3rd Dept. 1998)"… where non-monetary relief is granted the form of the Judgment is to be settled by the Court on motion…" (citing CPLR 5016 (c)).

## POINT III

### THE DECISION IS NOT ON THE MERITS IN ANY EVENT

Pursuant to CPLR 5013 which is set forth below, this Judgment which has dismissed Plaintiff's cause of action for an equitable accounting is not dismissed on the merits because it occurred prior to the close of Plaintiff's evidence. Rule 5013, Effect of judgment dismissing claim, reads as follows:

> "A judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specified otherwise, but a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise."

The Judgment here suggests otherwise and should be vacated on that ground as well.

### CONCLUSION

Based upon the foregoing, this Court should grant Plaintiff's motion vacating the Final Judgment as it does not conform with the Decision and Order of this Court, dated March 9, 2007.

DATED: MAY 23, 2007

MONAGHAN, MONAGHAN, LAMB
AND MARCHISIO

Attorneys for Plaintiffs
401 E 65th Street
New York, New York 10021
(212) 541-6980

6

**FedEx** Express

**US Airbill**

FedEx Tracking Number: 8610 1865 5340

**1 From** This portion can be removed for Recipient's records.

Date: 5/24/07

Sender's Name: R. Lacey

Company: MONAGHAN, MONAGHAN, LAMB &

Phone: 201 802-9060

Address: 28 W GRAND AVE

City: MONTVALE   State: NJ   ZIP: 07645-2100

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name: _illegible_   Phone:

Company: _illegible_

Recipient's Address: 1132 Avenue of the Americas

City: New York   State: NY   ZIP: 10112

Address

8610 1865 5340

**4a Express Package Service**

- [ ] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

- [ ] Packages up to 150 lbs.
- [ ] FedEx First Overnight
- [ ] Packages over 150 lbs.

**5 Packaging**

- [x] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?

- [ ] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:

- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages   Total Weight

**8 Residential Delivery Signature Options**

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

Rev. Date 10/04 • Part #158737 • ©1994–2004 FedEx • PRINTED IN U.S.A. • SHS

fedex.com 1.800.GoFedEx 1.800.463.3339

**Recipient's Copy**

0355756922