# EXHIBIT 101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------- x

ANNE BRYANT,                              :
                                          :
                    Plaintiff,            :      Index No. 5192/00
                                          :
          v.                              :      Hon. Andrew P. O'Rourke
                                          :
BROADCAST MUSIC, INC., (a/k/a "BMI"),     :
CLIFFORD A. "FORD" KINDER, KINDER &       :
CO., LTD., VADIVOX, LTD., JULES M. "JOE"  :
BACAL, GRIFFIN BACAL, INC., STARWILD      :
MUSIC BMI, WILDSTAR MUSIC ASCAP,          :
SUNBOW PRODUCTIONS, INC., and JOHN        :
AND JANE DOES 1-10,                       :
                    Defendant.            :
                                          :
                                          :
------------------------------------------- x
                                          :
ANNE BRYANT,                              :
                                          :
                    Plaintiff,            :      Index No. 2821/02
                                          :
          v.                              :      Hon. Andrew P. O'Rourke
                                          :
SUNBOW PRODUCTIONS, INC.,                 :
                                          :
                    Defendant.            :
------------------------------------------- x

### SUNBOW PRODUCTION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE FINAL JUDGMENT

Patterson Belknap Webb & Tyler LLP
Attorneys for Defendant
Sunbow Productions, Inc.
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone: (212) 336-2000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------- x
                                        :

ANNE BRYANT,
                                          :

                   Plaintiff,        :    Index No. 5192/00

                                      :

                     v.           :    Hon. Andrew P. O'Rourke

                                      :

BROADCAST MUSIC, INC., (a/k/a "BMI"),  :
CLIFFORD A. "FORD" KINDER, KINDER &  :
CO., LTD., VADIVOX, LTD., JULES M. "JOE"  :
BACAL, GRIFFIN BACAL, INC., STARWILD  :
MUSIC BMI, WILDSTAR MUSIC ASCAP,  :
SUNBOW PRODUCTIONS, INC., and JOHN  :
AND JANE DOES 1-10,  :
                    Defendant.     :

                                      :

                                      :

--------------------------------------------- x
                                      :

ANNE BRYANT,
                                        :

                   Plaintiff,        :    Index No. 2821/02

                                      :

                     v.           :    Hon. Andrew P. O'Rourke

                                      :

SUNBOW PRODUCTIONS, INC.,  :

                    Defendant.     :

--------------------------------------------- x

**SUNBOW PRODUCTION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE FINAL JUDGMENT**

Defendant Sunbow Productions, Inc. ("Sunbow") submits this

memorandum of law in opposition to Plaintiff's motion to vacate the final judgment

entered in this action on May 8, 2007 ("judgment"), pursuant to the March 9, 2007,

Decision and Order ("Decision and Order") of this Court dismissing the action.

## PRELIMINARY STATEMENT

Plaintiff's motion mischaracterizes the Court's Decision and Order,

misstates the applicable law, relies on no credible ground for vacating a judgment, and

delays the resolution of this litigation.[1] The motion should be denied.

## ARGUMENT

CPLR § 5016(c) provides that a judgment "upon the decision of a

court...shall be entered by the clerk as directed therein" and that "[w]hen relief other

than for money or costs only is granted, the court...shall, on motion, determine the form

of the judgment."

As noted in 10 Jack B. Weinstein, Harold L. Korn, & Arthur R. Miller, *New

York Practice: CPLR* (2d ed. 2005) ("Weinstein, Korn & Miller treatise"), on which

Plaintiff relies:

> When the judgment is for money or costs only or denies relief, *the clerk can
> enter judgment in accordance with the decision without further authorization.*
> The court is at liberty, as it is under CPLR § 5016(b), to specify the form
> and content of the judgment. When the decision is more complex, the
> court or referee determines the form of the judgment and the clerk cannot
> act until the court or referee issues instructions.

Section 5015.10 (emphasis added). The Uniform Rules for the New York State Trial

Courts further provide that

---

[1]    Although Plaintiff claims to be moving to vacate under CPLR § 5015, nothing in that rule
or anything else she cites supports moving to vacate on the grounds she advances. The grounds
that CPLR § 5015 lists as the bases for a motion to vacate are "excusable neglect; newly-
discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of
jurisdiction; or upon the reversal, modification or vacatur of a prior order"; *Woodson v. Mendon
Leasing Corp.*, 100 N.Y.2d 62, 68, 790 N.E.2d 1156, 1160, 760 N.Y. S. 2d 727, 731 (2003), adds that
this list is not exhaustive and a Court may vacate its own judgment wherever there is "sufficient
reason and [it is] in the interests of substantial justice." But Plaintiff has not stated any of these
grounds as a basis for her motion. Her claim that the judgment does not comply with the
Court's decision is factually wrong. Even relying on *Woodson*'s interest-of-substantial-justice
standard, Plaintiff's motion is groundless as a matter of law.

2

> Proposed orders or judgments, *with proof of service on all parties where the order is directed to be settled or submitted on notice,* must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

22 N.Y.C.R.R. § 202.48(a) (emphasis added).  Those same rules further provide:

> When *settlement of an order or judgment is directed by the court* [the proposed order and related papers] shall be served on all parties either (i) by personal service not less than five days before the date of settlement; or (ii) by mail not less than ten days before the date of settlement.

22 N.Y.C.R.R. 202.48(c)(1) (emphasis added).

In other words, where a decision orders no relief other than money or costs or denies relief, the judgment need not be made by motion.  Plaintiff concedes as much.  (May 23, 2007 Affirmation of Patrick J. Monaghan, Jr. ¶ 7 ("the only circumstances allowing entry by the Clerk" are where the only relief granted is "money and/or costs").)  In contrast, where the decision orders relief other than money or costs, or sets forth the form of judgment, or orders the parties to settle the form, the judgment must be submitted by motion.

The Court's Decision and Order awards costs and disbursements and denies all other relief, stating unequivocally that "[t]his case is dismissed with costs and disbursements. This constitutes the order of the Court." (Decision and Order, p.8.)  The Decision and Order specified no form of judgment and plainly did not order that the form be settled between the parties before submission.  Accordingly, Sunbow's submission of the proposed judgment to the clerk with notice to all parties was proper.

Plaintiff now manufactures the argument that the Court's dicta—noting that "Plaintiff is entitled to whatever rights still exist under her agreements with

3

1372105v4

defendants" — constitutes an award of "other relief" requiring that the judgment be submitted by motion. The Court's noncommittal statement that Plaintiff is entitled to "whatever rights" exist under her agreements with defendants could hardly be characterized as a determination of those rights and is clearly no award of relief "other than for money or costs only" under 5016(c).

This dicta did not render the Court's decision "complex," requiring that the form of the judgment be settled by motion, and, in any event, the Court did not order that the judgment be "settled" before being presented. Accordingly, no motion was required. *Gibbons v. Jackson Heights Hosp.*, 18 A.D.3d 428, 428-429 (N.Y. App. Div. 2d Dep't 2005) ("When a matter involves an uncomplicated disposition or denies relief, the court is not required to direct that the proposed judgment be submitted or settled on notice to all parties.... Since this matter involved the dismissal of the action and the denial of the plaintiffs' motion, inter alia, to vacate that dismissal, the judgment was properly entered by the Clerk without prior notice to the plaintiffs") (citing CPLR § 5016(c); *Funk v Barry*, 89 N.Y.2d 364, 367, 675 N.E.2d 1199, 653 N.Y.S.2d 247 (1996)).[2]

Finally, this dicta does not imply that the Decision and Order was not on the merits. The Court's passing reference to "whatever rights" exist under the agreements contrasts with its express findings that "Plaintiff's *testimony on the stand* admitted that there were no free standing oral agreements and that all oral negotiations

---

[2]    The case law Plaintiff has cribbed verbatim (Pl. Br. 4-5) from the Weinstein, Korn & Miller treatise (note 6 to Section 5016.05 and note 1 to Section 5016.10) accurately states the propositions of law for which the treatise cites them, namely that the clerk cannot enter a judgment that "departs from the form or content of the judgment ordered by the court" and that, where the form of the judgment is ordered to be settled, it is done by motion of one of the parties.  But because the Decision and Order in this case specified no form or content for the judgment and did not require that it be settled by the parties, these cases are not pertinent.

4

were merged into written agreements" (p. 7 (emphasis added)), that "Plaintiff is not entitled to any equitable accounting having *failed to prove* a prima facie case against either Defendant" (p. 8 (emphasis added)), and that she had "*failed to prove* any confidential or fiduciary relationship between [herself and] either Sunbow or BMI" (p. 6 (emphasis added)). Accordingly, the Court held *on the merits* that Plaintiff failed to *prove* her case *at trial* as to the four possible theories before the Court—oral agreements, constructive trust, unjust enrichment, and equitable accounting.

This result is also not changed, as Plaintiff contends (Pl. Br. at 6), by the Court's proper refusal to allow Plaintiff to proffer witnesses noticed for trial on issues that became irrelevant in light of Plaintiff's own admissions. That irrelevant evidence was excluded does not change the fact that the case was dismissed on the merits upon (1) Plaintiff's admission at trial that she had no oral agreements with Sunbow that were not merged into subsequent written agreements, (2) Plaintiff's admission at trial that Sunbow never received any of her performance royalties, and (3) Plaintiff's failure ever to prove a fiduciary or relationship of trust with Sunbow that superseded her contractual relationship with Sunbow.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the judgment

should be denied as without merit.

New York, New York
May 30, 2007

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____

Gloria C. Phares
John C. Knapp

1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Counsel for Defendant Sunbow Productions, Inc

TO:

Patrick J. Monaghan, Esq.
Monaghan, Monaghan, Lamb & Marchisio
28 W. Grand Avenue, 2nd floor
Montvale, NJ 07645
Counsel for Plaintiff

Judith M. Saffer, Esq.
320 West 57th Street
New York, NY 10019-3790
Counsel for Defendant Broadcast Music Inc.

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

------------------------------------------------------------x

ANNE BRYANT,      :

                              :    Index No. 5192/00

          Plaintiff,      :

                              :

         v.      :  **AFFIDAVIT OF SERVICE**

                              :

BROADCAST MUSIC, INC., (a/k/a "BMI"), et al  :

                              :

         Defendants.      :

------------------------------------------------------------x

ANNE BRYANT,      :

                              :    Index no. 2821/02

          Plaintiff,      :

         v.      :

                              :

SUNBOW PRODUCTIONS, INC.      :

                              :

         Defendant.      :

------------------------------------------------------------x

STATE OF NEW YORK      )

                          :ss.:

COUNTY OF NEW YORK      )

SYLVIA ANDREEV, being duly sworn, deposes and says:

    1.    I am over 18 years of age, not a party to this action, and am employed with the law firm of Patterson, Belknap, Webb & Tyler LLP, located at 1133 Avenue of the Americas, New York, New York 10036.

    2.    On May 30, 2007, I served a true copy of the foregoing SUNBOW PRODUCTION, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE FINAL JUDGMENT by overnight courier service (Federal Express) upon the following, directed to them at the addresses below:

          Patrick J. Monaghan
          MONAGHAN, MONAGHAN, LAMB & MARCHISIO

# EXHIBIT 102

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------X
ANNE BRYANT,

                              Index No. 5192/00

                       Plaintiff,

  -against-                     **REPLY AFFIRMATION TO
                                      SUNBOW'S MEMORANDUM OF
BROADCAST MUSIC, INC.           LAW IN OPPOSITION TO
(a/k/a "BMI"), FORD KINDER,      PLAINTIFF'S MOTION TO
KINDER & CO., LTD., VADIVOX,     VACATE THE FINAL
INC., JULES M. "JOE" BACAL,      JUDGMENT**
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                    Defendants.
------------------------------------X
ANNE BRYANT,

                              Index No. 2821/02

               Plaintiff,

      -against-

SUNBOW PRODUCTIONS, INC.,

           Defendant.
------------------------------------X

## PLAINTIFF'S REPLY MEMORANDUM

Monaghan, Monaghan, Lamb & Marchisio
Attorneys for Plaintiff, Anne Bryant
28 W. Grand Avenue
Montvale, New Jersey 07645
201-802-9060

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------X
ANNE BRYANT,

                                            Index No. 5192/00

                             Plaintiff,

    -against-                         Hon. Andrew P.
                                    O'Rourke

BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                            Defendants.
---------------------------------------X
ANNE BRYANT,

                                        Index No. 2821/02

                       Plaintiff,
        -against-                       Hon. Andrew P.
                                    O'Rourke

SUNBOW PRODUCTIONS, INC.,

            Defendant.
---------------------------------------X

### PLAINTIFF'S REPLY MEMORANDUM

      Plaintiff submits this Memorandum of Law in Reply to Defendant Sunbow Productions, Inc.'s ("SUNBOW") Memorandum in Opposition to Plaintiff's Motion to Vacate The Final Judgment entered in this action on May 8, 2007, pursuant to

2

the March 9, 2007 Decision and Order of this Court granting
SUNBOW's Motion To Dismiss.

### PRELIMINARY STATEMENT

SUNBOW mischaracterizes not only the Court's Decision
and Order, but also Plaintiff's Motion.    Plaintiff has
clearly advised the Court and SUNBOW of the grounds for
vacating the "Final Judgment" under CPLR R.5015.

### ARGUMENT

As cited by Plaintiff and SUNBOW, CPLR R.5016 clearly
states that "[w]hen relief other than for money or costs
only *is granted*, the Court…shall, on motion, determine the
form of the judgment."    [emphasis added]    The Decision and
Order **granted** SUNBOW's Motion to Dismiss.    This is relief
other than for money or costs only.    Therefore, the Court
should have, on motion, determined the form of the judgment.
SUNBOW's attempts to enhance the breadth of the Decision and
Order, without notice, are improper.

The Weinstein, Korn & Miller treatise, relied upon by
SUNBOW, is also in agreement: "When the judgment is for
money or costs only *or denies relief*, the clerk can enter
judgment in accordance with the decision without further
authorization" (Section 5015.10) [emphasis added].    The
Decision and Order granted SUNBOW's CPLR 4401 Motion to

3

Dismiss. The Decision and Order did not ONLY grant costs, it also granted SUNBOW's Motion to Dismiss.

Presumptively, the very reason behind why such a Rule is in the CPLR is to prevent exactly what SUNBOW is trying to do here: expand the breadth of the Court's Decision and Order.   This cannot and should not be allowed.   SUNBOW claims that "[t]he Court's Decision and Order awards costs and disbursements and denies all other relief…." *See* Sunbow Memorandum of Law in Opposition To Plaintiff's Motion To Vacate The Final Judgment at page 3.  However, this is factually incorrect.

SUNBOW's feeble attempts to mislead the Court with mischaracterizations and misstatements such as: "Plaintiff now manufactures the argument that the Court's dicta—noting that Plaintiff 'is entitled to whatever rights still exist under her agreements with defendants' – constitutes an award of "other relief" requiring that the judgment be submitted by motion" should not be tolerated.   Furthermore, SUNBOW's mistaken reliance upon Gibbons v. Jackson is incorrect.   In Gibbons v. Jackson, the Court denied Plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar. 18 A.D.3d 428, 428-429 (N.Y. App. Div. 2d Dep't 2005).

4

The Court held that "[w]hen a matter involves an uncomplicated disposition *or denies relief*, the court is not required to direct that the proposed judgment be submitted or settled on notice to all parties (*see Funk v Barry*, 89 N.Y.2d 364, 367, 675 N.E.2d 1199, 653 N.Y.S.2d 247). Since this matter involved the dismissal of the action and the denial of the plaintiffs' motion, inter alia, to vacate that dismissal, the judgment was properly entered by the Clerk without prior notice to the plaintiffs." Gibbons, 18 A.D.3d 429 *citing* CPLR 5016[c]; Funk v Barry, *supra*; Winckel v Atlantic Rentals & Sales, 195 A.D.2d 599, 600 N.Y.S.2d 949; Donovan v DiPietro, 195 A.D.2d 589, 600 N.Y.S.2d 951) [emphasis added].

### CONCLUSION

SUNBOW moved for dismissal. SUNBOW's motion was granted. The Decision and Order granted relief to SUNBOW and therefore is factually different than Gibbons and thus, required that the proposed judgment be submitted to the Court by motion. For the foregoing reasons, Plaintiff's motion should be granted and the Final Judgment should be vacated.

Montvale, New Jersey
June 1, 2007

Respectfully submitted,

MONAGHAN, MONAGHAN, LAMB & MARCHISIO

By: _____
MICHAEL KORIK
Counsel for Plaintiff

TO:

Gloria C. Phares
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Counsel for Defendant Sunbow Productions, Inc.

Judith M. Saffer, Esq.
320 West 57th Street
New York, NY 10019
Counsel for Defendant Broadcast Music Inc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------X
ANNE BRYANT,

                                          Index No. 5192/00


                              Plaintiff,


      -against-


BROADCAST MUSIC, INC.
(a/k/a "BMI"), FORD KINDER,
KINDER & CO., LTD., VADIVOX,
INC., JULES M. "JOE" BACAL,
GRIFFIN BACAL, INC., STARWILD
MUSIC BMI, WILDSTAR MUSIC ASCAP,
SUNBOW PRODUCTIONS, INC.,

                              Defendants.
------------------------------------X
ANNE BRYANT,

                                          Index No. 2821/02


                  Plaintiff,


            -against-                 **AFFIDAVIT OF SERVICE**

SUNBOW PRODUCTIONS, INC.,


                              Defendant.
------------------------------------X



STATE OF NEW JERSEY )
                         ss:
COUNTY OF BERGEN    )



      MELISSA V. AURIEEMA, being of full age, deposes and says:

      1.    I am a Law Clerk employed at Monaghan, Monaghan, Lamb & Marchisio,
LLP, attorneys for Plaintiff in the above referenced matter.


      2.    On June 4, 2007, I served the following documents via regular mail on
Gloria C. Phares, Esq., Patterson, Belknap, Webb & Tyler, 1133 Avenue of the
Americas, New York, NY, 10036 and Judith Saffer, Esq., BMI Legal Department, 320
West 57th Street, New York, NY 10019:

PLAINTIFF's REPLY MEMORANDUM AND THIS AFFIDAVIT OF SERVICE

Melissa V. Auriemma

Sworn to and subscribed before me
on this  4th day of June, 2007

Notary Public

KATHERINE MARGARET LANEY
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Aug. 28, 2007