# EXHIBIT 108

Contractor

## ASSIGNMENT AND AGREEMENT – MUSICAL COMPOSITION

<u>April 8, 1988</u>
DATE

Griffin Bacal, Inc., as Agent for
███████████████ ("Sponsor")
130 Fifth Avenue
New York, N.Y. 10011

Gentlemen:

1.      This will confirm that you hereby engage us and we hereby
accept the engagement to furnish to you the services of <u>Kinder & Bryant,</u>
<u>Ltd.</u>  ████████████ referred to as "Artist") for the musical
composition now entitled  ██████████████        , in connection
with the creation, writing, composition and delivery of the following
musical, literary, creative and artistic materials based on the
commercial copy material furnished by you:

Music Only
Lyrics Only
Music and Lyrics

2.      We hereby ████████████ transfer and set over to you, your
successors and assigns ████████████ created, written and
delivered by Artist  ██ or us hereunder and all copyrights and all other
rights therein ████████████ throughout the universe. We hereby acknowledge
that the material delivered hereunder shall constitute a "work for hire"
within the meaning of the 1976 Copyright Act of the United States.

3.      In full payment for and in consideration of all services
to be performed ████████████ hereunder and all of our and/or
Artist's ████████████ you shall pay us the following compen-
sation ████████████ after the respective event indicated below
requiring such payment:

(a) The basic payment of $250.00 following receipt of said
materials.

(b) In the event that you determine, in your discretion to
use the material for use on radio, television and/or other advertising
purposes, you ████████████ written notice of such determination, after
the giving of such ████████████ notice you shall pay us an additional sum
of $1,500.00 less any payment made pursuant to Subparagraph 3(a) above.

SUN 503

(c) In the event that you determine, in your discretion to use the materials on radio and/or television in more than one of the three major markets (New York, Chicago and Los Angeles) you shall after such use, pay us, as one-time payment, such additional sum as will increase the total payments hereunder to $3,500.00, inclusive of all payments made to us pursuant to Subparagraphs 3(a) and 3(b) above.

(d) Except as otherwise expressly provided for herein, neither we nor Artist shall be entitled to any payment and/or other consideration.

(e) In the event that you neither give us the notice referred to in Subparagraph 3(b) above, nor make the payment referred to in said Subparagraph within twelve (12) months after the final submission to you of the materials, we may give you a written notice requiring you to make the payment referred to in Subparagraph 3(b) above within (12) months after the date of our notice and in the event that you fail to do so, we shall then have the right to sell the materials to other persons provided, however, that we shall in each instance purchase the materials as provided for herein and provided further, however, that in no event will either we or Artist make, permit or allow the use of any commercial or other material furnished to us by you hereunder.

4.    If you request, we shall, within ten (10) days after such request furnish you with a disc or tape recording of such materials. In such event you shall reimburse us for the actual and substantiated reasonable cost and expenses incurred by us in connection with furnishing such disc or tape recording.

5.    We agree, represent and warrant that:

(a) We are free to enter into and fully perform this agreement.

(b) We have the full right, power and authority to furnish the services of Artist and to grant and confirm all rights (including copyrights) conveyed and/or confirmed herein.

(c) All material prepared, created, written and delivered hereunder shall be new and original with us and Artist will be the sole creator thereof.

(d) No element of such material shall in any way infringe upon or violate the trademark, copyright, literary, dramatic and/or any other rights of any person, firm or corporation or the right of privacy or right of publicity of any such person (whether living or dead

(f) The material is a "work for hire" as such term is defined by the 1976 Copyright Act of the United States.

(g) We do not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made hereunder pursuant to Sections 203 or 304 of such Act or otherwise; and

SUN 504

6.

(a)  We warrant and represent, except as the Composition may contain or be based upon lyrical or literary material or melody and arrangement suggestion furnished by you, that the music and lyrics of the Composition are wholly original with us and do not violate or infringe upon the ............ of any third party.  We further warrant and represent that we have the full right, power and authority to enter into and perform this agreement.  In this connection we agree to save and hold you harmless from any damages resulting from a breach of the foregoing warranties and representations, including reasonable attorneys' fees ............................ a claim constituting such breach is the subject of ............ adjudication of a court of competent jurisdiction or you have entered into a settlement of a claim constituting such breach which settlement has been approved by us in writing.  Notwithstanding any provision of this license agreement or the Basic Agreement ........................ available to you or any other person for any .................... limitation lost profits, lost sales ........................... direct, incidental or consequential loss) resulting .......................... breaches of the foregoing warranties and representations ................ such damages exceed the amount of the License Fee.

(b)  You warrant and represent that any lyrics, literary material, melody and/or musical arrangements suggested by you or the client, shall not, wherever ...... we are printed in and as part of the Composition, violate ................. upon the rights of any third party.  You further warrant ................... represent that you have the full right, power and authority ........................ and perform this agreement.  In this connection ........................ and hold us harmless from any damages resulting .............................. the foregoing warranties and representations, including reasonable attorneys' fees, provided that such a claim constituting such breach is the subject of a final adjudication of a court of competent jurisdiction or we have entered into a settlement of a claim constituting such a breach which settlement has been approved by you in writing.

SUN 505

(he artist does not have and shall not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and any such other copyright made hereunder, or heretofore or hereafter made by artist to us, pursuant to Sections 203 or 304 of such Act or otherwise.

6. We agree to defend, indemnify and hold you, Sponsor, all other users of said materials and your and their successors, assigns, licensees, and designits and the agents, employees, directors and stockholders, of you and all of them harmless from and against any claims, suits, actions, costs and liabilities which may arise in connection with the use of said materials or the breach or alleged breach of any representation or warranty.

7. You may use and authorize others to use the name, photograph, portrait, life likeness and biographical material of Artist in connection with said materials and the exploitation and promotion thereof, but you shall not be obligated to do so.

8. This Agreement shall be binding upon us and Artist and his successors, assigns, heirs, next-of-kin, executors and administrators. This Agreement shall inure to the benefit of you and Sponsor and your and their respective successors, assigns and licensees.

9. The rights granted and confirmed hereunder are special, unique and intellectual and my failure to honor this Agreement in any way will cause you irreparable loss and damage which shall entitle you to equitable relief by way of injunction and otherwise, to prevent either us or Artist from breaching this agreement or failing to perform our and/or Artist's obligation hereunder.

10. This agreement shall be governed by and in accordance with the laws of the State of New York for agreements and to be performed in the State of New York.

Very truly yours,

RINGER BRYANT LTD.
Name of Contractor

By: _____
Its: Pres.

Address: H.W. 73rd
N.Y. N.Y.

Contractor ID #: 13 3186088

ACCEPTED AND
GRIFFIN BRCA as agent for:

By: _____
Its

**ADDENDUM A**

Copy of Words and/or Music
Attached to and Made Part of Assignment and
Agreement - Musical Composition Dated:



## ADDENDUM B

### Administrator's Compensation

The total compensation of the Administrator for service rendered pursuant to this Agreement and pursuant to similar agreements with producers and/or distributors of phonograph records and/or electrical transcriptions shall be at the total rate of Ten Thousand Dollars ($10,000.00) per annum.

### SCHEDULE 1

Date: _____ 19___

The undersigned, desiring to become an additional First Party to the Within Agreement, and hereby adopt the declarations of the First Parties set forth therein, does hereby make the request made by the First Parties therein, and in consideration of the undertakings assumed therein, and all of the undertaking assumed therein by the Administrator at the request of the First Parties, does hereby request the Administrator to accept the undersigned as an additional First Party to such Agreement, and assume and agree to be bound by the terms, covenants and conditions to be performed thereunder.

_____
(Name of Company or Individual Signatory)

By _____
(Signature of Officer and Title)

Address: _____

ACCEPTED:

United States Trust Company of New York

By _____
Vice President
Administrator

(If executed in the Province of Quebec this Agreement shall be properly notarized and also executed according to the laws of the Province.)

## SCHEDULE 1.

Date ........................................... 19 ......

The undersigned, wishing to become an additional first party to the within Agreement, does hereby adopt the declarations of the first parties set forth therein, does hereby make the request made by the first parties therein, and in consideration of the undertakings assumed therein by each first party and of the undertakings assumed therein by the Trustee at the request of the first parties, does hereby request the Trustee to accept the undersigned as an additional first party to such Agreement, and does assume and agree to be bound by the covenants and conditions to be performed hereunder.

.......................................................................
PLEASE PRINT (Name of Company or Individual Signatory)

By ....................................................................
    PRINT Name of Officer and Title

.......................................................................
Signature

Address: .............................................................

............................................... Zip Code ...........

Telephone ...........................................................

Accepted:

.......................................................................
Trustee

(If executed in the Province of Quebec, this contract shall be properly notarized and shall be executed according to the laws of that Province.)

SUN 510

# EXHIBIT 109

Contractor

## ASSIGNMENT AND AGREEMENT – MUSICAL COMPOSITION

April 8, 1988
_____
DATE

Griffin Bacal, Inc., as Agent for
Hasbro, Inc. ("Sponsor")
130 Fifth Avenue
New York, N.Y. 10011

Gentlemen:

1.     This will confirm that you hereby engage us and we hereby accept the engagement to furnish to you the services of <u>Kinder & Bryant, Ltd.</u> (hereinafter referred to as "Artist") for the musical composition now entitled <u>Visionaries</u>, in connection with the creation, writing, composition and delivery of the following musical, literary, creative and artistic materials based on the commercial copyrighted material furnished by you:

Music Only
Lyrics Only
Music and Lyrics

2.     We hereby sell, assign, transfer and set over to you, your successors and assigns, all material prepared, created, written and delivered by Artist and/or us hereunder and all copyrights and all other rights there in perpetuity throughout the universe. We hereby acknowledge that the material delivered hereunder shall constitute a "work for hire" within the meaning of the 1976 Copyright Act of the United States.

3.     In full payment for and in consideration of all services to be performed by us and/or Artist hereunder and all of our and/or Artist's obligations hereunder, you shall pay us the following compensation within ten (10) days after the respective event indicated below requiring such payment:

(a) The basic payment of $250.00 following receipt of said materials.

(b) In the event that you determine, in your discretion to use the materials for use in radio, television and/or other advertising purposes you shall give us written notice of such determination. After the giving of such written notice you shall pay us an additional sum of $1,500.00 less any payment made persuant to Subparagraph 3(a) above.

SUN 511

In the event that you determine, in your discretion to use the materials in radio and/or television in more than one of the three major markets (New York, Chicago and Los Angeles) you shall after such use, pay us, as a one-time payment, such additional sum as will increase the total payments hereunder to $3,500.00, inclusive of all payments made to us pursuant to Subparagraphs 3(a) and 3(b) above.

(d) Unless otherwise expressly provided for herein, neither we nor you shall be entitled to any payment and/or other consideration.

(e) In the event that you neither give us the notice referred to in Subparagraph 3(b) above, nor make the payment referred to in said Subparagraph within twelve (12) months after the final submission to you of the materials, we may give you a written notice requiring you to make the payment referred to in Subparagraph 3(b) above within (12) months after the date of our notice and in the event that yo fail to do so we shall then have the right to sell the materials to other persons provided, however, the we shall in each instance purchase the materials as provided for herein; and provided further, however, that in no event will either we or Artist make, permit or allow the use of any commercial copy material furnished to us by you hereunder.

4. If you request, we shall, within ten (10) days after such request furnish you with a disc or tape recording of such materials. In such event you shall reimburse us for the actual and substantiated reasonable cost and expenses incurred by us in connection with furnishing such disc or tape recording.

5. We agree, represent and warrant that:

(a) We are free to enter into and fully perform this agreement.

(b) We have the full right, power and authority to furnish the services of Artist and to grant and confirm all rights (including copyrights) conveyed and/or confirmed herein.

(c) All material prepared, created, written and delivered hereunder shall be new and original with us and Artist will be the sole creator thereof.

(d) No element of such material shall in any way infringe upon or violate the trademark, copyright, literary, dramatic and/or any other rights of any person, firm or corporation or the right of privacy or right of publicity of any such person (whether living or dead

(e) The material is a "work for hire" as such term is defined by the 1976 Copyright Act of the United States.

(f) We do not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made or delivered pursuant to Sections 203 or 304 of such Act or otherwise

(i) Artist does not have and shall not have and shall not seek to _____ _____ _____ terminate the grant of a transfer of copyright _____ _____ _____ under copyright made hereunder, or heretofore or hereafter made by Artist to us, pursuant to Sections 203 or 304 of such Act or otherwise.

6.    We agree to defend, indemnify and hold you, Sponsor, all other users of _____ materials and your and their successors, assigns, licensees, and designee and the agents, employees, directors and stockholders of you and all of them harmless from and against any claims, suits, losses, costs and liabilities which may arise in connection with the use of said materials or the breach or alleged breach of any representations. (SEE ATTACHED PAGE) FK

7.    You may use and authorize others to use the name, photograph, portrait, likeness and biographical material of Artist in connection with said materials and the exploitation and promotion thereof, but you shall not be obligated to do so.

8.    This Agreement shall be binding upon us and Artist and his successors, assigns, heirs, next-of-kin, executors and administrators. This Agreement shall inure to the benefit of you and Sponsor and your and their respective successors, assigns and licensees.

9.    The rights granted and confirmed hereunder are special, unique and intellectual and my failure to honor this Agreement in any way will cause you irreparable loss and damage which shall entitle you to equitable relief, by way of injunction and otherwise, to prevent either us or Artist from breaching this agreement or failing to perform our and/or Artist's obligation hereunder.

10.    This agreement shall be governed by and in accordance with the laws of the State of New York for agreements and to be performed in the State of New York.

Very truly yours,

KINDRED BRYANT LTD
Name of Contractor

By: _____
Its    PRES.

Address: H.W. 73
                  NYC   NY

Contractor ID #: 13-3186088

ACCEPTED AND AGREED TO:
GRIFFIN BACAL INC., as agent for

By: _____
Its _____

SUN 513

6.

(a) We warrant and represent, except as the Composition may contain or be based upon lyrical or literary material or melody and arrangement ... furnished by you, that the music and lyrics ... original with us and do not violate or infringe upon ... of any third party. We further warrant and ... the full right, power and authority to enter into ... In this connection we agree to save ... any damages resulting from a breach of ... representations, including reasonable attorneys fees ... a claim constituting such breach is the subject of ... adjudication of a court of competent jurisdiction or ... settlement of a claim constituting ... been approved by us in writing. ... of this license agreement or the ... be liable to you or any other person ... without limitation lost profits ... lost sales ... consequential loss) resulting from ... breaches of the foregoing warranties and representations to the extent such damages exceed the amount of the License Fee.

(b) You warrant and represent that any lyrics, literary material, melody and/or arrangement suggested by you or the client, shall not ... are utilized in and as part of the Composition violate ... upon the rights of any third party. You further ... that you have the full right, power and authority to ... and perform this agreement. In this connection you agree to save and hold us harmless from any damages resulting from a breach of the foregoing warranties and representations, including reasonable attorneys fees, provided that such a claim constituting ... breach is the subject of a final adjudication of a court of competent jurisdiction or we have entered into a settlement of a ... constituting such a breach which settlement has been approved by you in writing.

SUN 514

ADDENDUM A

Copy of Words and/or Music
Attached and Made Part of Assignment and
Agreement ("Musical Composition Dated")



SUN 515



VISIONARIES                    KINDER & BRYANT

ADDENDUM B

Administrator's Compensation

The total compensation of the Administrator for service rendered pursuant to this Agreement and pursuant to similar agreements with producers and/or distributors of phonograph records and/or electrical transcriptions, shall be at the total rate of Ten Thousand Dollars ($10,000.00) per annum.

SCHEDULE 1

Date: _____ 19____

The undersigned, desiring to become an additional First Party to the Within Agreement, does hereby adopt the declarations of the First Parties set forth therein, does hereby make the request made by the First Parties therein, and in consideration of the undertakings assumed therein by each First Party and of the undertaking assumed therein by the Administrator at the request of the First Parties, does hereby request the Administrator to accept the undersigned as an additional First Party to such Agreement and does assume and agrees to be bound by the terms, covenants and conditions to be performed thereunder.

_____
(Name of Company or Individual Signatory)

By _____
(Signature of Officer and Title)

Address: _____

_____

ACCEPTED:

United States Trust Company of New York

By _____
Vice President
Administrator

(If executed in the Province of Quebec this Agreement shall be properly notarized and shall be executed according to the laws of the Province.)

Date ............................, 19 ......

The undersigned, wishing to become an additional first party to the within Agreement, does hereby adopt the declarations of the first parties set forth therein, does hereby make the request made by the first parties therein, and in consideration of the undertakings assumed therein by each first party and by the undertakings assumed therein by the Trustee at the request of such first parties, does hereby request the Trustee to accept the undersigned as an additional first party to such Agreement, and does assume and agrees to be bound by the covenants and conditions to be performed thereunder.

..................................................................
PLEASE PRINT (Name of Company or Individual Signatory)

By ...............................................................
    PRINT Name of Officer and Title

..................................................................
Signature

Address: .........................................................

..........................................................Zip Code ............

Telephone ........................................................

Accepted:

..................................................................
Trustee

(If executed in the Province of Quebec, this contract shall be properly notarized and otherwise executed according to the laws of that Province.)

SUN 518

# EXHIBIT 110

# ASSIGNMENT AND AGREEMENT - MUSICAL COMPOSITION

March 21, 1984
(date)

Griffin Bacal Inc., as Agent for
Hasbro Industries Inc. ("Sponsor")
122 East 42nd Street
Suite 1105
New York, New York

Gentlemen:

1. This will confirm that you hereby engage us and we hereby accept the engagement to furnish to you the services of Kinder Bryant&Aquin (hereinafter referred to as "Artist") for the musical composition now entitled, " Transformers ", in connection with the creation, writing, composition and delivery of the following musical, literary, creative and artistic materials based on the commercial copy material furnished by you:

Music Only _____

Lyrics Only _____

Music and Lyrics __ X _____

2. We hereby sell, assign, transfer and set over to you, your successors and assigns, all material prepared, created, written and delivered by Artist and/or us hereunder and all copyrights and all other rights therein in perpetuity throughout the universe. We hereby acknowledge that the material delivered hereunder shall constitute a "work for hire" within the meaning of the 1976 Copyright Act of the United States.

3. In full payment for and in consideration of all services to be performed by us and/or Artist hereunder, for all rights granted hereunder by us and/or Artist hereunder and all of our and/or Artist's obligations hereunder, you shall pay us the following compensation within ten (10) days after the respective event indicated below requiring such payment.

(a) The basic payment of $250.00 following your receipt of said materials.

(b) In the event that you, in your discretion, actually use the materials on radio, television and/or for other advertising purposes, you shall give us written notice of such use, and together with the giving of such written notice you shall pay us the additional sum of $1,500.00 less any payment made pursuant to Subparagraph 3(a) above.

(c)  In the event that you, in your discretion, actually use the materials on radio and/or television in more than one of the three major markets (New York, Chicago and Los Angeles) you shall after such use, pay us, as a one-time payment, such additional sum as will increase the total payments hereunder to $3,500.00, inclusive of all payments made to us pursuant to Subparagraphs 3(a) and 3(b) above.

(d)  In the event that you determine to create any new musical versions of the Composition, you agree that, subject only to our availability within your required time period for the production of any such musical versions, we shall be entitled to receive upon the completion of all of our services, including arrangement and production, for any such musical versions as you may require and as for full payment for any such musical versions, the sum of $1,000.00 for each such musical version produced by you.  The term "musical version" as used in this Paragraph 3(d) shall be defined as follows: any substantial permutation as to length or style of the composition, whether created by new recording sessions or mechanical editing.  Excluded from said definition are any and all various announcer tracts which may be used within an existing version (including any new musical version for which we were entitled to receive payment hereunder) lyric changes, or use or reuse of the same music tracts with any and all different visuals for television.  In the event that you require the services of any vocalists and musicians at any session(s) where such new musical versions are produced and in the event that you determine that Anne Bryant and/or Spencer Michlin can satisfy your requirements, you agree that subject to the availability within your time requirements of them or either of them, that you will offer to engage them or either of them, as the case may be, at the applicable minimum union scale payments required to be made for the type of services rendered by them or either of them.

(e)  Except as otherwise expressly provided for herein, neither we nor Artist shall be entitled to any payment and/or other consideration.

(f)  In the event that you neither give us the notice referred to in Subparagraph 3(b) above, nor make the payment referred to in said Subparagraph within twelve (12) months after the final submission to you of the materials, we may give you a written notice requiring you to make the payment referred to in Subparagraph 3(b) above within twelve (12) months after the date of our notice and in the event that you fail to do so, we shall then have the right to sell the materials to other persons; provided, however, that we shall in each instance immediately prior to any such sale first give you the opportunity to purchase the materials as provided for herein; and provided further, however, that in no event will either we or Artist make, permit or allow the use of any commercial copy material furnished to us by you hereunder.

-2-

SUN 0897

4. If you request, we shall, within ten (10) days after such request furnish you with a disc or tape recording or such materials. In such event you shall reimburse us for the actual and substantiated reasonable cost as expenses incurred by us in connection with furnishing such disc or tape recording.

5. We agree, represent and warrant that:

(a) We are free to enter into and fully perform this Agreement.

(b) We have the full right, power and authority to furnish the services of Artist and to grant and confirm all rights (including copyrights) conveyed and/or confirmed herein.

(c) All material prepared, created, written and delivered hereunder shall be new and original with us and Artist and Artist will be the sole creator thereof.

(d) No element of such material shall in any way infringe upon or violate the trademark, copyright, literary, dramatic and/or any other rights of any person, firm or corporation or the right of privacy or right of publicity of any such person (whether living or dead).

(e) That the material has been and will be prepared, created and written by Artist within the scope of his employment by us.

(f) The material is a "work for hire" as such term is defined in the 1976 Copyright act of the United States.

(g) We do not have and shall not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made hereunder pursuant to Sections 204 or 304 of such Act or otherwise.

(h) Artist does not have and shall not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made hereunder, or heretofore or hereafter made by Artist to us, pursuant to Sections 204 or 304 of such Act or otherwise.

6. We agree to defend, indemnify and hold you, Sponsor, all other users of said materials and your and their successors, assigns, licensees and designees and the agents, employees, directors and stockholders of you and all of them harmless from and against any and all claims, suits, losses, costs and liabilities which may arise in connection with the use of said materials or the breach or alleged breach of any representations, warranties and/or agreements made by us or Artist herein.

7. You may use and authorize others to use the name, photograph, portrait, life likeness and biographical material to Artist in connection with said materials and the exploitation and promotion thereof, but you shall not be obligated to do so.

8. This Agreement shall be binding upon us and Artist and our and his successors, assigns, heirs, next-of-kin, executors and administrators. The Agreement shall inure to the benefit of you and Sponsor and your and their respective successors, assigns, and licensees.

-3-

SUN 0898

9. The rights granted and confirmed hereunder are special, unique, and intellectual and our failure to honor this Agreement in any way will cause you irreparable loss and damage which shall entitle you to equitable relief, by way of injunction and otherwise, to prevent either us or Artist from breaching this Agreement or failing to perform our and/or Artist's obligations hereunder.

10. This Agreement shall be governed by and in accordance with the laws of the State of New York for agreements made and to be performed in the State of New York.

Very truly yours,

KINDER · BRYANT & AQUINO LTD.

_Ford Kinder_
Name of Contractor

By: _FORD KINDER, PRES._
Its

_41 W. 73RD ST._
Address

_N.Y., N.Y. 10023_

_____

Contractor's ID No.

ACCEPTED AND AGREED TO:

GRIFFIN BACAL INC. As Agent for

Hasbro Industries Inc.

By: _____
Its

-4-

<u>EXHIBIT A</u>

Copy of Words and/or Music Attached To and Made
Part of Assignment and Agreement — Musical
Composition dated:

-5-

SUN 0900

## PERSONAL ACKNOWLEDGMENT

In consideration of GRIFFIN BACAL INC. entering into an agreement with _KINDER·BRYANT & AQUINO , LTD._ (hereinafter referred to as "Contractor"), with respect to the _TRANSFORMERS_ . (hereinafter referred to as the "musical composition/arrangement") and in order to induce GRIFFIN BACAL INC. to enter into said Agreement, which I hereby acknowledge is of substantial benefit to me, I hereby confirm, warrant and agree as follows:

1. As between me and Contractor, Contractor has all the rights and authority to enter into said Agreement.

2. I hereby acknowledge that all material prepared, created, written and delivered by me in and in connection with the musical composition/arrangement was prepared, created, written and delivered by me within the scope of my employment by Contractor and is and shall be a work made for hire, and accordingly Contractor is the initial owner of all copyrights therein; and at the request of GRIFFIN BACAL INC. I will execute and deliver to Contractor and/or GRIFFIN BACAL INC., in connection with all said materials, such transfers, assignments and other documents as Contractor and/or GRIFFIN BACAL INC. may deem necessary or appropriate to evidence, effectuate, confirm or enforce the rights of Contractor and/or GRIFFIN BACAL INC. in said material, including, but not limited to, a certificate in substantially the following form:

> "I hereby certify that I created, wrote and prepared the material attached hereto as an employee of Contractor, pursuant to an agreement between me and Contractor, dated _1/19_ , 19_84_; and in the scope and regular course of my employment by Contractor, and in the performance of my duties thereunder; that all of said material is a work made for hire; that Contractor is the author thereof and the initial owner of all copyrights and other rights therein and thereto throughout the universe; and that as between me and Contractor, Contractor has the sole right to grant, transfer and otherwise deal with all such material and all such copyrights and other rights therein and thereto.
>
> Dated: _5-2-84_
>
> Signed: _____ (Artist)

and if I fail or refuse to execute and deliver any such document or certificate within ten days after GRIFFIN BACAL INC. requests same, I hereby appoint GRIFFIN BACAL INC. my irrevocable true and lawful attorney-in-fact to execute and deliver same in my name.

_____ (Artist)

SUN 0901



© 1983 Mutiny Music (ASCAP)

Contractor

## ASSIGNMENT AND AGREEMENT - MUSICAL COMPOSITION

April 8, 1988
DATE

Griffin Bacal, Inc., as Agent for
Hasbro, Inc.            ("Sponsor")
130 Fifth Avenue
New York, N.Y.  10011

Gentlemen:

1.      This will confirm that you hereby engage us and we hereby
accept the engagement to furnish to you the services of Kinder & Bryant,
Ltd.           (Hereinafter referred to as "Artist") for the musical
composition now entitled,  Transformers           , in connection
with the creation, writing, composition and delivery of the following
musical, literary, creative and artistic materials based on the
commercial copy material furnished by you:

              Music Only        _____
              Lyrics Only       _____
              Music and Lyrics  _____

2.      We hereby sell, assign, transfer and set over to you, your
successors and assigns, all material prepared, created, written and
delivered by Artist and/or us hereunder and all copyrights and all other
rights there in perpetuity throughout the universe. We hereby acknowledge
that the material delivered hereunder shall constitute a "work for hire"
within the meaning of the 1976 Copyright Act of the United States.

3.      In full payment for and in consideration of all services
to be performed by us and/or Artist hereunder and all of our and/or
Artist's obligations hereunder, you shall pay us the following compen-
sation within ten (10) days after the respective event indicated below
requiring such payment.

        (a) The basic payment of $250.00 following receipt of said
materials.

        (b) In the event that you determine, in your discretion to
use the materials for use in radio, television and/or other advertising
purposes you shall give us written notice of such determination, after
the giving of such written notice you shall pay us an additional sum
of $1,500.00 less any payment made persuant to Subparagraph 3(a) above.

SUN 0903

(c) In the event that you determine, in your discretion to use the materials on radio and/or television in more than one of the three major markets (New York, Chicago and Los Angeles) you shall after such use, pay us, as a one-time payment, such additional sum as will increase the total payments hereunder to $3,500.00, inclusive of all payments made to us pursuant to Subparagraphs 3(a) and 3(b) above.

(d) Except as otherwise expressly provided for herein, neither we nor Artist shall be entitled to any payment and/or other consideration.

(e) In the event that you neither give us the notice referred to in Subparagraph 3(b) above, nor make the payment referred to in said Subparagraph within twelve (12) months after the final submission to you of the materials, we may give you a written notice requiring you to make the payment referred to in Subparagraph 3(b) above within (12) months after the date of our notice and in the event that you fail to do so, we shall then have the right to sell the materials to other persons; provided, however, the we shall in each instance purchase the materials as provided for herein; and provided further, however, that in no event will either we or Artist make, permit or allow the use of any commercial copy material furnished to us by you hereunder.

4.    If you request, we shall, within ten (10) days after such request furnish you with a disc or tape recording of such materials. In such event you shall reimburse us for the actual and substantiated reasonable cost and expenses incurred by us in connection with furnishing such disc or tape recording.

5.    We agree, represent and warrant that:

(a) We are free to enter into and fully perform this agreement.

(b) We have the full right, power and authority to furnish the services of Artist and to grant and confirm all rights (including copyrights) conveyed and/or confirmed herein.

(c) All material prepared, created, written and delivered hereunder shall be new and original with us and Artist will be the sole creator thereof.

(d) No element of such material shall in any way infringe upon or violate the trademark, copyright, literary, dramatic and/or any other rights of any person, firm or corporation or the right of privacy or right of publicity of any such person (whether living or dead)

(f) The material is a "work for hire" as such term is defined by the 1976 Copyright Act of the United States.

(g) We do not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made hereunder pursuant to Sections 203 or 304 of such Act or otherwise; and

(h) Artist does not have and shall not have and shall not seek to exercise any right to terminate the grant of a transfer of copyright and rights under copyright made hereunder, or heretofore or hereafter made by Artist to us, pursuant to Sections 203 or 304 of such Act or otherwise.

6. ___ We agree to defend, indemnify and hold you, Sponsor, all other users of said materials and your and their successors, assigns, licensees, and designees and the agents, employees, directors and stockholders of you and all of them harmless from and against any claims, suits, losses, costs and liabilities which may arise in connection with the use of said materials or the breach or alleged breach of any representations. (SEE ATTACHED PAGE) 7K

7. You may use and authorize others to use the name, photograph, portrait, life likeness and biographical material of Artist in connection with said materials and the exploitation and promotion thereof, but you shall not be obligated to do so.

8. This Agreement shall be binding upon us and Artist and his successors, assigns, heirs, next-of-kin, executors and administrators. This Agreement shall inure to the benefit of you and Sponsor and your and their respective successors, assigns and licensees.

9. The rights granted and confirmed hereunder are special, unique and intellectual and my failure to honor this Agreement in any way will cause you irreparable loss and damage which shall entitle you to equitable relief, by way of injunction and otherwise, to prevent either us or Artist from breaching this agreement or failing to perform our and/or Artist's obligation hereunder.

10. This agreement shall be governed by and in accordance with the laws of the State of New York for agreements and to be performed in the State of New York.

Very truly yours,

KINDER & BRYANT, LTD.
Name of Contractor

By: _Ind Kinder_
Its PRES.

Address: 41 W 73rd
MY MY

Contractor ID #: 13·3186088

ACCEPTED AND AGREED TO:
GRIFFIN BACAL, INC. as agent for

By: _____
Its _____

6.

(a)  We warrant and represent, except as the Composition may contain or be based upon lyrical or literary material or melody and arrangement suggestions furnished by you, that the music and lyrics of the Composition are wholly original with us and do not violate or infringe upon the rights of any third party.  We further warrant and represent that we have the full right, power and authority to enter into and perform this agreement.  In this connection we agree to save and hold you harmless from any damages resulting from a breach of the foregoing warranties and representations, including reasonable attorneys fees, provided that a claim constituting such breach is the subject of a final adjudication of a court of competent jurisdiction or you have entered into a settlement of a claim constituting such breach which settlement has been approved by us in writing. Notwithstanding any other provision of this license agreement or the Basic Agreement, we shall in no event be liable to you or any other person for any damages (including without limitation lost profits, lost sales, or any other direct, incidental or consequential loss) resulting from any breach or breaches of the foregoing warranties and representations to the extent such damages exceed the amount of the License Fee.

(b)  You warrant and represent that any lyrics, literary material, melody and/or musical arrangements suggested by you or the client, shall not, wherever same are utilized in and as part of the Composition, violate or infringe upon the rights of any third party.  You further warrant and represent that you have the full right, power and authority to enter into and perform this agreement.  In this connection you agree to save and hold us harmless from any damages resulting from a breach of the foregoing warranties and representations, including reasonable attorneys fees, provided that such a claim constituting such a breach is the subject of a final adjudication of a court of competent jurisdiction or we have entered into a settlement of a claim constituting such a breach which settlement has been approved by you in writing.

## ADDENDUM A

Copy of Words and/or Music
Attached to and Made Part of Assignment and
Agreement - Musical Composition Dated:

SUN 0907



ADDENDUM B

Administrator's Compensation


The total compensation of the Administrator for service rendered
pursuant to this Agreement and Pursuant to similar agreements with
producers and/or distributors of phonograph records and/or electrical
transcriptions shall be at the total rate of Ten Thousand Dollars
($10,000.00) per annum.

SCHEDULE 1

Date:_____ 19____

The undersigned, desiring to become an additional First Party to
the Within Agreement, does hereby adopt the declarations of the First
Parties set forth therein, does hereby make the request made by the
First Parties therein, and in consideration of the undertakings assumed
therein by each First Party and of the undertaking assumed therein by the
Administrator at the request of the First Parties, does hereby request
the Administrator to accept the undersigned as an additional First Party
to such Agreement, and does assume and agrees to be bound by the terms,
covenants and conditions to be performed thereunder.


_____
(Name of Company or Individual Signatory)


By _____
(Signature of Officer and Title)


Address: _____

_____


ACCEPTED:

United States Trust Company of New York

By _____
Vice President
Administrator

(If executed in the Province of Quebec this Agreement shall be properly
notarized and otherwise executed according to the laws of the Province.)

Date ................................, 19 ......


The undersigned, desiring to become an additional first party to
the within Agreement, does hereby adopt the declarations of the first
parties set forth therein, does hereby make the request made by the first
parties therein, and in consideration of the undertakings assumed therein
by each first party, and of the undertakings assumed therein by the Trustee
at the request of the first parties, does hereby request the Trustee to
accept the undersigned as an additional first party to such Agreement,
and does assume and agrees to be bound by the covenants and conditions
to be performed thereunder.

....................................................................
PLEASE PRINT (Name of Company or Individual Signatory)     –

By ..................................................................
    PRINT Name of Officer and Title


....................................................................
Signature

Address: ...........................................................

         ...............................................Zip Code ...........

Telephone ..........................................................


Accepted:


....................................................................
Trustee


(If executed in the Province of Quebec, this contract shall be properly
notarized and otherwise executed according to the laws of that Province.)