# EXHIBIT 116

Westlaw.

9/17/2007 NYLJ 20, (col. 3)                                                                                    Page 1
 9/17/2007 N.Y.L.J. 20, (col. 3)

New York Law Journal
Volume 238
Copyright 2007 ALM Properties, Inc. All rights reserved.

Monday, September 17, 2007

Decision of Interest

NEW YORK COUNTY CIVIL COURT

Landlord Denied Leave to Reargue Dismissal Of Petition; Court Did Not Overlook
Facts or Law

Judge David B. Cohen

MENGONI v. LORELLI, L&T051476/2005, Decided 08/17/07 --

Charles H. Small, Esq.

Attorney for Petitioner

David E. Frazer, Esq.

Attorney for Respondent

DECISION AND ORDER

INTRODUCTION

 Petitioner-landlord sought possession of the subject premises claiming respondent-tenant made numerous alterations to the rent-stabilized apartment without the landlord's consent. The petition was dismissed at the close of petitioner's case at trial for failure to establish a prima facie case because the petitioner made no showing that the alterations were made without his, consent. Petitioner now moves to reargue the dismissal and urges that such dismissal should be without prejudice.

CONCLUSIONS OF LAW

 I. Petitioner's Motion to Reargue

 A motion to reargue 'shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining its prior motion, but shall not include any matters of fact not offered on the prior motion' (CPLR 2221 [d] [3]). A newly asserted legal argument is not a proper ground for reargument (William P. Pahl Equipment Corp. v. Kassis, 182 AD2d 22, 27 [1st Dept 1992]). Reargument is not granted 'simply because the unsuccessful counsel...would like to again

Copyright © 2008 The New York Law Pub. Co.

argue the very questions previously decided ' (id.; see Pro Brokerage, Inc. v. Home Ins. Co., 99 AD2d 971 [1st Dept 1984]), For example, in Missan v. Dillon, 12 Misc 3d 1153[A], 2006 NY Slip Op 50875[U], *4 [Sup Ct, NY County 2006] the motion for reargument was denied because the plaintiffs merely set forth the same arguments they raised before the judge at trial.

Reargument may be granted where a point had been 'overlooked' (Rivera v. Benaroti, 29 AD3d 340, 341 [1st Dept 2006] [reargument granted because court overlooked the affirmation of plaintiff's treating surgeon when it earlier granted defendant's motion for summary judgment]; Long v. Long, 251 AD2d 631, 631 [2d Dept 1998] [affirming grant of a reargument because the lower court failed to make a determination of child supports arrears as directed in a prior order]; Joosten v. Gale, 129 AD2d 531, 533 [1st Dept 1987] [reargument granted where plaintiff's only proof in support of a default judgment was a complaint verified by his attorney, a point which had been overlooked]; Rodney v. New York Pyrotechnic, 112 AD2d 410, 411 [2d Dept 1985] [reargument granted 'in view of the meritorious nature of [plaintiffs'] claim, the clear absence of an intent to abandon the action, the lack of substantial prejudice to appellant as a result of the delay and the strong public policy in favor of resolving cases on the merits...']; Clarendon v. Gonzalez, 10 Misc 3d 1056 [A], 2005 NY Slip Op 51978[U], *3 [Sup Ct, Nassau County 2005] [reargument granted because 'new evidence...is of such substance and materiality, that in the interests of justice, it cannot be ignored']).

Here, the landlord does not show that the court overlooked or misapprehended either fact or law. Petitioner disagrees with the court's interpretation of Rumiche Corp. v. Eisenreich (40 NY2d 174 [1976]) because that case did not involve a lease, as is present here. That case requires that 'a tenant inflict a serious and substantial injury to the landlord by willfully violating a substantial obligation of his tenancy' before the landlord may prevail. Here, since no competent proof was before the court that the alterations were made without the consent of the landlord, it cannot be said that there was any serious and substantial injury to petitioner. As such, petitioner did not make out a prima facie case.

Petitioner argues that an architect, who was a witness at trial, testified that respondent constructed stairs without a permit from the New York City Department of Buildings and that the stairs did not comply with the requirements of the building code. In addition, petitioner relies upon the testimony of Glory Jacinto, petitioner's executive assistant. Ms. Jacinto testified that she observed respondent renovating the kitchen and replacing cabinets and ceramic tile. The testimony from the architect and Ms. Jacinto were not overlooked by this court when it made its decision regarding the petition's dismissal. Regardless, these arguments do not establish that the alterations were made by respondent without petitioner's consent. Although the architect's report states that the landlord did not give consent for the alterations made to the apartment, this hearsay statement could not establish the landlord's lack of consent (People v. Slaughter, 189 AD2d 157, 159 [1st Dept 1993] ['Out-of-court statements which are offered for the truth of their content constitute hearsay, and may not be admitted unless they come within

Copyright © 2008 The New York Law Pub. Co.

9/17/2007 NYLJ 20, (col. 3)                                                Page 3
  9/17/2007 N.Y.L.J. 20, (col. 3)

an exception to the hearsay rule']). Beyond the architect's report and Ms. Jacinto's testimony, the petitioner does not set forth any contentions that the court overlooked any fact or misapprehended the law. The bulk of the Motion to Reargue merely sets forth previous arguments and states facts already heard at trial (see Missan, 2006 NY Slip Op 50875[U], *4). Accordingly, the motion for leave to reargue is denied.

  II. Dismissal with Prejudice

A 'party may move for judgment...upon the ground that [it] is warranted as a matter of law' (CPLR 4401). A dismissal after the close of a proponent's evidence is on the merits, unless otherwise specified (10 Weinstein-Korn-Miller, NY Civ Prac ¶4401.8; CPLR 5013). Dismissal due to failure of proof is generally on the merits (10 Weinstein-Korn-Miller, NY Civ Prac ¶5013.03), but 'some courts have expressed distaste for barring a second action because of a dismissal for failure of proof in the first action' (id.). This occurs when 'the court believes that the plaintiff's claim is meritorious and that the plaintiff should be given another chance to establish the cause of action ' (id.; Raine v. Viacom Intl., 224 AD2d 362, 363 [1st Dept 1996] [court correctly dismissed the case without prejudice because 'the disposition was based on lack of evidence which might become available at some point in the future']; Kilduff v. Donna Oil Corp., 74 AD2d 562, 563 [2d Dept 1980] ['where a plaintiff has failed to establish a prima facie case, but it appears that proof which would support a prima facie case is available, the complaint should be dismissed 'without prejudice'']; Champion Intl., Corp. v. Dependable Indus. Corp., 47 AD2d 473, 475 [1st Dept 1975] [court found that it clearly appeared that the plaintiff's proof against a particular defendant was available and that, therefore, the dismissal should have been made without prejudice]; Roland v. Hubbard, 36 AD2d 599, 599 [1st Dept 1971] [trial court granted defendant's motion to dismiss at the end of plaintiff's evidence, as plaintiff had failed to make out a prima facie case; it was 'difficult, if not impossible, to ascertain from the record if the failure of proof resulted from its actual unavailability or from the court's continual trammeling of counsel in his effort to present his case']; Giglio v. Haber, 19 AD2d 793, 793 [2d Dept 1963] [trial court's dismissal of a complaint with prejudice at the end of plaintiff's case should have been without prejudice because 'it appears that proof is available to plaintiff which will readily enable him to establish a prima facie case']).

Absent facts tending to show merit but lacking evidentiary support, the general rule that lack of proof dismissals are on the merits applies (Lyddy v. Ayling, 111 Misc 2d 449, 454 [Sup Ct, NY County 1981] ['the overwhelming majority of cases...recognize that a party normally gets but one trial. So long as the proponent has had a 'full and fair opportunity to either prosecute or defend an action, but has, without mitigating circumstances, failed to do so', the resulting adjudication is 'on the merits''] citing Greyhound Lines v. Pamtours, NYLJ, Feb. 27, 1978, at 11, col 2 [App Term, 1st Dept]; see Dept. of Social Servs. on Behalf of Beatrice V.P. v. Trustum, C.D., 97 AD2d 831, 831- 832 [2d Dept 1983] [an unsuccessful litigant should not be given 'a second chance at bat, merely because, with

Copyright © 2008 The New York Law Pub. Co.

the benefit of hindsight, it appears that a better presentation may have been made and a favorable result may have been achieved'].

Here, the dismissal of the petition at the close of petitioner's case at trial for failure to set forth a prima facie case is on the merits and with prejudice (see CPLR 4401 and CPLR 5013). The facts of this case do not fall within the line of cases which set forth an exception to the general rule that 'a dismissal after the close of a proponent's case is on the merits ' (id.). Petitioner had 'a full and fair opportunity' to present evidence showing the alterations were made without the landlord's consent, but simply failed to introduce such evidence (see Lyddy, 111 Misc 2d at 454). In fact, petitioner's counsel repeatedly attempted to elicit a response from the petitioner himself as to whether he gave his consent to respondent to make the alterations. Objections raised to his repeated questions were sustained by this court solely as to their leading nature. Instead of attempting to elicit this testimony using a question that was proper in form, counsel moved on briefly and then rested. This is not a case where the evidence was not available at trial, but an instance where an attorney failed to elicit the necessary testimony at trial and now desires a second chance. To allow petitioner to question its witness another time would run counter to the longstanding policy that 'a party normally gets but one trial' (id.; see also Greyhound, NYLJ, Feb. 27, 1978, at 11, col 2). Also, there has been no allegation that there exists evidence that 'might become available' in the future (Raine, 224 AD2d at 363) or that the failure of proof resulted from the court's 'continual trammeling of counsel in his effort to present his case' (Roland, 26 AD2d at 599). As stated in Link v. Wabash Railroad Co. (370 US 626, 633-634 [1962]), 'petitioner voluntarily chose this attorney as his representative in this action, and he cannot now avoid the consequences of the acts and omissions of this freely elected agent.' Accordingly, the dismissal of the petition is with prejudice (see CPLR 4401 and 5013).

III. Legal Fees

Paragraph 20 (a) of the lease between petitioner and respondent states:

'You must reimburse Owner for any of the following fees and expenses incurred by Owner:

... (5) Any legal fees and disbursements for legal actions or proceedings brought by Owner against You because of a Lease default by You....'

Paragraph 20 (b) states:

'Owner agrees that unless subparagraph 5 of this Article 20 has been stricken out of this Lease You have the right to collect reasonable legal fees and expenses incurred in a successful defense by You of lawsuit brought by Owner against You....'

Even if the lease agreement did not contain Paragraph 20 (b), the respondent is entitled to legal fees by statute. Real Property Law ('RPL') §234 imposes a reciprocal right to collect attorney fees if the tenant prevails where a lease provides

9/17/2007 NYLJ 20, (col. 3)                                                                     Page 5
9/17/2007 N.Y.L.J. 20, (col. 3)

that a landlord may recover legal fees from a tenant following a successful lawsuit arising out of the tenant's lease (RPL §234; Lynch v. Leibman, 177 AD2d 453, 454-455 [1st Dept 1991]; Minjak Co. v. Randolph, 140 AD2d 245, 250 [1st Dept 1988]; see Duell v. Condon, 84 NY2d 773, 780 [1995]. Therefore, the respondent is clearly entitled to legal fees under RPL §234.

Respondent claims there should be no hearing when there is no dispute as to the reasonableness of the attorney fees. However, the 'affirmation of the tenant's attorney is...an inadequate basis for awarding the legal fee sought ' (N.V. Madison, Inc. v. Sauerwein, 103 Misc 2d 996, 999 [App Term, 1st Dept 1980). Therefore, a hearing to fix the amount of respondent's reasonable attorney's fees will be held on August 27, 2007, at 9:30 a.m.

The clerk is directed to mail a copy of this decision to all parties.

This constitutes the decision and order of this court.

9/17/2007 NYLJ 20, (col. 3)

END OF DOCUMENT

Copyright © 2008 The New York Law Pub. Co.