UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anne Bryant,<br><br>           PLAINTIFF,<br><br>  -AGAINST-<br><br>AB DROITS AUDIOVISUELS, AB PRODUCTIONS, APOLLO'S CHARIOT MUSIC, BANANA ALERT MUSIC, BEST ENTERTAINMENT LTD, BLOKKER BV, BRIDGE RIGHTS B.V., CARTOON NETWORK, CENCIENTA VIDEO, CHAD ENTERTAINMENT LLC., COLUMBIA TRISTAR HOME VIDEO INC., DREAMWORKS LLC A/K/A DREAMWORKS PICTURES, FILM FACTORY, FLEX MEDIA ENTERTAINMENT, HASBRO INC., HASBRO INTERNATIONAL, INC., INITIAL S.A., LOONLAND UK LTD., MADMAN ENTERTAINMENT INC., MAVERICK ENTERTAINMENT LIMITED, MEDIA SALES GROUP AND LICENSING B.V., MEGA ENTERTAINMENT, METRODOME GROUP PLC, PARAMOUNT PICTURES CORP., PEXLAND INTERNATIONAL (PICTURES) LTD, PROXIMA FLIMS, RHINO ENTERTAINMENT CO., RHINO HOME VIDEO CORE, ROUGE CITRON PRODUCTIONS S.A.R.L., SILVER MEDIA GROUPS S.A., SONY/ATV SONGS LLC [BMI], SONY/ATV TUNES LLC [ASCAP],  SONY BMG MUSIC ENTERTAINMENT INC., SONY LEGACY, SONY PICTURES HOME ENTERTAINMENT INC., SONY WONDER, SUNBOW ENTERTAINMENT LLC., SUNBOW PRODUCTIONS INC., STARWILD MUSIC INC., TALENT PARTNERS INC., TRANS ENTERTEL TELECOMMUNICATIONS LTD, TV LOONLAND AG, TV LOONLAND HOME ENTERTAINMENT LTD, UNICORN TV DISTRIBUTORS LTD., UNION FILMS GROUP, VIDART LIMITADA, VOLCANO RECORDS, WARNER MUSIC GROUP, WARNER STRATEGIC MARKETING, WILDSTAR MUSIC, INC., JOHN AND JANE DOES 1-20, ABC CORPORATIONS 1-20,<br><br>           DEFENDANTS. | 07-CV-6395 (SHS)(MHD)<br><br><br><br><br>**DEFENDANTS HASBRO, INC., THE CARTOON NETWORK, INC., PARAMOUNT PICTURES, DREAMWORKS LLC AND DREAMWORKS PICTURES' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)** |

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................... 2

FACTUAL BACKGROUND ............................................................................................... 4

ARGUMENT .................................................................................................................... 4

I.    INSOFAR AS THE HASBRO-RELATED DEFENDANTS ARE CONCERNED,
      THE INSTANT ACTION IS BARRED BY THE DOCTRINE OF RES
      JUDICATA ............................................................................................................ 4

      A.    The State Trial Court Dismissed the State Action on the Merits ........................... 7

      B.    The Hasbro-Related Defendants Are, Directly or Indirectly, Privies to
            Parties to the State Action ................................................................................. 7

      C.    The Claims in the Federal Complaint Were or Could Have Been Brought
            in the State Court Action ................................................................................. 10

II.   INSOFAR AS THE HASBRO-RELATED DEFENDANTS ARE CONCERNED,
      THE INSTANT ACTION IS BARRED BY THE DOCTRINE OF
      COLLATERAL ESTOPPEL .................................................................................... 12

      A.    The Issues in the State Action Were Identical to the Issues in this Action,
            Necessarily Decided in the State Action, and Decisive of this Action ................. 14

      B.    Bryant Had a Full and Fair Opportunity To Litigate in the State Action All
            Issues Raised in Federal Action ........................................................................ 16

CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACLI Gov't Secs. v. Rhoades,*
   963 F.2d 530 (2d Cir. 1992) ....................................................................... 12

*Amadasu v. Bronx Lebanon Hosp. Ctr,*
   2005 U.S. Dist. LEXIS 774 ............................................................... 5, 9, 13

*Bouchat v. Bon-Ton Dep. Stores,*
   506 F.3d 315 (4th Cir. 2007) ...................................................................... 12

*Brown v. Perdue,*
   2005 U.S. Dist. LEXIS 15995 (S.D.N.Y. Aug. 4, 2005) *aff'd* 2006 U.S. App. LEXIS
   13877 (2d Cir. Apr. 18, 2006) .................................................................... 8

*Clissuras v. EEOC,*
   1990 U.S. Dist. LEXIS 16767 ...................................................................... 7

*Curry v. City of Syracuse,*
   316 F.3d 324 (2d Cir. 2003) ...................................................................... 16

*Ferris v. Cuevas,*
   118 F.3d 122 (2d Cir. 1997) ........................................................................ 5

*Hernandez v. Goord,*
   312 F. Supp. 2d 537 (S.D.N.Y. 2004) (Stein, J.) ...................................... 12

*In re Teltronics Services, Inc.,*
   762 F.2d 185 (2d Cir. 1985) ........................................................................ 8

*Johnson v. County of Nassau,*
   411 F. Supp. 2d 171 (E.D.N.Y. 2006) ...................................................... 16

*Johnson v. County of Nassau,*
   480 F. Supp. 2d 581 (E.D.N.Y. 2007) ...................................................... 12

*Korea First Bank of N.Y. v. Noah Enters. Ltd.,*
   12 A.D.3d 321, 787 N.Y.S.2d 2 (1st Dep't 2004) .................................... 13

*Kramer v. Time Warner, Inc.,*
   937 F.2d 767 (2d Cir. 1991) ........................................................................ 8

*Laramie Springtree Corp. v. Equity Residential Props. Trust,*
   38 A.D.3d 850, 832 N.Y.S.2d 672 ............................................................ 12

*Levy v. United States,*
  776 F. Supp. 831 (S.D.N.Y. 1991) ........................................................ 8

*Monahan v. New York City Dep't of Corr.,*
  214 F.3d 275 (2d Cir. 2000) .......................................................... 4, 10

*O'Brien v. Syracuse,*
  54 N.Y.2d 353, 445 N.Y.S.2d 687 (1981) ........................................ 11

*Pentagen Techs. Int'l Ltd. v. United States,*
  2002 U.S. Dist. LEXIS 5030 *18 (S.D.N.Y. 2002) ........................ 5, 17

*Pharr v. Evergreen Garden, Inc.,*
  123 Fed. Appx. 420 (2d Cir. 2005) .................................................. 11

*Roth v. Syracuse Hous. Auth.,*
  2002 NY Slip Op 40550U (Sup. Ct. Onodaga Co. 2002) .................. 13

*Ryan v. New York Tel. Co.,*
  62 N.Y.2d 494, 478 N.Y.S.2d 823 (1984) ........................................ 17

*Truong v. Truong,*
  2007 U.S. Dist. LEXIS 10973* (S.D.N.Y. Feb. 5, 2007) .................... 18

*Vishipco Line v. Charles Schwab & Co.,*
  2003 U.S. Dist. LEXIS 4082 (S.D.N.Y. Mar. 19, 2003) ........... 4, 5, 11, 12

*Watts v. Swiss Bank Corp.,*
  27 N.Y.2d 270, 317 N.Y.S.2d 315 (1970) .......................................... 7

*Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,*
  263 F.3d 196 (2d Cir. 2001) ........................................................ 5, 11

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b) and 12(h) ............................................................ 1

This memorandum of law is submitted on behalf of defendants Hasbro, Inc., The Cartoon Network, Inc., Paramount Pictures, DreamWorks LLC and DreamWorks Pictures (collectively the "**Hasbro-Related Defendants**") in support of their motion for an Order dismissing this action against them, in its entirety and with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Under the well-established "claim preclusion" and "issue preclusion" doctrines of *res judicata* and collateral estoppel, respectively, a defendant in a second lawsuit is entitled to dismissal of a complaint where the plaintiff in an earlier lawsuit involving the same claims and issues, has had a full and fair opportunity to litigate the claims and issues it seeks to raise in the second suit, and which were decided against the plaintiff in the first case.

That is precisely what is presented by Plaintiff, Anne Bryant ("**Bryant**") in this lawsuit. Bryant seeks to re-litigate in this action fundamental claims and issues which were decided against her after more than five years of litigation in the New York State Supreme Court before Justice Andrew J. O'Rourke (*Anne Bryant v. Sunbow Productions, Inc.*, Index Nos. 5192/00, 2821/02 (NY Sup Ct., Rockland County)) (the "**State Action**") which culminated in a full trial on the merits which she lost in March 2007. As discussed below, those claims and issues, upon which Bryant has already had her day in court and lost, are at the very core of the present action against the Hasbro-Related Defendants (who were not sued in the State Action). Hence, the Complaint as against them should be dismissed.

---

[1] Pursuant to this Court's order at the preliminary scheduling conference in this action on November 2, 2007, this motion is limited to seeking dismissal based upon the doctrines of *res judicata* and collateral estoppel, and all other grounds upon which the Hasbro-Related Defendants would otherwise move to dismiss Bryant's Complaint (including, but not limited to, grounds that, pursuant to Fed. R. Civ. P.12(b) and 12(h), must be included in a first responsive pleading) are expressly reserved, are not waived, and are held in abeyance pending the Court's determination of the instant motion.

## PRELIMINARY STATEMENT

In her Complaint in this action, Bryant, a songwriter, asserts as against the

Hasbro-Related Defendants claims for breach of contract (although she does not claim to be a

party to any contract with any of them)[2], a judicial accounting, breach of fiduciary duty and

unjust enrichment.  Complaint at ¶¶88-93, 94-105, 106-110, and 111-115.  As is more fully set

forth in the motion to dismiss (the "**Sunbow Motion To Dismiss**") simultaneously filed herein

by defendants Sunbow, Sony BMG Music Entertainment, Loonland UK Ltd., TV Loonland

Home Entertainment Ltd., and Metrodome Group P.L.C. (collectively, the "**Sunbow**

**Defendants**"), and in the supporting Declaration of Gloria C. Phares, dated January 4, 2008 (the

"**Phares Decl.**"), each and every one of Bryant's claims in this action was asserted as against

defendant Sunbow Productions, Inc. ("**Sunbow**") in the State Action.

Each and every one of Bryant's claims in this action is entirely dependent, for its

validity, upon the notion that Bryant, as the composer of certain musical compositions, is due

royalties and/or fees in connection with the exploitation by the Hasbro-Related Defendants of

---

[2] In summary, Bryant claims that: (a) The Cartoon Network, Inc. ("**TCN**") breached an unidentified contract pursuant to which it used the "Transformers" main theme music in the "Transformers" television series, which it has allegedly produced, broadcast, and licensed for distribution in the home video market; (b) DreamWorks LLC, DreamWorks Pictures and/or Paramount Pictures (collectively "**Paramount**") breached an unidentified contract pursuant to which it used the "Transformers" main theme music in promoting a live action film entitled "Transformers" and on the movie's soundtrack album; and (c) Hasbro, Inc. ("**Hasbro**") breached a Publishing Administration Agreement dated November 12, 1987 between Hasbro and Milton Bradley International, Inc., on the one hand, and the Law Offices of William M. Dobishinski, on the other hand, for the musical compositions entitled "Jem", "My Little Pony" and "Transformers", and a Standard Terms And Conditions Agreement dated October 21, 1988 between and among Hasbro, Inc., Milton Bradley International, Inc., Sunbow Productions, Inc., Starwild Music, Inc. and Wildstar Music, Inc. (the "**STC Agreement**").  Complaint, ¶¶89.H., 89.L., and 89.O.  Bryant is not a party to, or identified as a purported third-party beneficiary, in any of the foregoing contracts.

animated television and feature film productions that incorporate those compositions.  Moreover, Bryant's claim for a judicial accounting is entirely dependent, for its validity, upon (among other things) the notion that Bryant's relationship with Sunbow was "in the nature of a Joint Venture" such that Sunbow had fiduciary obligations to Bryant, and that those fiduciary obligations extended derivatively to the Hasbro-Related Defendants notwithstanding the absence of any specific allegations independently imposing such obligations upon then.  As more fully set forth in the Sunbow Motion To Dismiss (at pp. 3-12), each of these claims or issues was litigated in, and/or arose out of the same facts which were the subject of, the State Action, and Bryant cannot now re-litigate those issues against Sunbow and/or the Hasbro-Related Defendants.

Indeed, in the State Action, it was determined, after a full trial on the merits, that to the extent that Bryant composed the musical compositions in issue for Sunbow, the compositions were "works-for-hire" under the United States Copyright Act, and that Bryant's *only* entitlement to royalties and/or other compensation generated from the exploitation of those compositions, is governed entirely by her written agreements with Sunbow (and not otherwise).  See Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl.[3]  Moreover, the state court held that Sunbow had no fiduciary duty to Bryant.  *Id.* at p. 6.  For purposes of this motion, that determination controls and is dispositive against Bryant.[4]

Thus, because each of Bryant's claims against the Hasbro-Related Defendants rely upon allegations that have already been fully and finally decided against her, the doctrines of *res judicata* and/or collateral estoppel require that the Complaint be dismissed as against them.

---

[3] As discussed on page 5, *infra*, for ease of expression, Bryant's written agreements with Sunbow are collectively referred to as the "Jem Agreement".

[4] Of course, if this Court declines to dismiss this action on the grounds of *res judicata* or collateral estoppel, the Hasbro-Related Defendants reserve the right to assert whatever claims and defenses they may have regarding the subject matter of this action.

## FACTUAL BACKGROUND

In the interest of judicial economy, the Hasbro-Related Defendants respectfully refer to, and incorporate herein by this reference, the factual background furnished in support of the Sunbow Motion To Dismiss (at p. 2-3). The same factual background fully supports the instant motion.

## ARGUMENT

I.     **INSOFAR AS THE HASBRO-RELATED DEFENDANTS ARE CONCERNED, THE INSTANT ACTION IS BARRED BY THE DOCTRINE OF *RES JUDICATA***

*Res judicata* -- or claim preclusion -- prevents parties and those in privity with them from raising, in a subsequent action, legal theories, claims for relief, or defenses which *could* have been raised in a prior case, regardless whether such claims were ever *actually* litigated. Moore's Federal Practice – Civil 121.13[1]. *Res judicata* applies to bar a subsequent claim if: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties as the subsequent action, *or* those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000); *Vishipco Line v. Charles Schwab & Co.*, 2003 U.S. Dist. LEXIS 4082 at *19 (S.D.N.Y. Mar. 19, 2003)("a final judgment on the merits of an action precludes the parties or their privies from relitigating claims or issues that were or could have been raised in that action")(citing *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)).

New York applies a "transactional approach" to res judicata, meaning that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if [the other claims] are based upon different theories or if seeking a different remedy." *Vishipco Line, supra*, at *19 (citing *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001)); *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997). Under the transactional approach, *res judicata* will bar an action even where the new causes of action contain a variation in the facts alleged, the legal theories asserted, or relief sought -- if the allegations are grounded on the same wrong upon which the prior action was brought, the second action must be dismissed. *Yoon*, 263 F.3d at 201 (citations omitted); *see also Amadasu v. Bronx Lebanon Hosp. Ctr*, 2005 U.S. Dist. LEXIS 774 *11 (S.D.N.Y. Jan. 21, 2005), aff'd 225 Fed. Appx. 32 (2d Cir. 2007) (*Res judicata* applies "not only as to what was pleaded, but also as to what could have been pleaded[]", and its application is not defeated simply by the use of new legal theories); *see Pentagen Techs. Int'l Ltd. v. United States*, 2002 U.S. Dist. LEXIS 5030 *13 (S.D.N.Y. Mar. 26, 2002) (Stein, J.) ("In other words, the doctrine requires a party to bring in one litigation all its claims arising from a particular transaction.")

In this action Bryant claims that she is the composer of the music for certain musical compositions (the "**Subject Compositions**")[5], that the Subject Compositions were either "composed at the behest of Jules M. "Joe" Bacal, acting for himself and for Griffin Bacal, Inc. ("GBI")" (the "**GBI Compositions**") or commissioned by Bacal on behalf of defendant Sunbow

---

[5] Bryant claims that the following musical compositions are in issue in this litigation: the "Transformers" [TV and Jingle] main theme; the "Transformers Rock and Roll" movie theme from the 1986 animated feature film "Transformers-The Movie" [theatrical release in 1986]; the "Jem" TV show main [opening] theme; the "Jem Girls" [Jem show TV closing] theme; the "Jem" TV show feature songs score [154 songs]; "The Visionaries" TV show main theme; and "The Great Space Coaster" TV show theme.

(the "**Sunbow Compositions**"), and that the terms of the agreement hereinafter referred to as the "**Jem Agreement**" apply to all of the Sunbow Compositions[6]. Complaint, ¶¶9-10.

Bryant further alleges that as a result of the exploitation of the Sunbow Compositions by Sunbow and/or it's licensees in certain animated television shows and feature films (the "**Subject Productions**"), Sunbow owes Bryant royalty payments (the "**Subject Royalties**"). Complaint, ¶¶79-87. As more fully set forth in the Sunbow Motion To Dismiss and the supporting Phares Decl., Bryant brought this claim five years ago in the State Action, which was fully litigated over the course of more than five years and, after a trial, was decided against her in March 2007.

Bryant further claims, in the instant action, that Sunbow's *licensees* (and their sub-licensees) are *also* liable to her for non-payment of the Subject Royalties. Complaint, ¶¶88-93. However, by her own admission (see Complaint, ¶¶12-13, 19, 81-84), and as was held in the State Action, Bryant's right to receive royalties in connection with the Sunbow Compositions, if any, is governed exclusively by her written agreements with Sunbow (all in the form of the Jem Agreement). Those agreements do not provide for the payment of any royalties to Bryant by Sunbow's licensees (or their sub-licensees), and, therefore, the trial judge in the State Action found that Bryant had no rights with respect to the Sunbow Compositions that were not articulated in the Jem Agreement. See Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl.[7] The trial judge also held that Bryant had failed to prove that Sunbow was in

---

[6] It is unclear which of the Subject Compositions are alleged to be GBI Compositions, and which are alleged to be Sunbow Compositions, but, for the sake of clarity, Hasbro denies that the GBI Compositions (to the extent commissioned by GBI as agent for Hasbro) are subject to the Jem Agreement, and Bryant does not appear to disagree (i.e., Bryant admits that "Transformers" was written for GBI acting on behalf of Hasbro, not for Sunbow. Complaint ¶9.

[7] For the sake of clarity, insofar as the Hasbro-Related Defendants are aware, the state court did not hold that the GBI Compositions (to the extent commissioned by GBI as agent for Hasbro) are subject to the Jem Agreement, and to the extent that it did, Hasbro denies that any such finding

breach of the Jem Agreement. *Id.* at p. 8. Accordingly, as Bryant's instant action seeks to recover, as against Sunbow *or its privies*, royalties not expressly provided for in the Jem Agreement, and/or royalties from Sunbow for exploitations of the Sunbow Compositions that were (or could have been) in issue in the State Action, Bryant's action is barred as *res judicata* and should be dismissed.

### A.    The State Trial Court Dismissed the State Action on the Merits

For the reasons fully set forth in the Sunbow Motion To Dismiss at pp. 3-19 (incorporated herein by reference), every cause of action pursued by the Bryant in the State Action —whether for unjust enrichment, constructive trust, breach of contract, and/or an accounting—was dismissed on the merits.

### B.    The Hasbro-Related Defendants Are, Directly or Indirectly, Privies to Parties to the State Action

In New York, a judgment binds not only the parties to the action but also their privies, including "those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315, 320 (1970) (citing Restatement, Judgments, §§ 81-90). "Privity denotes a mutual or successive relationship to the same right or property." *Clissuras v. EEOC*, 1990 U.S. Dist. LEXIS 16767 *3 (S.D.N.Y. Dec. 10, 1990), (citing *Newsday, Inc. v. Ross*, 80 A.D.2d 1, 6, 437 N.Y.S.2d 376, 380 (2d Dep't 1981), quoting *Weiner v. Greyhound Bus Lines, Inc.*, 55 A.D.2d 189, 192, 389 N.Y.S.2d 884, 887 (2d Dep't 1976)). Accordingly, an assignee or licensee under a contract which grants the rights at issue in a prior action, and/or an indemnitee of a party to a

---

would be binding against it because there is no privity between Sunbow and Hasbro with respect thereto.

prior action, are all deemed to be in "privity" with the defendant. *See Price v. Worldvision Enterprises, Inc.*, 455 F. Supp 252, 259 (S.D.N.Y. 1978 ("Privity is defined as 'mutual or successive relationship to the same rights of property'. [Accordingly,] the doctrine . . . is applicable 'to assignees of parties as well as to the parties themselves'.); s*ee also*, *In re Teltronics Services, Inc.*, 762 F.2d 185, 191 (2d Cir. 1985) (successor by merger was deemed in privity); *Levy v. United States*, 776 F. Supp. 831, 835 (S.D.N.Y. 1991) ("[G]eneral principles of res judicata . . . involving an indemnitor . . . preclude a later action against an indemnitee. . . ."). As between Bryant and Sunbow, both parties to the State Action, the Sunbow Defendants own and/or control the copyright in the Subject Productions and all of the works encompassed in them, including the Sunbow Compositions (subject to the terms and conditions of the Jem Agreement). See Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl.

As between Sunbow and Hasbro, pursuant to the terms and conditions of a Standard Terms And Conditions Agreement (alleged by Bryant to be dated October 21, 1988, Complaint, ¶89.O.) between and among Hasbro, Inc., Milton Bradley International, Inc., Sunbow Productions, Inc., Starwild Music, Inc. and Wildstar Music, Inc. (the "**STC Agreement**"), Hasbro owns the Subject Productions, including but not limited to the copyrights and other rights therein and thereto, including all rights in and to the musical material used in the Subject Productions, perpetually and throughout the Universe, subject to Sunbow's right to distribute the Subject Productions inside the United States, and outside of the United States with Hasbro's permission.[8]  STC Agreement, ¶¶D & G.  While the copyright in the Subject Productions may be

---

[8] Bryant references the STC Agreement in her Complaint (see, e.g., Complaint ¶89.O.), and alleges that, in the interest of reducing paperwork, all documents referred to in the Complaint are posted at http://litigation.monaghanlawyers.com. Under circumstances such as these, the Court may consider the STC Agreement.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 772 (2d Cir. 1991) (in deciding a motion to dismiss, the court may consider documents incorporated by reference in the complaint); *see also*, *Brown*

held in Sunbow's name, Sunbow (and/or its successors-in-interest) held all such copyrights in trust for the benefit of Hasbro. STC Agreement, ¶G. The STC Agreement is clear that Hasbro is the sole owner in perpetuity throughout the Universe of all musical compositions initially produced and/or created for use, publication and/or performance in connection with the Subject Productions, and this includes the Sunbow Compositions. STC Agreement, ¶¶G(1) & G(3). Moreover, Sunbow (and/or its successors-in-interest) is obligated to indemnify and hold harmless Hasbro and its agents, affiliated and subsidiary companies from and against any and all claims, liabilities, actions, judgments, damages, costs and expenses by reason of any breach by Sunbow of any of its representations, warranties, and agreements made pursuant to the STC Agreement. STC Agreement, ¶M.

Sunbow is the source of Hasbro's rights in and to the Subject Productions (including the Sunbow Compositions), and the source of any and all rights in and to the Subject Productions and/or the Sunbow Compositions that the other Hasbro-Related Defendants -- defendants TCN[9] and/or Paramount[10] -- exploited pursuant to license from (or other permission granted by) Hasbro. In connection with each such license or other grant from Hasbro to TCN or Paramount, Hasbro agreed to indemnify and defend TCN and Paramount against, among other

---

*v. Perdue*, 2005 U.S. Dist. LEXIS 15995 (S.D.N.Y. Aug. 4, 2005) *aff'd* 2006 U.S. App. LEXIS 13877 (2d Cir. Apr. 18, 2006); *Amadasu*, 2005 U.S. Dist. LEXIS 774 at *11.

[9] Bryant specifically alleges that TCN has used the "Transformers" main theme music in television series which it has broadcast, produced and licensed for distribution in the home video market. Complaint, ¶89.H. At least as early as January 25, 2005 (well prior to the conclusion of the State Action), Bryant was aware that TCN's exploitation of the "Transformers" television series was licensed by Hasbro (indeed, her counsel's correspondence with Hasbro in 2005 addresses that very subject). Although Hasbro denies that the "Transformers" main theme music is a Sunbow Composition, to the extent that Bryant claims that it is (see footnote 6, *supra*), her current claims with respect to it are barred by the doctrine of *res judicata*.

[10] Bryant specifically alleges that DreamWorks LLC and/or DreamWorks Pictures has used the Transformers main theme music in promoting a "Transformers" theatrical motion picture (the "**Transformers Film**"), and on a soundtrack album associated with the Transformers Film. Complaint, ¶89.L. Bryant further alleges that Paramount is involved in the distribution and production of the Transformers Film, and that the Transformers Film features "Plaintiff's compositions" (although the "Plaintiff's compositions" are not identified). Complaint, ¶89.X.

things, claims by or on behalf of Bryant relating to the validity of Hasbro's rights in and to the

Subject Programs and/or the Sunbow Compositions, and Hasbro's ability to grant the rights to

TCN and/or Paramount that it did, on the terms that it did.  Insofar as TCN and Paramount are

indemnitees of Hasbro, and Hasbro is an indemnitee of Sunbow (and/or its successors-in-

interest), all qualify as privies of Sunbow and are entitled to the *res judicata* effect of the Final

Judgment in the State Case.

### C.    The Claims in the Federal Complaint Were or Could Have Been Brought in the State Court Action

For the reasons more fully articulated in the Sunbow Motion To Dismiss (at pp. 3-

19), Bryant's claims arise from the same essential facts and the same transaction or series of

transactions underlying her claims in the State Action, and were, or could have been, brought in

the State Action.  See *Monahan*, 214 F.3d at 285.

In the State Action, Bryant alleged that, as a composer of the music, she was

owed royalty payments for any and all uses of the Subject Compositions.  See State Amended

Complaint, First Cause of Action ¶¶3-5, Second Cause of Action ¶¶2-7, annexed as Ex. 24 to the

Phares Decl.  Bryant makes the very same allegations here, but concedes (as she must in light of

the Final Judgment in the State Action) that the terms and conditions of the Jem Agreement

governs her relationship with Sunbow and her right to any royalties in connection with the

Sunbow Compositions, and further claims that the Sunbow Defendants' licensees are liable with

Sunbow for the payment of such royalties (Complaint, ¶¶13, 91, 107-08, 112-15).  Nothing

precluded Bryant from including the Sunbow Defendants' licensees as defendants in the State

Action.  Their exploitation of the Sunbow Compositions under various licenses was well known.

In any event, the court in the State Action determined that, except as expressly provided in the

Jem Agreement (to which none of the Hasbro-Related Defendants are parties), Bryant was *not*

entitled to any royalties in connection with the exploitation of the Sunbow Compositions.  See

Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl.

It does not matter that Bryant sued only Sunbow in the State Action and has now

sued additional parties (including Sunbow's successors-in-interest and their licensees) -- Bryant

knew about the exploitation of the Sunbow Compositions pursuant to the STC Agreement by and

between Sunbow and Hasbro, and knew about the exploitation of the Sunbow Compositions by,

among others, TCN (Hasbro's licensee), and could have included them as defendants in the State

Action (but did not).  Phares Decl., ¶140.  Any strategic decisions by Bryant or her counsel not

to name in the State Action additional parties who they were then aware of, cannot now be used

by Bryant to take a second bite of the apple in re-litigating issues already decided in the State

Action.

Moreover, it does not matter that Bryant's claims may now be based upon slightly

different legal theories or that Bryant may seek slightly different remedies.  Because Bryant's

claims are based upon the same essential facts and the same series of transactions as those

underlying the State Action, they are barred.  *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx.

420, 423 (2d Cir. 2005) (citing *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192, 445 N.Y.S.2d

68, (3rd Dep't 1981)); *see also*, *Yoon*, 263 F.3d at 200; ("once a claim is brought to a final

conclusion, all other claims arising out of the same transaction or series of transactions are

barred, even if based upon different theories or if seeking a different remedy."); *Vishipco Line v.

Charles Schwab & Co.*, 2003 U.S. Dist. LEXIS 4082 (S.D.N.Y. Mar. 19, 2003)(same); *O'Brien

v. Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, (1981)(same).

## II.    INSOFAR AS THE HASBRO-RELATED DEFENDANTS ARE CONCERNED, THE INSTANT ACTION IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

Collateral estoppel -- or issue preclusion -- precludes a party from re-litigating particular identical issues that were actually litigated and necessary to the outcome of a prior case, even if such issues are subsequently presented as part of a different "claim".  Moore's Federal Practice – Civil 121.13[1].  *Vishipco Line v. Charles Schwab & Co.*, 2003 U.S. Dist. LEXIS 4082 (S.D.N.Y. Mar. 19, 2003) (Stein, J.) (citing *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003)).

Thus, where all of the causes of action in a subsequent proceeding arose from the same "nucleus of operative facts" underlying a prior proceeding, plaintiff's claims were barred by collateral estoppel.  *Hernandez v. Goord*, 312 F. Supp. 2d 537, 543 (S.D.N.Y. 2004) (Stein, J.); *Laramie Springtree Corp. v. Equity Residential Props. Trust*, 38 A.D.3d 850, 851-852, 832 N.Y.S.2d 672, 673 – 674 (2d Dep't 2007) (where a court has already decided that a defendant did not breach an agreement, the plaintiff is barred by collateral estoppel from bringing a second action claiming a breach of the agreement which "involve[s] the identical issue based upon the exact same contract provision language"); *see also Bouchat v. Bon-Ton Dep. Stores*, 506 F.3d 315 (4th Cir. 2007) (plaintiff precluded from suing football team's licensees for their reproduction of a team logo when it had previously been determined that the football team itself did not infringe plaintiff's copyright in using the logo).

Finally, while *res judicata* operates only between parties to a prior litigation and their privies, collateral estoppel my be used by a stranger to the first action.  Moore's Federal Practice – Civil 121.13[1]; *see also*, *ACLI Gov't Secs. v. Rhoades*, 963 F.2d 530, 533 (2d Cir. 1992) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-31 (1979) ("the doctrine of mutuality, at least for defensive use of collateral estoppel, no longer applies"); *Johnson v. County*

*of Nassau*, 480 F. Supp. 2d 581, 607 (E.D.N.Y. 2007) ("courts have long acknowledged the use of defensive collateral estoppel by a defendant who was not a party to the previous litigation").

For purposes of collateral estoppel, what matters is whether the *issues* presented in a subsequent proceeding were litigated in a prior proceeding, not whether the *claims* were litigated in a prior proceeding. *See Amadasu*, 2005 U.S. Dist. LEXIS 774, at *7; *see also, Roth v. Syracuse Hous. Auth.,* 2002 NY Slip Op 40550U, 10 (Sup. Ct. Onodaga Co. 2002) (finding that a Federal court had already decided issues which were common to the causes of action stated in a prior Federal court action and which were alleged in a pending state court action); *Korea First Bank of N.Y. v. Noah Enters. Ltd.*, 12 A.D.3d 321, 323, 787 N.Y.S.2d 2, 4 (1st Dep't 2004) ("collateral estoppel precludes assertion of the same wrong under a different legal theory").

The issues considered and decided against Bryant in the State Action, included: (a) whether a confidential or fiduciary relationship existed between Sunbow and Bryant; (b) whether any fiduciary relationship, or oral or written agreement with Sunbow entitled Bryant to royalties in connection with the exploitation of the Subject Productions; and (c) ultimately, whether Sunbow breached any obligation in the Jem Agreement to pay Bryant royalties. See State Amended Complaint, First Cause of Action ¶¶3-5, Second Cause of Action ¶¶2-7, annexed as Ex. 24 to the Phares Decl. and Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl. These issues are identical to those advanced by Bryant in this action. Complaint at ¶¶88-93, 94-105, 106-110, and 111-115. Indeed, all of Bryant's claims against the Hasbro-Related Defendants depend, for their validity, upon this Court effectively overruling the state court and finding, *contrary to the state court's Final Judgment*, that there *is* a fiduciary relationship between Sunbow and Bryant (and that the Hasbro-Related Defendants are liable for a violation

that relationship), and that Sunbow *did* breach an obligation in the Jem Agreement to pay Bryant royalties (for which the Hasbro-Related Defendants are liable).

Knowing that the issues she attempts to re-litigate here, are the very same issues she litigated in the State Action, Bryant's complaint actually anticipates this motion, and defensively asserts that: (a) the State Action was dismissed on "procedural grounds, not substantive grounds"; (b) after five years of contentious litigation, the State Action is "relevant only to the extent that the state court held that [Bryant] had whatever rights she had under her agreements with defendants"; and (c) "this action is based on additional facts and causes of action for relief which were not decided or affected by the New York Supreme Court's Ruling and against additional parties on different claims". Complaint at ¶24. These contentions are simply wrong.

As set forth in the Sunbow Motion To Dismiss (at pp. 3-19), the State Action was dismissed on substantive, not procedural grounds. Moreover, the state court (necessarily) decided that Bryant's right to royalties in connection with the exploitation of the Subject Productions was governed, exclusively, by the Jem Agreement (and not by any other alleged agreement). And, finally, Bryant alleges no "additional facts" or "causes of action" which are not precluded by the issues decided in the State Action.

### A. The Issues in the State Action Were Identical to the Issues in this Action, Necessarily Decided in the State Action, and Decisive of this Action

In the State Action, Bryant alleged that she was entitled to royalties in connection with the exploitation of the Subject Productions (insofar as they embodied the Subject Compositions), and that, based upon various theories, Sunbow was obligated to pay those royalties but had not done so. Bryant asserted claims against Sunbow for unjust enrichment, constructive trust, breach of contract (both oral and, subsequently, written), and an accounting.

14

In order to adjudicate Bryant's claims, the state court was required to consider, among other things: (a) whether a confidential or fiduciary relationship existed between Sunbow and Bryant, (b) whether any fiduciary relationship or oral or written agreement with Sunbow entitled Bryant to royalties in connection with the exploitation of the Subject Productions, and (c) ultimately, whether Sunbow breached any obligation in the Jem Agreement to pay Bryant royalties. See State Amended Complaint, First Cause of Action ¶¶3-5, Second Cause of Action ¶¶2-7, annexed as Ex. 24 to the Phares Decl. and Final Decision, pp. 3, 6, 8 annexed as Ex. 98 to the Phares Decl. Following a full trial on the merits, the court determined that there was no "confidential or fiduciary relationship" between Sunbow and Bryant, there was no oral agreement pursuant to which Sunbow was obligated to pay Bryant royalties in connection with the exploitation of the Subject Productions, that Bryant's entitlement to royalties in connection with the exploitation of the Subject Productions was as set forth in the Jem Agreement (and not otherwise), and that Brant failed to prove any alleged breach of the Jem Agreement. Phares Decl. Ex. 98, Final Decision, pp. 3, 6, 8.

Bryant has now sued the Hasbro-Related Defendants (among others) for breach of contract (Complaint, Second Count, ¶¶88-93), a judicial accounting (Complaint, Third Count, ¶¶ 94-105), breach of fiduciary duty (Complaint, Fourth Count, ¶¶106-110), and unjust enrichment (Complaint, Fifth Count, ¶¶ 111-115).

At the very core of Bryant's claims are the notions that: (a) Bryant is due royalties in connection with the exploitation of the Subject Productions; and (b) Bryant's relationship with Sunbow was "in the nature of a Joint Venture" such that Sunbow had fiduciary obligations to Bryant, and those fiduciary obligations extended derivatively to the Hasbro-Related Defendants

notwithstanding the absence of any specific allegations independently imposing such obligations upon them.

However, in determining the State Action that court held that the *only* royalties to which Bryant is entitled in connection with the Subject Productions are those called for in the Jem Agreement, and that Sunbow owes no fiduciary duty to Bryant. Thus, issues necessarily decided in the State Action, are decisive of the claims in the instant action[11] -- the Hasbro-Related Defendants are not even parties to the Jem Agreement and thus cannot owe royalties to Bryant thereunder, and if Sunbow has no fiduciary obligation to Bryant, no such obligation can extend derivatively to the Hasbro-Related Defendants -- and Bryant is barred by the doctrine of collateral estoppel from re-litigating them.

### B.    Bryant Had a Full and Fair Opportunity To Litigate in the State Action All Issues Raised in Federal Action

As is more fully set forth in the Sunbow Motion To Dismiss (at pp. 23-25), Bryant unquestionably had a full and fair opportunity to litigate in the State Action all of the issues she raises here, and they were found against her. To the extent that Bryant claims otherwise, it is her burden to prove that she lacked such an opportunity. *Johnson v. County of Nassau*, 411 F. Supp. 2d 171, 179 (E.D.N.Y. 2006). This is a burden that Bryant cannot meet.

Bryant's alleged entitlement to royalties in connection with the exploitation of the Subject Productions was central to her state court case. As described in the Sunbow Motion To Dismiss (at pp. 19-25), Bryant and her counsel pursued each and every factual and legal issue supporting any such entitlement over the course of five years, switching gears to conform to the evidence adduced, and ultimately engaging the parties to that action and the court in a lengthy

---

[11] An issue is "decisive in the present action if it would prove or disprove, without more, an essential element of any of the claims set forth in the complaint" *Curry v. City of Syracuse*, 316 F.3d 324, 332 (2d Cir. 2003).

trial.  To permit Bryant to re-new her claim to the very same royalties simply by modifying the

theory upon which her claim is based, adding additional defendants to the list of those against

whom her claims are asserted, would offend the basic principle – the need for finality in judicial

proceedings – underlying the doctrine of collateral estoppel.  *See Pentagen Techs. Int'l Ltd. v.*

*United States*, 2002 U.S. Dist. LEXIS 5030 *18 (S.D.N.Y. 2002) (Stein, J.) (where it had

previously been determined that the plaintiff had no claim for conversion or copyright

infringement against the defendant arising from its marketing of certain software to the

government, plaintiff was "barred from asserting claims against the government arising from the

same transaction" since it had "more than a full and fair opportunity to litigate the legality of

[defendant's] marketing of software to the government.").

       In *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 478 N.Y.S.2d 823, (1984), the New

York Court of Appeals articulated the factors to be considering in determining whether a plaintiff

was afforded a full and fair opportunity to litigate: "the nature of the forum and the importance

of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of

litigation, the competence and expertise of counsel, the availability of new evidence, the

differences in the applicable law and the foreseeability of future litigation." *Ryan*, 62 N.Y.2d at

501.  Upon a consideration of each of these factors, Bryant's complaint must be dismissed based

upon the doctrine of collateral estoppel.

       Bryant's claim to royalties in connection with the exploitation of the Subject

Productions was of central importance to the State Action.  In five years of litigation, Bryant

certainly demonstrated the incentive and initiative to litigate.  In engaging the same attorney to

litigate this action, Bryant cannot be heard to argue that he is not competent or not possessed of

the expertise necessary to prosecute her claims.  Bryant has not alleged that there is any new

evidence in this case which was not available in the State Action. The applicable law in both actions is the same, and the instant action was certainly not foreseeable. Accordingly, Bryant had a full and fair opportunity to litigate in the State Action the identical, dispositive issues raised in this action. *Truong v. Truong*, 2007 U.S. Dist. LEXIS 10973*, 24-25 (S.D.N.Y. Feb. 5, 2007)(the prior litigation "was extensive and protracted, and involved a staggering number of motions and attempts by [plaintiff] to pursue every conceivable avenue to obtain a judgment in [her] favor").

## CONCLUSION

Bryant is, quite simply, not entitled to a second bite of the apple. After a full trial on the merits in the State Action, it was determined that Bryant composed the Sunbow Compositions as "works-for-hire" under the United States Copyright Act, and that Bryant's only entitlement to royalties and/or other sums generated from the exploitation thereof, is as set forth in the Jem Agreement (and not otherwise). See Final Decision, pp. 3,6,8 annexed as Ex. 98 to the Phares Decl. None of the Hasbro-Related Defendants are parties to the Jem Agreement, and they cannot, therefore, have any obligations thereunder. Moreover, the state court held that Sunbow had no fiduciary duty to Bryant. *Id.* at p. 6. Accordingly, no such obligation can extend to the Hasbro-Related Defendants absent any specific allegations independently imposing such duty upon them.

Because all of Bryant's claims against the Hasbro-Related Defendants rely upon allegations that have already been decided, fully and finally, against her, each of those claims must be dismissed based upon the doctrines of *res judicata* and/or collateral estoppel. While Bryant may be dissatisfied with the result of the State Action, the only remedy available to her (and one that she is now pursuing), is an appeal to the Appellate Division of the New York

18

Supreme Court.  Bryant may not simply ignore the Final Judgment in the State Action, and use this Court as an alternative to the Appellate Division.

Dated:    New York, New York
          January 4, 2008

                                        *Charles B. Ortner*
                                        ─────────────────────────────
                                        PROSKAUER ROSE LLP
                                        Charles B. Ortner
                                        Sandra A. Crawshaw-Sparks
                                        Jessica Mastrogiovanni

                                        cortner@proskauer.com
                                        1585 Broadway
                                        New York, NY  10036-8299
                                        Phone: (212) 969-3000
                                        *Attorneys for Defendants Hasbro, Inc., The*
                                        *Cartoon Network, Inc., Paramount Pictures,*
                                        *DreamWorks LLC and DreamWorks Pictures*

To:    MONAGHAN, MONAGHAN, LAMB &
       MARCHISIO, LLP
       Patrick J. Monaghan, Jr.
       401 East 65th Street
       New York, N.Y. 10065
       (212) 541-6980