**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANNE BRYANT,

                              Plaintiff,

  -against-

AB DROITS AUDIOVISUELS, ET AL

                            Defendants.

**Docket No.:07-CIV-6395 (SHS)**

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' FRCP RULE 12 (b) (6) MOTION TO DISMISS AND IN SUPPORT OF CROSS MOTION FOR SANCTIONS UNDER RULE 11**

---

MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
Attorneys for Plaintiff Anne Bryant

401 East 65th Street
New York, New York 10065
(212) 541-6980

28 West Grand Avenue
Montvale, New Jersey 07645
(201) 802-9060

*On The Brief:*

Patrick J. Monaghan, Jr.
Michael Korik

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . 2

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . .3

POINT I

THE WELL PLEADED ALLEGATIONS IN THE COMPLAINT MUST BE ACCEPTED
AS TRUE . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

POINT II

RES JUDICATA DOES NOT APPLY-PLAINTIFF NEVER HAD HER DAY IN COURT
-PLAINTIFF'S CLAIMS ON THE "NEWLY DISCOVERED" JEM AGREEMENT WERE
NEVER ALLOWED IN THE CASE . . . . . . . . . . . . . . . . . . .6


POINT III

THE ARGUMENTS AND STATEMENTS MADE IN SUPPORT OF THE DEFENDANTS'
MOTIONS ARE UNSUPPORTABLE-THE COURT AND COUNSEL HAVE BEEN PUT TO
AN UNNECESSARY BURDEN . . . . . . . . . . . . . . . . . . . . .9

Legal Standard Under Rule 11 . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 12

**TABLE OF AUTHORITIES**

### Cases
Beyah v. Coughlin, 789 F.2d 986, 989 (2d Cir. 1986) ............ 4
Caisse Nationale v. Valcorp., Inc., 28 F.3d 259, 264 (2d Cir. 1994) ................................................... 10
Christ Gatzonis Electrical Contractor, Inc. v. New York City School Constr. Authority, 23 F.3d 636, 639 (2d Cir. 1994) ..... 4
Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) ............................................. 4
Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989) ............... 3
Fed. R. Civ. P. 12(b)(6), ...................................... 3
Harlyn Sales Corp. v. Investment Portfolios, 142 F.R.D. 671 (N.D.Ill. 1992) ............................................. 11
In re Gulf Oil/Cities Service Tender Offer Litigation, 725 F. Supp. 712, 733 (S.D.N.Y. 1989) ............................... 6
Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991) .. 3
Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993) ............... 3
Matter of Hodes v Axelrod, 70 N.Y.2d 364, 372, 515 N.E.2d 612, 520 N.Y.S.2d 933 [1987] ...................................... 6
Matter of Reilly v Reid, 45 N.Y.2d 24, 28, 379 N.E.2d 172, 407 N.Y.S.2d 645 [1978] ......................................... 6
Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662; 1996 U.S. App. LEXIS 32981, 4; 36 Fed. R. Serv. 3d (Callaghan) 1348 (2d Cir. 1996) ............................. 4
Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 663; 1996 U.S. App. LEXIS 32981, 7; 36 Fed. R. Serv. 3d (Callaghan) 1348 (2d Cir. 1996) ............................. 5
Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974) .......................................... 3
Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 70 (1969) ................................................... 7

### Statutes
NY CPLR Sec. 5013 ............................................. 8

### Rules
New York Rules Of Professional Conduct DR 7-102 [1200.33] ..... 11

### Treatises
Restatement (Second) of Contracts, § 302(1) (1981) ............ 6

**PRELIMINARY STATEMENT**

Familiarity with the moving papers is assumed. This Memorandum is submitted in opposition to the Rule 12(b)(6) motions to dismiss filed by and collectively referred to as the Sunbow and Hasbro defendant3s. This Memorandum is also submitted in support of Plaintiff's Cross Motion, under Rule 11, for sanctions and costs. Plaintiff submits the accompanying Affidavit of Patrick J. Monaghan, Jr. Esq [Monaghan Affid.] in connection with the motions. Plaintiff also relies upon certain of the exhibits and statements submitted by Sunbow's counsel Gloria Phares, Esq. to which reference will be made herein .

**POINT I**

**THE WELL PLEADED ALLEGATIONS IN THE COMPLAINT MUST BE ACCEPTED AS TRUE**

The moving defendants do not challenge the truth of the allegations in the Complaint relying exclusively on their res judicata and collateral estoppel arguments. So be it because in considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the Complaint or in documents attached to the Complaint as exhibits or incorporated in the Complaint by reference. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991). The court is further required to view all

3

allegations raised in the Complaint in the light most favorable to the non-moving party, Anne Bryant, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989), and "must accept as true all the factual allegations in the complaint." Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993) *as cited in* Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 662; 1996 U.S. App. LEXIS 32981, 4; 36 Fed. R. Serv. 3d (Callaghan) 1348 (2d Cir. 1996). Giving Plaintiff the benefit of the inferences in her favor, the Complaint should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Christ Gatzonis Electrical Contractor, Inc. v. New York City School Constr. Authority, 23 F.3d 636, 639 (2d Cir. 1994).

The Declaration of an attorney however, including counsel for both sides herein, is not entitled to the same deference Beyah v. Coughlin, 789 F.2d 986, 989 (2d Cir. 1986) (noting attorney affidavit was improper because it was not based on a personal knowledge of the events giving rise to the underlying litigation). This Complaint and its exhibits contain detailed

4

allegations and set forth good and sufficient claims at this early stage of the litigation and its material allegations are deemed admitted. Sunbow's lengthy, largely irrelevant and distracting and skewed recitation of related state court proceedings [now the subject of an appeal before the Appellate Division of the Second Department] do not address the merits of the fundamental contract claims and rights at issue here preferring instead to incorrectly state that plaintiff had her day in Court.

Moreover Sunbow continues to exhibit diametrically opposite positions as it has in the state court. On the one hand, Sunbow advises the Court that Plaintiff has the very publishing rights which she sues upon and which are described in paragraph 6 of the JEM Agreement [*see e.g.* Phares Declaration parag. 10]. At the same time it however seeks to deny Plaintiff the opportunity to pursue those rights. This schizophrenic approach should be rejected by the Court.

There is also no authority for the proposition advanced by Sunbow and Hasbro--that their defenses, based on a procedural argument, that Plaintiff's claims of unjust enrichment and constructive trust were dismissed inure to the benefit of subsequent licensees. Plaintiff and others similarly situated have direct third party interests in those licenses as, for

example, is acknowledged by Sunbow for this purpose *arguendo* in the Standard Terms and Conditions of the Hasbro and Sunbow agreement [Exhibit 16 to the moving papers]. *See* Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660, 663; 1996 U.S. App. LEXIS 32981, 7; 36 Fed. R. Serv. 3d (Callaghan) 1348 (2d Cir. 1996) *citing cases*. A party need not necessarily be specifically mentioned in a contract to be considered a third-party beneficiary. *See* Restatement (Second) of Contracts, § 302(1) (1981); In re Gulf Oil/Cities Service Tender Offer Litigation, 725 F. Supp. 712, 733 (S.D.N.Y. 1989). ("Although a third party need not be specifically mentioned in the contact before third-party beneficiary status is found, New York law requires that the parties' intent to benefit a third party must be shown on the face of the agreement."). Thus Plaintiff's claims against subsequent licensees can not be disposed of so lightly.

**POINT II**

**RES JUDICATA DOES NOT APPLY-PLAINTIFF NEVER HAD HER DAY IN COURT -PLAINTIFF'S CLAIMS ON THE "NEWLY DISCOVERED" JEM AGREEMENT WERE NEVER ALLOWED IN THE CASE**

The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy (*see* Matter of Hodes v Axelrod, 70 N.Y.2d 364, 372, 515 N.E.2d 612, 520

6

N.Y.S.2d 933 [1987]; Matter of Reilly v Reid, 45 N.Y.2d 24, 28, 379 N.E.2d 172, 407 N.Y.S.2d 645 [1978]). However, unfairness may result if the doctrine is applied too harshly; thus "[i]n properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive [the litigant] of one" (Reilly, 45 N.Y.2d at 28). This is precisely what the moving defendants seek.

How fundamentally unfair is it for plaintiff to be deprived of the right to sue on the written agreement only produced by Sunbow in 2004 one year after the filing of the Note of Issue and close of discovery? Sunbow successfully fought tooth and nail to keep those claims out of the state court case and they were never allowed.

As the consequences of a determination that a party is collaterally estopped from litigating a particular issue are great, strict requirements for application of the doctrine must be satisfied to insure that a party not be precluded from obtaining at least one full hearing on his or her claim. Although the previous requirement that there be mutuality of estoppel is now a "dead letter" (see Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 70 (1969), the party seeking to invoke the benefits of the principle must still prove two necessary elements. First, it must be shown that the

7

party against whom collateral estoppel is sought to be invoked had been afforded a full and fair opportunity to contest the decision said to be dispositive of the present controversy. Additionally, there must be proof that the issue in the prior action is identical, and thus decisive, of that in issue in the current action (24 NY2d, at p. 71, *supra*).

Nothing in the record including the several complaints indicates that Plaintiff had successfully at least asserted claims based on a breach of written agreements such as the JEM Agreement. In fact, Sunbow moved unsuccessfully on the statute of frauds ground to dismiss the claims and lost because it had never asserted the defense in its pleadings [see Phares Declaration parags. 37-38]. It also lost the appeal of the Decision denying that motion before the Appellate Division. Had plaintiff had a written agreement and asserted claims based on that written agreement, she certainly would have invoked the written agreement in her pleadings and Sunbow's motion would have failed for more than untimeliness.

But there are other good reasons why the state court's decision does not bar further claims not the least of which is the fact that it says that plaintiff has her contract rights. In addition, plaintiff never rested her case and protested vigorously that she was being cut off. A decision before resting

8

is not a decision on the merits [NY CPLR Sec. 5013-"A judgment dismissing a cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise." Justice O'Rourke's Decision of March 9, 2007 never said "with prejudice" nor did any other decision by the Justice. Moreover we again point out that both the Decision and Sunbow acknowledge plaintiff's continuing publishing rights.

### POINT III

### THE ARGUMENTS AND STATEMENTS MADE IN SUPPORT OF THE DEFENDANTS' MOTIONS ARE UNSUPPORTABLE-THE COURT AND COUNSEL HAVE BEEN PUT TO AN UNNECESSARY BURDEN

#### Legal Standard Under Rule 11

The accompanying Affidavit sets forth many instances where Sunbow's counsel took liberties with the record and made misstatments. Rule 11 requires that "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." F.R.C.P. 11(b)(3). Similarly, it requires that "the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." F.R.C.P. 11(b)(2). Finally, it requires that a

9

paper "not be presented for any improper purpose, such as to harass." F.R.C.P. 11(b)(1). This motion and the motions in the state court and the unsuccessful remand can only be viewed as doing just that.

Thus, Rule 11 authorizes "the imposition of sanctions upon a finding that a factual allegation has no evidentiary support, O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996). In the instant case there are multiple allegations completely lacking in evidentiary support notwithstanding eight years of litigation. The most egregious is the continuing urging that William Dobishinski was plaintiff's lawyer when Sunbow's own witness Carol Weitzman said he was hired by Sunbow. Present counsel was there and knows it has been challenged on this point before but continues the misstatement.

Rule 11 is also violated where the claim is not warranted by existing law or a "nonfrivolous" argument for change of that law. Legal arguments are held to an "objective standard of reasonableness," and Rule 11 is violated where, for example, it is "clear . . . that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." Caisse Nationale v. Valcorp., Inc., 28 F.3d 259, 264 (2d Cir. 1994).

In light of the clear finding that plaintiff continued to retain her rights under her agreements with the defendants, which no amount of wading through the forest of motions and testimony can alter, we submit that the fundamental premises of the defendants' motions is meritless. Moreover they each know of the pending appeal .

In Harlyn Sales Corp. v. Investment Portfolios, 142 F.R.D. 671 (N.D.Ill. 1992), the Court established guidelines which acquit attorney and client from Rule 11 sanctions. The guidelines include the requirement among others:

> 3. Do not submit any pleading to harass, delay, or increase the cost of litigation for the opposing party.
>
> 5. Do not sign any document that could mislead the court.
>
> 6. Make sure every document explains the matter without a requirement for qualification. The writing must speak the entire truth by itself.

It is apparent that Defendants have failed to consider the aforementioned factors and Sunbow at least should be sanctioned. See also New York Rules Of Professional Conduct D.R. 7-102 [1200.33] Representing a Client Within the Bounds of the Law.

## CONCLUSION

Based upon the foregoing, Defendants' Motions should be denied and Plaintiff's cross-motion should be granted.

>
> MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
> Attorneys for Plaintiff Anne Bryant
>
> By: _____
> Patrick J. Monaghan, Jr.(PM6297)
>
> 401 East 65th Street
> New York, New York 10065
> (212) 541-6980
>        -AND-
> 28 West Grand Avenue
> Montvale, New Jersey 07645
> (201) 802-9060